ROWLAND MARCUS ANDRADE
9414 Plaza Point Drive
Missouri City, Texas 77459   USA

In Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE PARCEL OF REAL PROPERTY LOCATED AT 9414 PLAZA POINT DRIVE, MISSOURI CITY, TEXAS 77459,<br><br>Defendant.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Claimant.<br><br>SOLMAZ ANDRADE,<br><br>Claimant.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB as trustee for IRP FUND II TRUST 2A,<br><br>Claimant. | Case No. 3:20-cv-2013-VC<br><br>**MOTION OF ROWLAND MARCUS ANDRADE TO SHORTEN TIME UNDER L.R. 6-3 FOR CASE MANAGEMENT CONFERENCE OR TO ENTER CASE MANAGEMENT ORDER UNDER L.R. 16-7**<br><br>Trial Date:        None Set |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Claimant ROWLAND MARCUS ANDRADE ("Claimant") hereby moves this Court under Northern District of California Local Rules 6-3(a) and 16-7 to enter a case management order authorizing the parties to immediately begin discovery in this case, avoiding the need for an initial case management conference, or to shorten the time

for the parties' initial case management conference by rescheduling it for the Court's earliest available date.

In support of this motion, Claimant declares as follows:

1. On May 25, 2020, the Court scheduled an initial case management conference in this case for June 24, 2020. (Dkt. No. 21).

2. This is a civil forfeiture *in rem* case in which the government, based on allegations that the Defendant property—my personal residence—and myself---was involved in wire fraud or money laundering, seeks forfeiture of that residence.

3. The government seeks forfeiture of this property in the middle of a historic pandemic, placing me and my wife (Co-Claimant Solmaz Andrade) at additional danger if the government succeeds in obtaining the property. Because of the increased potential harm from being forced to move, I and my wife would be harmed if this forfeiture action is unnecessarily prolonged or delayed.

4. The government's allegations in the Complaint cannot support forfeiture of my property. All the allegedly fraudulent statements and actions to fraudulently induce "VICTIM ONE" to invest alleged by the Complaint were made by a different individual, "J.D." Dkt. No. 1 at ¶¶ 10-12. The Complaint does not allege any facts suggesting that I am criminally liable for J.D.'s alleged conduct. *See* Dkt. No. 18 (Answer) at ¶¶ 8, 19, 21, 23, 25, Ex. G.

5. The government's allegations in the Complaint are also demonstrably false. The government's allegations regarding wire fraud are primarily based on claims that I and my associates lied to a "VICTIM ONE" by falsely claiming that my company's AML Bitcoin currency was under development, that millions of tokens representing the cryptocurrency had been successfully sold, and that the cryptocurrency was making progress towards launch. Dkt. No. 1 at ¶¶ 9, 11, 16. Even if those statements were made, they were true; millions of AML Bitcoin Tokens were sold, the cryptocurrency was under active development, and AML Bitcoin launched in April 2020 after making steady progress for the previous two years. Dkt. No. 18 at ¶ 19, Ex. H.

6. Because the allegations of the Complaint are demonstrably false, and because I would like to resolve the government's threat to take my house as quickly as possible, I sent a

1  letter to opposing counsel AUSA Chris Kaltsas on May 18, 2020, asking that the United States
2  agree to early discovery and that it produce evidence supporting the allegations in its Complaint.
3  That letter is attached hereto as Exhibit A.

4      7.    Mr. Kaltsas responded on May 20, 2020, stating that the government would neither
5  agree to expedited discovery, nor would it produce the evidence on which it based its Complaint
6  outside discovery. In that same email, he asked me to produce a discovery schedule for his review.

7      8.    Because the government refuses to produce any evidence supporting its claim
8  outside of formal discovery, if discovery cannot begin until the case management conference
9  currently scheduled for June 24, I will be unable to obtain any of the evidence purportedly
10 supporting the government's allegations until July 24, nearly two months from now.

11     9.    I responded to Mr. Kaltas's email on May 22, 2020, proposing a schedule based on
12 the Judge Chhabria's Standing Order for Civil Cases in which discovery would begin on May 26,
13 2020. Mr. Kaltsas responded on May 24, 2020, that he would not agree to begin discovery until at
14 least June 15, 2020. The May 20, 22, and 24 emails are attached hereto as a single document,
15 Exhibit B.

16     10.    Following the procedure of paragraph 17 of Judge Chhabria's Standing Order for
17 Civil Cases, I emailed Judge Chhabria's Courtroom Deputy, Kristen Melen, yesterday, to request
18 an expedited initial case management conference.

19     11.    For the reasons explained above and detailed more thoroughly in my Answer, I
20 believe the government did not perform an adequate investigation before filing the Complaint, and
21 so expedited discovery will likely result in early resolution of this case through summary
22 judgment, if not through a motion for terminating sanctions under Fed. R. Civ. P. 11.

23     12.    Because this is a civil forfeiture *in rem* case, it is exempt from the initial disclosure
24 requirement of Fed. R. Civ. P. 26(a)(1)(A) and from the requirement to conduct a discovery
25 conference under Fed. R. Civ. P. 26(f). Under Northern District of California Local Rule 16-7, the
26 parties may begin discovery as soon as it is authorized by a case management order, and the Court
27 may issue a case management order without a case management conference.

28

13. Because prolonged litigation will harm Claimant, this case may be quickly resolved through early discovery, and there is no need for a case management conference to enter a case management order, the Court should enter a case management order immediately authorizing the parties to conduct discovery. Claimant proposes the following schedule, as he previously proposed in Exhibit B:

| Event | Date |
|---|---|
| Start of discovery | Immediately (as soon as the order is entered) |
| Initial disclosures | Not applicable |
| Last day to amend pleadings | July 31, 2020 |
| Discovery cutoff | November 20, 2020 |
| Dispositive motion hearing | On or around January 21, 2021, depending on the Court's schedule. |
| Pretrial conference | On or around March 22, 2021, depending on the Court's schedule. |
| Start of trial | On or around April 5, 2021, depending on the Court's schedule. |

A proposed order adopting the above schedule is attached hereto as Exhibit C. Exhibit D is the set of discovery questions I would like the government to provide answers to.

14. In the alternative, if the Court does not enter a case management order adopting the above schedule, Claimant respectfully requests that the Court expedite the case management conference to its earliest available date, so that discovery may begin as soon as possible.

15. No previous time modifications have been made in this case. The only effect the requested time modification would have on the schedule for this case is to advance the date of, or eliminate the need for, the initial case management conference.

16. The government should not be able to use the COVID-19 pandemic as an excuse to object to this motion since it did not stop them from searching my house, scaring my 5 year old daughter who still can't sleep right as a result of it;  and freezing financial assets during the pandemic while having over 15 agents in my house knowing that I had visited China.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 26, 2020                  */s/ R. Marcus Andrade*
                                                           Rowland Marcus Andrade

This Motion is based on the above declaration, and all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Dated:  May 26, 2020                               Respectfully submitted,


                                              By:  */s/ R. Marcus Andrade*
                                                    Rowland Marcus Andrade
                                                    In Pro Se and Claimant