# **Exhibit A**

Chris Kaltsas
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102

Date:   May 18, 2020

Re:   *United States v. One Parcel of Real Property Located at 9414 Plaza Point Drive, Missouri City, Texas, 77459*, No. 20-cv-02013-KAW (N.D. Cal.)

Dear Mr. Kaltsas,

  I write regarding the above-captioned matter to request that (1) the government preserve any and all documents, communications, and other evidence regarding the government's criminal investigation, including but not limited to all communications from any agent of the FBI (or other state/federal investigative agency) or the U.S. Attorney's office regarding me or my associates in connection with any wire fraud, money laundering, or other criminal charge; (2) the government stipulate to an order authorizing the parties to immediately proceed with written discovery; and (3) the government immediately identify the factual basis of certain claims in the Complaint that are demonstrably false and that appear to have been filed in violation of Federal Rule of Civil Procedure 11(b)(3).

### I. Preservation of evidence.

  The government, as a civil litigant, "is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*, 264 F.R.D. 517, 523 (N.D. Cal. 2009). Unfortunately, I have already received indications that the government has not properly preserved evidence relevant to this action. As one example, I have received a computer that was returned after their search and seizure from my office that had relevant evidence deleted, damaged, or destroyed.

  In view of the evidence already received indicating that the government has failed to meet its duty to preserve evidence relevant to this action, I am writing this letter to remind your office of its duty and to request that you take formal steps to ensure that no other evidence is either, altered, damaged, or destroyed. In particular, I request that your office ensure that all FBI agents and offices (or other state/federal investigative agency) involved in any criminal investigation of me, my associates, or any of my businesses, and all U.S. Attorney's offices who have taken part in any such criminal investigation, preserve any evidence, documentary or otherwise, related to those criminal investigations. If discovery reveals any destruction of such evidence, this letter serves to put your office on notice that I will seek sanctions, up to and including requesting that any civil/criminal actions against me be dismissed for, among other things, outrageous government conduct.

## II. Start of discovery.

Under Federal Rule of Evidence 26(a)(1)(B)(ii), this case is exempt from initial disclosure and discovery conference requirements. However, Northern District of California Local Rule 16-7 does not permit the parties to proceed with discovery until authorized in a case management order.

I therefore request that the government stipulate to a case management order immediately authorizing the parties to proceed with written discovery. Because the government is trying to take my home in the middle of a once-in-a-century pandemic, the matter should be resolved as quickly as possible. In particular, as discussed in section III below, I do not believe the government has a factual basis for the claims underlying the complaint, and I intend to move for early summary judgment. If the government in fact has a factual basis for its claims, it should disclose that basis as soon as possible.

Please respond to this letter by May 22, 2020, to confirm that the government will agree to proceed with discovery, or to schedule a phone call to confer regarding the schedule under Local Rule 16-2(d)(2). If you do not respond by May 22, 2020, I will conclude that the government refuses to confer in good faith regarding the discovery schedule, and proceed to file a motion for relief from the case management schedule under Local Rule 16-2(d).

## III. Disclosure of factual bases of the Complaint.

Federal Rule of Civil Procedure 11(b)(3) requires that an attorney filing a complaint, by signing that complaint, certifies that the factual contentions in the complaint have evidentiary support. However, several fundamental factual allegations in the Complaint in this case are demonstrably false and so necessarily lack evidentiary support:

- Paragraph 16 alleges that I and my company, NAC, "have not made any meaningful progress towards developing AtenCoin, AML Bitcoin, or ABTC." This is demonstrably false, as AML Bitcoin launched on April 12, 2020. This allegation underlies essentially all claims of fraud made in the complaint; if this allegation is false, the government has no case.

- The only fraudulent statement alleged to have been made by me to "VICTIM ONE" in the Complaint, as opposed to by "J.D." (who is presumably Japheth Dillman), is the statement alleged in Paragraph 11 that I promised "VICTIM ONE" that the launch of the cryptocurrency was months away, notwithstanding that development of the cryptocurrency was minimal. Again, that alleged statement is not false, as the cryptocurrency remained in active development the whole time, the AML Bitcoin Token was listed on public cryptocurrency exchanges starting in September 2018, and the public was able to begin testing the finalized version of AML Bitcoin around November 2019.[1]

---

[1] *See, e.g.,* video tutorials on how to begin using and testing AML Bitcoin transactions published on YouTube on or around November 26, 2019. https://www.youtube.com/watch?v=rEONPNKb2Wg

- The other supposedly fraudulent statements allegedly made by J.D. identified in Paragraph 11 of the Complaint—that the cryptocurrency was under development, that millions of tokens representing the cryptocurrency had been successfully sold, and that "VICTIM ONE's" funds would be used to further the development of the cryptocurrency—are also demonstrably true, for the same reasons discussed above. Additionally, I had no contractual obligations to the "VICTIM ONE" pertaining to the transactions identified in the Complaint other than what was on the terms and conditions along with the white paper where it stated what the use of funds would be for. If your office conducted a proper investigation before filing the Complaint, it is no doubt aware of that white paper.

- Paragraph 9 alleges that I and my associates made "false statements regarding business arrangements that [I] and [my] associates had purportedly made with government agencies and ports." I was in fact building relationships and working for further business arrangements with government agencies in ports, documented by emails with Leslie Katz regarding the Ports of San Francisco and Carlos Delagurdia and Catin Vasquez regarding Panama until the government ruined those opportunities for us.

In addition, the Answer identifies many other allegations of the Complaint that are misleading, misrepresentations, materially false, or otherwise untrue.

In sum, the Complaint seeking forfeiture of my property is based on allegations that certain statements were fraudulent, when they were in fact demonstrably true. This indicates that the government did not meet its obligation under Rule 11 to ensure that each factual allegation of the Complaint had evidentiary basis. This includes the status of the development of the technology along with all the other misleading and inaccurate statements stated in the Answer to the compliant. The government's legal obligation to ensure that factual contentions have evidentiary support is particularly important in this case where the government is attempting to take my residence from me in the midst of a catastrophic pandemic.

I therefore request that the government provide, no later than May 29, an explanation of the factual basis for each of the above allegations of the Complaint, and all allegations I have alleged in the Answer to be untrue, together with supporting documents. If the government does not identify the factual basis and supporting evidence for each allegation of fraud, I will serve, and subsequently file, a motion under Federal Rule of Civil Procedure 11(c) seeking dismissal of the Complaint and sanctions against the government for filing of its meritless complaint.

This letter is provided without any waiver of my rights to seek relief from the Court, all of which are hereby reserved.

*R. Marcus Andrade*