**<u>Exhibit D</u>**

1  ROWLAND MARCUS ANDRADE
   9414 Plaza Point Drive
2  Missouri City, Texas 77459   USA

3

4  In Pro Se

5

6

7              UNITED STATES DISTRICT COURT

8      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

9

10 UNITED STATES OF AMERICA,            Case No. 3:20-cv-2013-VC

11              Plaintiff,
                                        **IN PRO SE AND CLAIMANT ROWLAND**
12        v.                            **MARCUS ANDRADE'S FIRST SET OF**
                                        **REQUESTS FOR PRODUCTION OF**
13 ONE PARCEL OF REAL PROPERTY          **DOCUMENTS TO PLAINTIFF UNITED**
   LOCATED AT 9414 PLAZA POINT DRIVE,   **STATES OF AMERICA**
14 MISSOURI CITY, TEXAS 77459,
                                        Date:    June 26, 2020
15         Defendant.                   Time:    10:00 AM
                                        Place:   ROWLAND MARCUS ANDRADE,
16 ─────────────────────────────                 7324 Southwest Freeway, Suite 600
                                                 Houston, Texas 77074, USA
17 ROWLAND MARCUS ANDRADE,

18         Claimant.                    Trial Date:        None Set

19 PROPOUNDING PARTY:        In Pro Se and Claimant Rowland Marcus Andrade

20 RESPONDING PARTY:         Plaintiff United States of America

21 SET NO.:                  One

22        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, In Pro Se and Claimant Rowland

23 Marcus Andrade requests that Plaintiff United States of America produce and permit In Pro Se and

24 Claimant Rowland Marcus Andrade to inspect, copy, test, or sample the following items in the

25 possession, custody, or control of Plaintiff.

26        The production and inspection shall take place at ROWLAND MARCUS ANDRADE, 7327

27 SOUTHWEST FREEWAY, SUITE 600, HOUSTON, TX,  77074 USA, on June 26, 2020, at 10:00

28

1  AM, unless other mutually agreeable arrangements are made between counsel of record, and shall

2  continue for so long as may be reasonably required.

3  **DEFINITIONS**

4  "PERSON(S)" includes any natural person, firm, association, organization, partnership,

5  business, trust, corporation, governmental or public entity or any other form of legal entity.

6  "DOCUMENT" or "DOCUMENTS" shall mean all documents, electronically stored

7  information, and tangible things as described in Rule 34 of the Federal Rules of Civil Procedure,

8  including without limitation all written and graphic matter and all other means of recording

9  information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced,

10  reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and

11  computer-retrievable information, copies and duplicates that are marked with any notation or

12  annotation or otherwise differ in any way from the original, correspondence, memoranda, reports,

13  notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders,

14  ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons

15  attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses,

16  directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or

17  guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices,

18  advertisements and promotional materials, audited and unaudited financial statements, trade letters,

19  trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical

20  records, facsimiles, telegrams and telecopies, and audiotapes.  Each draft, annotated, or otherwise

21  non-identical copy is a separate DOCUMENT within the meaning of this term.  DOCUMENTS

22  shall also include any removable sticky notes, flags, or other attachments affixed to any of the

23  foregoing, as well as the files, folder tabs, and labels appended to or containing any documents.

24  DOCUMENTS expressly include all ELECTRONIC RECORDS.

25  "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the

26  original is not available) and any non-identical copies (whether non-identical because of notes made

27  on copies or attached comments, annotations, marks, transmission notations, or highlighting of any

28  kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic,

Case No. 3:20-cv-2013-VC

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED
STATES OF AMERICA

1   magnetic, digital, or other means.  ELECTRONIC RECORDS includes, by way of example and not

2   by limitation, computer programs (whether private, commercial, or work-in-progress),

3   programming notes and instructions, activity listings of email transmittals and receipts, output

4   resulting from the use of any software program (including word processing documents,

5   spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all

6   miscellaneous files and file fragments, regardless of the media on which they reside and regardless

7   of whether said ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment.

8   ELECTRONIC RECORDS includes without limitation any and all items stored on computer

9   memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived

10  tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of

11  all types, microfiche, and any other media used for digital data storage or transmittal.

12  ELECTRONIC RECORDS also include the file, folder tabs, and containers and labels appended to

13  or associated with each original and non-identical copy.

14      "COMMUNICATION(S)" means any oral, written, or electronic transmission of

15  information, including but not limited to meetings, discussions, conversations, telephone calls,

16  telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes or seminars.

17      "RELATING TO," "RELATED TO" or "RELATE(S) TO" means constituting, containing,

18  concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing,

19  evidencing, or in any other way being relevant to that given subject matter.

20      "CLAIMANT," and "Andrade," shall mean Claimant Rowland Marcus Andrade.

21      "ASSOCIATES" shall mean the following individuals: JD, Japheth Dillman, AML Bitcoin,

22  NAC Foundation, AtenCoin, and ABTC, ABTC Corp. NAC Foundation, LLC, NAC Payroll

23  Services, Fintech Fund, FLP along with any Andrade related company. This shall include anyone

24  the government has issued a subpoena to, search or seizure, affidavit, or anyone that has been

25  referenced alongside of Andrade; like Dana Rohrabacher and members of his staff; Japheth Dillman,

26  Eli Zicherman, Brian Darling, Shalli Kumar, Paul Erickson, Chase Kroll, Jack Abramoff, Landfair

27  Capital Consulting, Sepo Holdings, Muzin Capital Partners, Ghost Management Group, Pangea

28  LLC, Darling Associates, ADI, Kroll Globl, Rothschild Public Affairs, and the Erickson Group.

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED
STATES OF AMERICA

1  This shall also include anyone that has worked with Andrade, currently or previously with his digital

2  currency company.

3      "CRIME" shall mean any of the crimes the Plaintiff said Claimant or Andrade and his

4  associates committed. This includes ANY CRIME, any unlawful activity, wire fraud, mail fraud,

5  money laundering, conspiracy as the government alleges in the compliant. This further includes

6  among others, wire fraud, money laundering, USC §§ 1956 and 1961.

7      "PLAINTIFF," "YOU," "YOUR," and "GOVERNMENT" shall mean Plaintiff United

8  States of America and all of its employees and agents, including attorneys, or other PERSONS

9  acting on its behalf. "AGENTS" shall directly mean FBI Agent Rohan Wynar, FBI Agent Ethan

10  Quinn, IRS Agent Bryan Wong, along with all other federal agents that have knowledge of this case.

11     "DEFENDANT" or the "PROPERTY" shall mean the defendant parcel of real property

12  located at the address 9414 Plaza Point Drive, Missouri City, Texas 77459.  "DEFENDANT" shall

13  also mean R. Marcus Andrade since the government is alleging that he committed various criminal

14  activity in relation to the property.

15

16  ///

17  ///

18                              **INSTRUCTIONS**

19     1.     Please produce all of the specified DOCUMENTS and ELECTRONIC RECORDS

20  which are in YOUR possession, or available to YOU, or to which YOU may gain access through

21  reasonable effort, including information in the possession of YOUR past and present attorneys,

22  accountants, investigators, consultants, or other persons directly or indirectly employed or retained

23  by YOU, or in connection with YOU, or anyone else otherwise subject to YOUR control who

24  maintains records on YOUR behalf, in YOUR name or otherwise under YOUR control.

25     2.     Any comments, notations or markings appearing on any DOCUMENTS or

26  ELECTRONIC RECORDS, and not a part of the original, are considered a separate DOCUMENT

27  or ELECTRONIC RECORDS, and any draft, preliminary form or superseded version of any

28  DOCUMENT is also considered a separate DOCUMENT or ELECTRONIC RECORDS.

3.      All documents and electronic records requested herein should be produced in the same order as they are kept, or maintained, or stored, in the regular course of business.

4.      All DOCUMENTS requested herein should be produced in the file, folder, envelope, or other container in which the DOCUMENTS are kept or maintained.  If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings.

5.      Any DOCUMENT attached to another DOCUMENT must not be separated.

6.      In the event that any DOCUMENT or ELECTRONIC RECORD called for by these requests has been destroyed, lost, discarded, otherwise disposed of, or is otherwise unavailable, such DOCUMENT or ELECTRONIC RECORD is to be identified as completely as possible, including, without limitation, the following information: date of disposal; manner of disposal; reason for disposal; person authorizing the disposal; and person disposing of the DOCUMENT or ELECTRONIC RECORD.

7.      Whenever possible, the singular form of a word shall be interpreted in the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these requests any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine shall include the feminine and vice versa.

8.      If an objection is made to part or all of any request, the part should be specified together with the reasons for the objection.  If a claim of privilege is asserted with respect to part or all of any DOCUMENT on the grounds of attorney-client privilege, the attorney work product doctrine, or any other basis, describe the DOCUMENT with sufficient particularity to make it susceptible to identification by separately stating the following with respect to any such DOCUMENT:  (1) the type of DOCUMENT; (2) its date; (3) the name, address, and position of its author(s); (4) the name, address, and position of each recipient of the DOCUMENT; (5) a general description of the subject matter of the DOCUMENT; (6) the basis of any claim of privilege; and (7) if work product immunity is asserted, the proceeding for which the DOCUMENT was prepared.

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED STATES OF AMERICA

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS or reports that have been prepared by those persons YOU plan to call at trial.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS, materials, or tangible things which you state support forfeiture in this case or support the allegations or assertions which you have raised or will raise.

**REQUEST FOR PRODUCTION NO. 3:**

All exculpatory evidence regarding YOUR allegations that CLAIMANT was involved in any crime.

**REQUEST FOR PRODUCTION NO. 4:**

All exculpatory evidence regarding YOUR allegations that CLAIMANT committed any crime.

**REQUEST FOR PRODUCTION NO. 5:**

All exculpatory evidence regarding YOUR allegations that CLAIMANT'S ASSOCIATES committed any crime.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS obtained as a result of YOUR search and seizure of CLAIMANT'S home, Las Vegas office, and Houston office regarding YOUR allegations that CLAIMANT committed any crime, including among others, wire fraud, money laundering, USC §§ 1956 and 1961.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS obtained as a result of YOUR search and seizure of any of CLAIMANT'S, or any of the individuals listed on Exhibit A's, electronic equipment, including but not limited to computers, hard-drives, electronic storage devices, cell phones, and trezors regarding YOUR allegations that CLAIMANT or any of the indiviudals on

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED STATES OF AMERICA

1  Exhibit A committed any crime, including, including among others, wire fraud, money laundering,

2  USC §§ 1956 and 1961.

3  **REQUEST FOR PRODUCTION NO. 8**:

4       All DOCUMENTS and COMMUNICATIONS RELATING TO CLAIMANT or those

5  individuals listed on Exhibit A obtained in the search and seizure of property at 812 Edelbut Drive,

6  Silver Spring, Maryland, pursuant to a warrant issued by the United States District Court for the

7  District of Maryland on September 12, 2018, in Case No. TMD 18-2506.

8  **REQUEST FOR PRODUCTION NO. 9**:

9       All DOCUMENTS and COMMUNICATIONS RELATING TO CLAIMANT or any of the

10  individuals listed on Exhibit A obtained in any search or seizure of property from any of the

11  following individuals or entities: Dana Rohrabacher and members of his staff; Japheth Dillman, Eli

12  Zicherman, Brian Darling, Shalli Kumar, Paul Erickson, Chase Kroll, Jack Abramoff, Landfair

13  Capital Consulting, Sepo Holdings, Muzin Capital Partners, Ghost Management Group, Pangea

14  LLC, Darling Associates, ADI, Kroll Globl, Rothschild Public Affairs, and the Erickson Group.

15  **REQUEST FOR PRODUCTION NO. 10**:

16       All  DOCUMENTS  and  COMMUNICATIONS  RELATING  TO  CLAIMANT  or

17  CLAIMANT'S ASSOICIATES obtained in any criminal investigation of any of the following

18  individuals or entities: Dana Rohrabacher and members of his staff; Japheth Dillman, Eli Zicherman,

19  Brian Darling, Shalli Kumar, Paul Erickson, Chase Kroll, Jack Abramoff, Landfair Capital

20  Consulting, Sepo Holdings, Muzin Capital Partners, Ghost Management Group, Pangea LLC,

21  Darling Associates, ADI, Kroll Globl, Rothschild Public Affairs, and the Erickson Group.

22  **REQUEST FOR PRODUCTION NO. 11**:

23       All DOCUMENTS and COMMUNICATIONS RELATING TO any property seized from

24  CLAIMANT in connection with YOUR criminal investigation of CLAIMANT.

25  **REQUEST FOR PRODUCTION NO. 12:**

26       Any and all witness statements RELATING TO the events alleged in the Complaint,

27  including but not limited to any notes, recordings or any such sworn statements by VICTIM ONE,

28  J.D., any alleged co-conspirator, any agent of the UNITED STATES, or any of the individuals

1  listed on Exhibit A.

2  **REQUEST FOR PRODUCTION NO. 13:**

3      All DOCUMENTS and COMMUNICATIONS that support your contention in Paragraph

4  24 of the Complaint that there is probable cause to believe that the CLAIMANT'S PROPERTY

5  represents property both involved in wire fraud and money laundering, as well as the proceeds of

6  wire fraud, in violation of Title 18, United States Code §§ 1343 and 1956.

7

8  **REQUEST FOR PRODUCTION NO. 14:**

9      All DOCUMENTS and COMMUNICATIONS that YOU allege provide evidence that the

10  PROPERTY was involved in wire fraud and money laundering, as well as the proceeds of wire

11  fraud, in violation of Title 18, United States Code §§ 1343 and 1956.

12  **REQUEST FOR PRODUCTION NO. 15:**

13      All DOCUMENTS and COMMUNICATIONS that support YOUR contention in

14  Paragraph 21 of the Complaint that CLAIMANT'S PROPERTY was purchased with the proceeds

15  of wire fraud, a specified unlawful activity.

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED STATES OF AMERICA

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and COMMUNICATIONS that refer to VICTIM ONE.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS and COMMUNICATIONS that refer to J.D or David Mata.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and COMMUNICATIONS between VICTIM ONE and CLAIMANT and/or any of the individuals listed on Exhibit A.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS, including but not limited to bank or financial statements, RELATING TO each of the financial transactions alleged in Paragraphs 10-15 of the Complaint.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the allegation in Paragraph 8 of the Complaint that "[CLAIMANT] and his close associates, including individual J.D., engaged in a scheme to defraud."

**REQUEST FOR PRODUCTION NO. 21**:

All DOCUMENTS and COMMUNICATIONS RELATING TO the identity of any "associates" of CLAIMANT as the term "associates" as used in the Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any "materially false and misleading statements regarding the status of the development of the cryptocurrency and the use of funds raised from investors" made by CLAIMANT, J.D., and/or CLAIMANT'S associates as alleged in Paragraph 9 of the Complaint.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any "false statements regarding business arrangements that [CLAIMANT] and his associates had purportedly made with government agencies and ports" made by CLAIMANT, J.D., and/or CLAIMANT'S associates as alleged in Paragraph 9 of the Complaint.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any meetings and discussions between J.D. and VICTIM ONE that allegedly convinced VICTIM ONE to invest in the cryptocurrency project, as alleged in Paragraph 10 of the Complaint.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS RELATING TO VICTIM ONE's investment in the cryptocurrency project, as alleged in Paragraphs 10 and 11 of the Complaint.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the allegation that "[CLAIMANT] also falsely promised VICTIM ONE, among other investors, on numerous occasions that the launch of the cryptocurrency was months away, notwithstanding that at the time of the statements development were [sic] minimal and not progressing," as alleged in Paragraph 11 of the Complaint.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the allegations of Paragraphs 13-15 of the Complaint that the funds used by CLAIMANT and his wife to purchase the PROPERTY are traceable to the funds of VICTIM ONE.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the allegation of Paragraphs 16 of the Complaint that "[t]o date, [CLAIMANT] and the NAC have not made any meaningful progress towards developing AtenCoin, AML Bitcoin, or ABTC."

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the allegation of Paragraphs 17 of the Complaint that "VICTIM ONE would not have invested in the cryptocurrency had they known the funds would be used to purchase the defendant property."

1  **REQUEST FOR PRODUCTION NO. 30:**

2          All DOCUMENTS and COMMUNICATIONS RELATING TO the allegation of Paragraph

3  17 of the Complaint that "[CLAIMANT] used the proceeds of the scheme to defraud described

4  above to purchase the defendant property."

5  **REQUEST FOR PRODUCTION NO. 31**:

6          All DOCUMENTS and COMMUNICATIONS RELATING TO the "BBC" account at JP

7  Morgan Chase Bank referred to in Paragraph 10 of the Complaint.

8  **REQUEST FOR PRODUCTION NO. 32**:

9          All DOCUMENTS and COMMUNICATIONS RELATING TO Block Bits Capital, LLC.

10  **REQUEST FOR PRODUCTION NO. 33**:

11          All DOCUMENTS and COMMUNICATIONS RELATING TO any purchase of

12  cryptocurrency by Block Bits Capital, LLC.

13  **REQUEST FOR PRODUCTION NO. 34**:

14          All DOCUMENTS and COMMUNICATIONS RELATING TO Block Bits AML Holdings,

15  LLC.

16  **REQUEST FOR PRODUCTION NO. 35**:

17          All DOCUMENTS and COMMUNICATIONS RELATING TO any purchase of

18  cryptocurrency by Block Bits AML Holdings, LLC.

19  **REQUEST FOR PRODUCTION NO. 36**:

20          All DOCUMENTS and COMMUNICATIONS RELATING TO the Ben Boyer Trust Fund.

21  **REQUEST FOR PRODUCTION NO. 37**:

22          All DOCUMENTS and COMMUNICATIONS RELATING TO any purchase of

23  cryptocurrency by the Ben Boyer Trust Fund.

24  **REQUEST FOR PRODUCTION NO. 38**:

25          All DOCUMENTS and COMMUNICATIONS RELATING TO the Boyer Family Trust.

26  **REQUEST FOR PRODUCTION NO. 39**:

27          All DOCUMENTS and COMMUNICATIONS RELATING TO any purchase of

28  cryptocurrency by the Boyer Family Trust.

**REQUEST FOR PRODUCTION NO. 40**:

All DOCUMENTS and COMMUNICATIONS RELATING to Ben Boyer, Ben Boyer Trust Fund, the Boyer Family Trust or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 41**:

All DOCUMENTS and COMMUNICATIONS RELATING to Threat Metrix.

**REQUEST FOR PRODUCTION NO. 42**:

All DOCUMENTS and COMMUNICATIONS RELATING to Threat Metrix or any entity related directly or indirectly, and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 43**:

All DOCUMENTS and COMMUNICATIONS RELATING to Tenaya Capital or any entity related directly or indirectly, and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 44**:

All DOCUMENTS and COMMUNICATIONS RELATING to Babak Broumard or any entity related to him directly or indirectly, and CLAIMANT, CLAIMANT"S ASSOCIATES, or Agents.

**REQUEST FOR PRODUCTION NO. 45**:

All DOCUMENTS and COMMUNICATIONS RELATING to Paul Snow or any entity related to him directly or indirectly, and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 46**:

All DOCUMENTS and COMMUNICATIONS RELATING to David Mata or any entity related to him directly or indirectly, and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 47**:

All DOCUMENTS and COMMUNICATIONS RELATING to Leslie Katz or any entity related to her directly or indirectly, and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) )alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 48**:

All DOCUMENTS and COMMUNICATIONS RELATING to any filings made with the Foreign Intelligence Surveillance Court concerning CLAIMANT and/or CLAIMANT'S ASSOCIATES.

**REQUEST FOR PRODUCTION NO. 49**:

All DOCUMENTS and COMMUNICATIONS RELATING to the information used in the affidavit for the search warrant issued in 2018 against CLAIMANT and any of the individuals listed on Exhibit A as well as any warrants issued against such persons anytime thereafter;

**REQUEST FOR PRODUCTION NO. 50**:

All DOCUMENTS and COMMUNICATIONS RELATING to any applications filed by Plaintiff to conduct surveillance and/or search CLAIMANT and/or CLAIMANT'S ASSOCIATES.

**REQUEST FOR PRODUCTION NO. 51**:

All DOCUMENTS and COMMUNICATIONS RELATING to any filings under a Mutual Legal Assistance Treaty ("MLAT") with any foreign government concerning CLAIMANT and/or CLAIMANT'S ASSOCIATES.

**REQUEST FOR PRODUCTION NO. 52**:

All DOCUMENTS and COMMUNICATIONS RELATING to any filings under a Mutual Legal Assistance Treaty ("MLAT") with any foreign government concerning any of the individuals listed on Exhibit A.

**REQUEST FOR PRODUCTION NO. 53**:

All DOCUMENTS and COMMUNICATIONS RELATING to Jared Kushner or any entity related to him, directly or indirectly and CLAIMANT and any of the individuals listed on Exhibit A, or any of CLAIMANT's ASSOCIATES.

**REQUEST FOR PRODUCTION NO. 54**:

All DOCUMENTS and COMMUNICATIONS RELATING to Michael Flynn any entity related to him, directly or indirectly and CLAIMANT and/or any of the individuals listed on Exhibit A.

**REQUEST FOR PRODUCTION NO. 55**:

All DOCUMENTS and COMMUNICATIONS RELATING to John Kelly or any entity related to him, directly or indirectly and CLAIMANT and/or any of the individuals listed on Exhibit A.

**REQUEST FOR PRODUCTION NO. 56**:

All DOCUMENTS and COMMUNICATIONS RELATING to Paul Behrends or any entity related to him, directly or indirectly and CLAIMANT and/or any of the individuals listed on Exhibit A.

**REQUEST FOR PRODUCTION NO. 57**:

All DOCUMENTS and COMMUNICATIONS RELATING to Jason Beck or any entity related to him, directly or indirectly and CLAIMANT and/or any of the individuals listed on Exhibit A.

**REQUEST FOR PRODUCTION NO. 58**:

All DOCUMENTS and COMMUNICATIONS RELATING to Civic Technologies or any entity related to it, directly or indirectly and CLAIMANT and/or any of the individuals listed on Exhibit A.

**REQUEST FOR PRODUCTION NO. 59**:

All DOCUMENTS and COMMUNICATIONS RELATING to Ricardo "Catin" Vasquez or any entity related to him, directly or indirectly and CLAIMANT and/or any of the individuals listed on Exhibit A.

**REQUEST FOR PRODUCTION NO. 60**:

All DOCUMENTS and COMMUNICATIONS RELATING to Carlos De Laguardia or any entity related to him, directly or indirectly and CLAIMANT and/or any of the individuals listed on Exhibit A.

**REQUEST FOR PRODUCTION NO. 61**:

All DOCUMENTS and COMMUNICATIONS RELATING TO the Russian Influence Campaign for 2016 Elections or any entity related to it, directly or indirectly and CLAIMANT, CLAIMANT's ASSOCIATE's and/or any of the individuals or companies listed on Exhibit A.

**REQUEST FOR PRODUCTION NO. 62**:

All DOCUMENTS and COMMUNICATIONS RELATED to the Cross-Fire Hurricane Investigation that refers to, mentions or RELATES TO CLAIMANT, CLAIMANT's ASSOCIATES and/or any of the individuals and companies listed on Exhibit A.

**REQUEST FOR PRODUCTION NO. 63**:

All DOCUMENTS and COMMUNICATIONS RELATED to applications or statements given to the FISA Court related to CLAIMANT, CLAIMANT ASSOCIATE'S, or anyone listed on Exhibit A in reference to the crimes including money laundering as alleged against CLAIMANT and CLAIMANT's ASSOCIATES in the complaint.

**REQUEST FOR PRODUCTION NO. 64**:

All DOCUMENTS and COMMUNICATIONS RELATED to all search and seizure applications filed with any U.S. Federal Court concerning CLAIMANT'S property or documents or the property or documents of any of the individuals listed on Exhibit A., or any of the CLAIMANT's ASSOCIATES.

**REQUEST FOR PRODUCTION NO. 65**:

All DOCUMENTS and COMMUNICATIONS RELATED to all applications, reports, or requests from the U.S. government to any foreign country that references CLAIMANT, AML Bitcoin, ABTC, and/or any of the individuals listed on Exhibit A. or CLAIMANT'S ASSOCIATES.

**REQUEST FOR PRODUCTION NO. 66**:

All DOCUMENTS and COMMUNICATIONS RELATED that shows CLAIMANT knowingly knew that Japheth Dillman or any of Dillman's associates were engaging in unlawful activity, as per 18 U.S.C § 1956.

**REQUEST FOR PRODUCTION NO. 67**:

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED STATES OF AMERICA

1   All DOCUMENTS and COMMUNICATIONS RELATED to YOUR allegation of

2   CLAIMANT engaging in racketeering as per 18 U.S.C § 1961.

3   **REQUEST FOR PRODUCTION NO. 68**:

4   All DOCUMENTS and COMMUNICATIONS RELATED concerning CLAIMANT and

5   CLAIMANT'S ATTORNEYS in YOUR possession.

6   **REQUEST FOR PRODUCTION NO. 69**:

7   All DOCUMENTS and COMMUNICATIONS RELATED to all internal FBI

8   communications regarding CLAIMANT. CLAIMANT'S ASSOCIATES, and/or any of the

9   individuals listed on Exhibit A.

10   **REQUEST FOR PRODUCTION NO. 70**:

11   All DOCUMENTS and COMMUNICATIONS RELATED that supports your allegation

12   that CLAIMANT was in conspiracy with Japheth Dillman.

13   **REQUEST FOR PRODUCTION NO. 71**:

14   All DOCUMENTS and COMMUNICATIONS RELATED to CLAIMANT'S

15   communications with "VICTIM ONE" prior to January of 2018.

16   **REQUEST FOR PRODUCTION NO. 72**:

17   All DOCUMENTS and COMMUNICATIONS supporting your allegation that CLAIMANT

18   was aware of "VICTIM ONE" or "VICTIM ONE"'s transfer of funds to Japheth Dillman's

19   investment fund prior to such transfer in January, 2018.

20   **REQUEST FOR PRODUCTION NO. 73**:

21   All applications and/or related filings made by the government to any FISA Court, U.S.

22   District Judge, or to a U.S. Magistrate seeking search, surveillance, or seizure order against

23   CLAIMANT or any CLAIMANT'S ASSOCIATES.

24   **REQUEST FOR PRODUCTION NO. 74:**

25   All DOCUMENTS or reports that have been prepared by those persons YOU plan NOT to

26   call at trial.

27   **REQUEST FOR PRODUCTION NO. 75:**

28

Case No. 3:20-cv-2013-VC

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED
STATES OF AMERICA

1   All exculpatory evidence regarding YOUR allegations that CLAIMANT'S ASSOCIATES

2  committed any violations of committed any crime, including among others, wire fraud, money

3  laundering, USC §§ 1956 and 1961.

4

5  **REQUEST FOR PRODUCTION NO. 76**:

6   All DOCUMENTS and COMMUNICATIONS obtained as a result of YOUR search and

7  seizure of CLAIMANT'S home, Las Vegas office, and Houston office regarding YOUR allegations

8  that CLAIMANT's ASSOCIATES committed any crime, including among others, wire fraud,

9  money laundering, USC §§ 1956 and 1961.

10 **REQUEST FOR PRODUCTION NO. 77**:

11   All DOCUMENTS and COMMUNICATIONS RELATING TO CLAIMANT,

12 CLAIMANT ASSOCIATES's or those individuals and companies listed on Exhibit A obtained

13 from any search and seizure warrant; or subpoena.

14 **REQUEST FOR PRODUCTION NO. 78**:

15   All DOCUMENTS and COMMUNICATIONS RELATING TO CLAIMANT,

16 CLAIMANT ASSOCIATES's or those individuals and companies listed on Exhibit A obtained

17 from any search and seizure warrant, or subpoena where crimes have been alleged as stated in the

18 compliant.

19 **REQUEST FOR PRODUCTION NO. 79:**

20   All DOCUMENTS and COMMUNICATIONS that refer to any ALLEGED VICTIM.

21 **REQUEST FOR PRODUCTION NO. 80:**

22   All DOCUMENTS and COMMUNICATIONS that YOU allege provide evidence that the

23 CLAIMENT's ASSOCIATES knew the PROPERTY was involved in wire fraud and money

24 laundering, as well as the proceeds of wire fraud, in violation of Title 18, United States Code §§

25 1343 and 1956.

26
27 **REQUEST FOR PRODUCTION NO. 81:**

28   All DOCUMENTS and COMMUNICATIONS that support YOUR misguided information

1  that the CLAIMANT's ASSOCIATES had reason to believe that CLAIMANT'S PROPERTY was

2  purchased with the proceeds of wire fraud, a specified unlawful activity.

3  **REQUEST FOR PRODUCTION NO. 82:**

4      All DOCUMENTS and COMMUNICATIONS, including but not limited to bank or

5  financial statements, RELATING TO Fintech Fund, FLP, NAC Payroll Services, ABTC Corp., and

6  NAC Foundation, LLC.

7  **REQUEST FOR PRODUCTION NO. 83:**

8      All DOCUMENTS and COMMUNICATIONS RELATING TO the allegation in Paragraph

9  8 of the Complaint and Claimant's Associates knew J.D. was engaged in a scheme to defraud."

10  **REQUEST FOR PRODUCTION NO. 84:**

11      All DOCUMENTS and COMMUNICATIONS RELATING TO the Agents beliefs that

12  every minority is selling narcotics.

13  **REQUEST FOR PRODUCTION NO. 85:**

14      All DOCUMENTS and COMMUNICATIONS RELATING TO the [CLAIMANT] and his

15  associates truly believing that they were in the process of getting contracts with government

16  agencies and ports as the government alleged didn't happen in Paragraph 9 of the Complaint.

17  **REQUEST FOR PRODUCTION NO. 86:**

18      All DOCUMENTS and COMMUNICATIONS RELATING TO the allegation that

19  "[CLAIMANT] sold the Aml Bitcoin Token as an investment and not as a medium of exchange.

20  **REQUEST FOR PRODUCTION NO. 87:**

21      All DOCUMENTS and COMMUNICATIONS RELATING TO the allegation that

22  "[CLAIMANT's ASSOCIATES] while acting on behalf of NAC Foundation, LLC sold the Aml

23  Bitcoin Token as an investment and not as a medium of exchange.

24  **REQUEST FOR PRODUCTION NO. 88:**

25      All DOCUMENTS and COMMUNICATIONS RELATING TO all the quality and

26  assurance forms.

27  **REQUEST FOR PRODUCTION NO. 89:**

28

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED
STATES OF AMERICA

1    All DOCUMENTS and COMMUNICATIONS RELATING TO when "VICTIM ONE" was

2    told by "CLAIMANT" what his money that was used to purchase digital currency was going to be

3    spent on?

4

5    **REQUEST FOR PRODUCTION NO. 90**:

6    All DOCUMENTS and COMMUNICATIONS RELATING TO when "VICTIM ONE" was

7    told by any of "CLAIMANT's Associates" that were acting on behalf of CLAIMANT, or

8    CLAIMANT'S controlled companies what he money that was used to buy digital currency was

9    going to be spent on?

10    **REQUEST FOR PRODUCTION NO. 91**:

11    All DOCUMENTS and COMMUNICATIONS RELATING to the information used in all

12    affidavits for the search warrant, subpoena, or seizure warrants in 2017, 2018, 2019, and 2020

13    against CLAIMANT as it relates to the crimes listed on the compliant.

14    **REQUEST FOR PRODUCTION NO. 92**:

15    All DOCUMENTS and COMMUNICATIONS RELATING to the information used in all

16    affidavits for the search warrant, subpoena, or seizure warrants in 2017, 2018, 2019, and 2020

17    against CLAIMANT's ASSOCIATES as it relates to the crimes listed on the compliant.

18    **REQUEST FOR PRODUCTION NO. 93**:

19    All DOCUMENTS and COMMUNICATIONS RELATING to any filings under a Mutual

20    Legal Assistance Treaty ("MLAT") with any foreign government concerning CLAIMANT and/or

21    CLAIMANT'S ASSOCIATES as it relates to the alleged crimes mentioned in the compliant.

22    **REQUEST FOR PRODUCTION NO. 94**:

23    All DOCUMENTS and COMMUNICATIONS RELATING to Babak Broumard or any

24    entity related to him directly or indirectly, and the Agents.

25    **REQUEST FOR PRODUCTION NO. 95**:

26    All DOCUMENTS and COMMUNICATIONS RELATED to YOUR allegation of

27    CLAIMANT'S ASSOCIATES were engaging in racketeering as per 18 U.S.C § 1961 along with

28    other crimes.

**REQUEST FOR PRODUCTION NO. 96**:

All DOCUMENTS and COMMUNICATIONS RELATING to Uphold Technologies or any entity related to it, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 97**:

All DOCUMENTS and COMMUNICATIONS RELATING to Neil Sunkin or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 98**:

All DOCUMENTS and COMMUNICATIONS RELATING to Vincent Vanni or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 99**:

All DOCUMENTS and COMMUNICATIONS RELATING to Alex Abramoff or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 100**:

All DOCUMENTS and COMMUNICATIONS RELATING to Brian Darling or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 101**:

All DOCUMENTS and COMMUNICATIONS RELATING to Boruch Lichter or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 102**:

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED STATES OF AMERICA

1         All DOCUMENTS and COMMUNICATIONS RELATING to David Lapin or any entity

2    related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

3    or crimes alleged in the Complaint.

4    **REQUEST FOR PRODUCTION NO. 103**:

5         All DOCUMENTS and COMMUNICATIONS RELATING to Thomas Bowen or any entity

6    related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

7    or crimes alleged in the Complaint.

8    **REQUEST FOR PRODUCTION NO. 104**:

9         All DOCUMENTS and COMMUNICATIONS RELATING to Mario Ernst or any entity

10   related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

11   or crimes alleged in the Complaint.

12   **REQUEST FOR PRODUCTION NO. 105**:

13        All DOCUMENTS and COMMUNICATIONS RELATING to Latisha George or any entity

14   related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

15   or crimes alleged in the Complaint.

16   **REQUEST FOR PRODUCTION NO. 106**:

17        All DOCUMENTS and COMMUNICATIONS RELATING to Mitchell Naidrich or any

18   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

19   incident(s) or crimes alleged in the Complaint.

20   **REQUEST FOR PRODUCTION NO. 107**:

21        All DOCUMENTS and COMMUNICATIONS RELATING to Michael Miller or any entity

22   related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

23   or crimes alleged in the Complaint.

24   **REQUEST FOR PRODUCTION NO. 108**:

25        All DOCUMENTS and COMMUNICATIONS RELATING to Dizengof Shami or any

26   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

27   incident(s) or crimes alleged in the Complaint.

28   **REQUEST FOR PRODUCTION NO. 109**:

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED STATES OF AMERICA

1    All DOCUMENTS and COMMUNICATIONS RELATING to Shane Backer or any entity
2 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
3 or crimes alleged in the Complaint.

4 **REQUEST FOR PRODUCTION NO. 110**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to Madiha Raiput or any entity
6 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
7 or crimes alleged in the Complaint.

8 **REQUEST FOR PRODUCTION NO. 111**:

9    All DOCUMENTS and COMMUNICATIONS RELATING to Bradford Grimm or any
10 entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
11 incident(s) or crimes alleged in the Complaint.

12 **REQUEST FOR PRODUCTION NO. 112**:

13    All DOCUMENTS and COMMUNICATIONS RELATING to Jared Dunkin or any entity
14 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
15 or crimes alleged in the Complaint.

16 **REQUEST FOR PRODUCTION NO. 113**:

17    All DOCUMENTS and COMMUNICATIONS RELATING to Manuel Suarez or any entity
18 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
19 or crimes alleged in the Complaint.

20 **REQUEST FOR PRODUCTION NO. 114**:

21    All DOCUMENTS and COMMUNICATIONS RELATING to David Brog or any entity
22 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
23 or crimes alleged in the Complaint.

24 **REQUEST FOR PRODUCTION NO. 115**:

25    All DOCUMENTS and COMMUNICATIONS RELATING to Alex Prasievi or any entity
26 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
27 or crimes alleged in the Complaint.

28 **REQUEST FOR PRODUCTION NO. 116**:

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED
STATES OF AMERICA

1    All DOCUMENTS and COMMUNICATIONS RELATING to Jeffrey Ballabon or any

2    entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

3    incident(s) or crimes alleged in the Complaint.

4    **REQUEST FOR PRODUCTION NO. 117**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to Bruce Abramson or any

6    entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

7    incident(s) or crimes alleged in the Complaint.

8    **REQUEST FOR PRODUCTION NO. 118**:

9    All DOCUMENTS and COMMUNICATIONS RELATING to Joshua Golumb or any entity

10   related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

11   or crimes alleged in the Complaint.

12   **REQUEST FOR PRODUCTION NO. 119**:

13   All DOCUMENTS and COMMUNICATIONS RELATING to Moshe Wiederman or any

14   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

15   incident(s) or crimes alleged in the Complaint.

16   **REQUEST FOR PRODUCTION NO. 120**:

17   All DOCUMENTS and COMMUNICATIONS RELATING to Eduardo Morgan or any

18   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

19   incident(s) or crimes alleged in the Complaint.

20   **REQUEST FOR PRODUCTION NO. 121**:

21   All DOCUMENTS and COMMUNICATIONS RELATING to John Bryan or any entity

22   related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

23   or crimes alleged in the Complaint.

24   **REQUEST FOR PRODUCTION NO. 122**:

25   All DOCUMENTS and COMMUNICATIONS RELATING to The Watley Group or any

26   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

27   incident(s) or crimes alleged in the Complaint.

28   **REQUEST FOR PRODUCTION NO. 123**:

All DOCUMENTS and COMMUNICATIONS RELATING to Hicham Chahine or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 124**:

All DOCUMENTS and COMMUNICATIONS RELATING to Lubna Rasheed or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 125**:

All DOCUMENTS and COMMUNICATIONS RELATING to Paul Linthorst or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 126**:

All DOCUMENTS and COMMUNICATIONS RELATING to Jason Beck or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 127**:

All DOCUMENTS and COMMUNICATIONS RELATING to Daniel Aharonoff or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 128**:

All DOCUMENTS and COMMUNICATIONS RELATING to Oscar Wood or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 129**:

All DOCUMENTS and COMMUNICATIONS RELATING to Michael Witte or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 130**:

1    All DOCUMENTS and COMMUNICATIONS RELATING to Rene Blanchette or any

2 entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

3 incident(s) or crimes alleged in the Complaint.

4 **REQUEST FOR PRODUCTION NO. 131**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to Tyler Hoff or any entity

6 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

7 or crimes alleged in the Complaint.

8 **REQUEST FOR PRODUCTION NO. 132**:

9    All DOCUMENTS and COMMUNICATIONS RELATING to David Cohen or any entity

10 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

11 or crimes alleged in the Complaint.

12 **REQUEST FOR PRODUCTION NO. 133**:

13    All DOCUMENTS and COMMUNICATIONS RELATING to Joseph Farah or any entity

14 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

15 or crimes alleged in the Complaint.

16 **REQUEST FOR PRODUCTION NO. 134**:

17    All DOCUMENTS and COMMUNICATIONS RELATING to David Paschane or any entity

18 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

19 or crimes alleged in the Complaint.

20 **REQUEST FOR PRODUCTION NO. 135**:

21    All DOCUMENTS and COMMUNICATIONS RELATING to Arthur Weissman or any

22 entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

23 incident(s) or crimes alleged in the Complaint.

24 **REQUEST FOR PRODUCTION NO. 136**:

25    All DOCUMENTS and COMMUNICATIONS RELATING to Sandy Fliderman or any

26 entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

27 incident(s) or crimes alleged in the Complaint.

28 **REQUEST FOR PRODUCTION NO. 137**:

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED
STATES OF AMERICA

1    All DOCUMENTS and COMMUNICATIONS RELATING to Joseph Farah or any entity

2  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

3  or crimes alleged in the Complaint.

4  **REQUEST FOR PRODUCTION NO. 138**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to Blockbits Capital, Inc. and

6  CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

7  **REQUEST FOR PRODUCTION NO. 139**:

8    All DOCUMENTS and COMMUNICATIONS RELATING to Blockbits Capital, GP. and

9  CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

10  **REQUEST FOR PRODUCTION NO. 140**:

11    All DOCUMENTS and COMMUNICATIONS RELATING to the reference of the Logan

12  Act against the  CLAIMANT and CLAIMANT'S ASSOCIATES.

13

14  **REQUEST FOR PRODUCTION NO. 141**:

15    All DOCUMENTS and COMMUNICATIONS RELATING to the CLAIMANT, or

16  CLAIMANT'S ASSOCIATES where General Michael Flynn's name came up.

17

18  **REQUEST FOR PRODUCTION NO. 142**:

19    All DOCUMENTS and COMMUNICATIONS RELATING to the CLAIMANT, or

20  CLAIMANT'S ASSOCIATES where President Donald Trump's name was included.

21

22  **REQUEST FOR PRODUCTION NO. 143**:

23    All DOCUMENTS and COMMUNICATIONS RELATING to the CLAIMANT, or

24  CLAIMANT'S ASSOCIATES where Russian Collusion was mentioned.

25

26  **REQUEST FOR PRODUCTION NO. 144**:

27

28

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED STATES OF AMERICA

1    All DOCUMENTS and COMMUNICATIONS RELATING to the CLAIMANT, or
2  CLAIMANT'S ASSOCIATES where that relate to setting up CLAIMANT OR CLAIMANT'S
3  ASSOCIATE's for a convictable offense.

4

5  **REQUEST FOR PRODUCTION NO. 145**:

6    All DOCUMENTS and COMMUNICATIONS RELATING any other government entity
7  besides the DOJ and FBI where the Plaintiff, government, and/ or agents shared information about
8  the CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint
9  and the Claimant's Associates were mentioned.

10  **REQUEST FOR PRODUCTION NO. 146**:

11    All DOCUMENTS and COMMUNICATIONS RELATING to any company CLAIMANT
12  has, is, or had done business with.

13  **REQUEST FOR PRODUCTION NO. 147**:

14    All DOCUMENTS and COMMUNICATIONS RELATING to the Agents sabotaging
15  Claimants potential business opportunity with.

16  **REQUEST FOR PRODUCTION NO. 148**:

17    All DOCUMENTS and COMMUNICATIONS RELATING to any agreements between
18  NAC Foundation, LLC, NAC Payroll Services, and Fintech Fund, FLP.

19  **REQUEST FOR PRODUCTION NO. 149**:

20    All DOCUMENTS and COMMUNICATIONS RELATING to the initial sell of stock
21  owned by Fintech Fund, FLP, and NAC Foundation, LLC?

22  **REQUEST FOR PRODUCTION NO. 150**:

23    All DOCUMENTS and COMMUNICATIONS RELATING to any manipulated emails or
24  manipulated reports related to CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes
25  alleged in the Complaint.

26  **REQUEST FOR PRODUCTION NO. 151**:

27    All DOCUMENTS and COMMUNICATIONS RELATING to the Agents trying to slow
28  down, stop, prevent, or delay the development of the Aml Bitcoin.

**REQUEST FOR PRODUCTION NO. 152**:

All DOCUMENTS and COMMUNICATIONS RELATING to the NAC Foundation, LLC or ABTC Corp.'s or any Andrade controlled company servers.

**REQUEST FOR PRODUCTION NO. 153**:

All DOCUMENTS and COMMUNICATIONS mentioning any attempt to make Andrade run out of money.

**REQUEST FOR PRODUCTION NO. 154**:

All DOCUMENTS and COMMUNICATIONS RELATING to any payments or arrangements or possible employment or any financial or otherwise benefits the government, Agent Bryan Wong, Agent Ethan Quinn, or Agent Rohan Wynar has in place or is pending with Ben Boyer, or any capital firm, investment firm, or any company in the technology space?

**REQUEST FOR PRODUCTION NO. 155**:

All DOCUMENTS and COMMUNICATIONS RELATING to all call logs of each of the government issued phones (both mobile and landlines) of FBI Agent Rohan Wynar, FBI Agent Ethan Quinn, and IRS Agent Bryan Wong. This is pertaining to all the call that were made to witnesses, or others relating to the compliant and the crime allegedly committed by the CLAIMANT, and the CLAIMANT's ASSOCIATES. This needs to include all text messages.

**REQUEST FOR PRODUCTION NO. 156**:

All DOCUMENTS and COMMUNICATIONS where Agent Quinn, Agent Wong, and Agent Wynar discuss leaving behind any evidence they find in support of Claimant or Claimant's Associates during the process of a search and seizure of CLAIMANT or CLAIMANT'S ASSOCIATES house or business.

**REQUEST FOR PRODUCTION NO. 157**:

All DOCUMENTS and COMMUNICATIONS pertaining to all the names of the federal agents that were present during the searches of Claimant's house, and both offices.

**REQUEST FOR PRODUCTION NO. 158**:

All DOCUMENTS AND COMMUNICATIONS relating to the how executing a search or seizure warrant where it turns into a convictable offense is used to help with Agents promotions.

**REQUEST FOR PRODUCTION NO. 159**:

All DOCUMENTS and COMMUNICATIONS mentioning CLAIMANT, or CLAIMANT'S ASSOCIATES where any judge is being referenced or used in the communications.

**REQUEST FOR PRODUCTION NO. 160:**

All DOCUMENTS and COMMUNICATIONS RELATING to David Salmon or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 161**:

All DOCUMENTS and COMMUNICATIONS RELATING to any person the government or agents had spoken to about the compliant or the crimes alleged but did not get a statement from or generate a 302 on.

**REQUEST FOR PRODUCTION NO. 162**:

All DOCUMENTS and COMMUNICATIONS RELATING to relating to any witness the government has contacted that resides OUTSIDE of the United States.

**REQUEST FOR PRODUCTION NO. 163**:

All DOCUMENTS and COMMUNICATIONS RELATING to any other governmental agency that the Agents contacted to contact witnesses that reside outside the United States?

**REQUEST FOR PRODUCTION NO. 164**:

All DOCUMENTS and COMMUNICATIONS RELATING to Alice Liu Jensen, Senior Counsel, Enforcement Division, United States Securities & Exchange Commission Securities and Plaintiff, government, Agents, pertaining to CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 165**:

All DOCUMENTS and COMMUNICATIONS RELATING to all derogatory comments made by the government or agents against the CLAIMANT, or CLAIMANT'S ASSOCIATES.

**REQUEST FOR PRODUCTION NO. 166**:

All DOCUMENTS and COMMUNICATIONS RELATING all derogatory comments the Agents made about CLAIMANT's technology.

1  **REQUEST FOR PRODUCTION NO. 167**:

2      All DOCUMENTS and COMMUNICATIONS RELATING to CLAIMANT having some

3  Indian developers along with their alleged quality of work.

4  **REQUEST FOR PRODUCTION NO. 168**:

5      All DOCUMENTS and COMMUNICATIONS RELATING to Civil Rights TRN Complaint

6  #1911-0078.

7  **REQUEST FOR PRODUCTION NO. 169**:

8      All DOCUMENTS and COMMUNICATIONS RELATING to Special Agent Vicki

9  Morgan.

10  **REQUEST FOR PRODUCTION NO. 170**:

11      All DOCUMENTS and COMMUNICATIONS RELATING to the policy and procedure

12  along with the disciplinary actions for Agents telling stories to witnesses instead of asking them

13  questions.

14  **REQUEST FOR PRODUCTION NO. 171**:

15      All DOCUMENTS and COMMUNICATIONS RELATING to which Agent; Agent Wong,

16  Agent Wynar, or Agent Quinn urinated in Claimant's attic during the search of Claimants house

17  during the pandemic.

18  **REQUEST FOR PRODUCTION NO. 172**:

19      All DOCUMENTS and COMMUNICATIONS RELATING to the sharing of the

20  investigation into Claimant and Claimant's Associates with third party individuals, companies, and

21  people outside of the DOJ and FBI.

22  **REQUEST FOR PRODUCTION NO. 173**:

23      All DOCUMENTS and COMMUNICATIONS RELATING to Bryant Lee or any entity

24  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

25  or crimes alleged in the Complaint.

26  **REQUEST FOR PRODUCTION NO. 174**:

27      All DOCUMENTS and COMMUNICATIONS RELATING to the assistance of 3rd parties

28  to cause disturbances on Claimant's company social media accounts.

1  **REQUEST FOR PRODUCTION NO. 175**:

2      All DOCUMENTS and COMMUNICATIONS RELATING to third party individuals

3  causing harassing Claimant on behalf of the Agents.

4  **REQUEST FOR PRODUCTION NO. 176**:

5      All DOCUMENTS and COMMUNICATIONS RELATING to any types of deals made

6  including deals that benefit any of the CLAIMANT'S ASSOCIATES, witnesses or others related

7  directly or indirectly to the compliant and the crimes alleged in the compliant.

8  **REQUEST FOR PRODUCTION NO. 177**:

9      All DOCUMENTS and COMMUNICATIONS RELATING to CLAIMANT,

10  CLAIMANT'S ASSOCIATES where National Security, or National Affairs is mentioned.

11  **REQUEST FOR PRODUCTION NO. 178**:

12      All DOCUMENTS and COMMUNICATIONS RELATING to the word mistake,

13  misconduct or unprofessional relating to any investigator and/or agent pertaining to the compliant,

14  the allegations in the complaint, along with the alleged criminal activity.

15  **REQUEST FOR PRODUCTION NO. 179**:

16      All DOCUMENTS and COMMUNICATIONS RELATING to Arthur Weissman or any

17  entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

18  incident(s) or crimes alleged in the Complaint.

19  **REQUEST FOR PRODUCTION NO. 180**:

20      All DOCUMENTS and COMMUNICATIONS RELATING to spying, installing electronic

21  spying devices, recordings, surveillance, spyware, or various forms of ease dropping on the

22  CLAIMANT, or CLAIMANT's Associates.

23  **REQUEST FOR PRODUCTION NO. 181**:

24      All DOCUMENTS and COMMUNICATIONS RELATING to Halogen Communications

25  or any entity related to them, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES

26  or incident(s) or crimes alleged in the Complaint.

27  **REQUEST FOR PRODUCTION NO. 182**:

28

1    All DOCUMENTS and COMMUNICATIONS RELATING to Natko Vlahovic and

2    CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

3    **REQUEST FOR PRODUCTION NO. 183**:

4    All DOCUMENTS and COMMUNICATIONS RELATING to Angela Knight and

5    CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

6    **REQUEST FOR PRODUCTION NO. 184**:

7    All DOCUMENTS and COMMUNICATIONS RELATING to all Third Party companies

8    the CLAIMANT has hired to perform biometric identification in 2014, 2015, 2016, 2017, 2018,

9    2019. And 20202.

10   **REQUEST FOR PRODUCTION NO. 185**:

11   All DOCUMENTS and COMMUNICATIONS RELATING to all Third Party companies

12   the CLAIMANT that has done software development work for Claimant in 2014, 2015, 2016, 2017,

13   2018, 2019, and 2020.

14   **REQUEST FOR PRODUCTION NO. 186**:

15   All DOCUMENTS and COMMUNICATIONS RELATING to Hung Tran and

16   CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

17   **REQUEST FOR PRODUCTION NO. 187**:

18   All DOCUMENTS and COMMUNICATIONS RELATING to Evan Carlson and

19   CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

20   **REQUEST FOR PRODUCTION NO. 188**:

21   All DOCUMENTS and COMMUNICATIONS RELATING to all Third Party companies

22   the CLAIMANT that has done software development work for Claimant in 2014, 2015, 2016, 2017,

23   2018, 2019, and 2020.

24   **REQUEST FOR PRODUCTION NO. 189**:

25   All DOCUMENTS and COMMUNICATIONS RELATING to Hung Tran and

26   CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

27   **REQUEST FOR PRODUCTION NO. 190**:

28

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED
STATES OF AMERICA

1    All DOCUMENTS and COMMUNICATIONS RELATING to Evan Carlson and
2 CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

3 **REQUEST FOR PRODUCTION NO. 191**:

4    All DOCUMENTS and COMMUNICATIONS RELATING to the digital currency
5 accounting that was taken from the Houston, Texas office during the pandemic.

6 **REQUEST FOR PRODUCTION NO. 192**:

7    All DOCUMENTS and COMMUNICATIONS RELATING to the digital currency log
8 books that was taken during the pandemic from the Houston, Texas office.

9 **REQUEST FOR PRODUCTION NO. 193**:

10    All DOCUMENTS and COMMUNICATIONS RELATING to external hard drive that was
11 labeled with a Law Firms name that was taken from the Houston, Texas office during the pandemic.

12 **REQUEST FOR PRODUCTION NO. 194**:

13    All DOCUMENTS and COMMUNICATIONS RELATING to the documents that were
14 taken from two sealed boxes that was labeled and clearly marked Attorney Client that had the name
15 of DLA Piper on it. books that was taken during the pandemic from the Houston, Texas office.

16 **REQUEST FOR PRODUCTION NO. 195**:

17    All DOCUMENTS and COMMUNICATIONS RELATING to all accounting documents
18 for tax purposes that was taken from the Houston, Texas office during the pandemic.

19 **REQUEST FOR PRODUCTION NO. 196**:

20    All DOCUMENTS and COMMUNICATIONS RELATING to the documents that were
21 taken from the Las Vegas, Nevada office in 2018 as they relate to the crime alleged in the compliant.

22 **REQUEST FOR PRODUCTION NO. 197**:

23    All DOCUMENTS and COMMUNICATIONS RELATING to Karl Ruzicka or any entity
24 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
25 or crimes alleged in the Complaint.

26 **REQUEST FOR PRODUCTION NO. 198**:

27

28

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED
STATES OF AMERICA

1   All DOCUMENTS and COMMUNICATIONS RELATING to Dida Clifton or any entity
2   related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
3   or crimes alleged in the Complaint.

4   **REQUEST FOR PRODUCTION NO. 199**:

5   All DOCUMENTS and COMMUNICATIONS RELATING to Barbra Kresek or any entity
6   related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
7   or crimes alleged in the Complaint.

8   **REQUEST FOR PRODUCTION NO. 200**:

9   All DOCUMENTS and COMMUNICATIONS RELATING to Dawn Beuck or any entity
10  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
11  or crimes alleged in the Complaint.

12  **REQUEST FOR PRODUCTION NO. 201**:

13  All DOCUMENTS and COMMUNICATIONS RELATING to The Office Squad,
14  employees or contractors or any entity related to them, directly or indirectly and CLAIMANT,
15  CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

16  **REQUEST FOR PRODUCTION NO. 202**:

17  All DOCUMENTS and COMMUNICATIONS RELATING to Patty Fulton or any entity
18  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
19  or crimes alleged in the Complaint.

20  **REQUEST FOR PRODUCTION NO. 203**:

21  All DOCUMENTS and COMMUNICATIONS RELATING to Dida Clifton or any entity
22  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
23  or crimes alleged in the Complaint.

24  **REQUEST FOR PRODUCTION NO. 204**:

25  All DOCUMENTS and COMMUNICATIONS RELATING to Tony Winzor or any entity
26  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
27  or crimes alleged in the Complaint.

28  **REQUEST FOR PRODUCTION NO. 205**:

1    All DOCUMENTS and COMMUNICATIONS RELATING to Niqel Quantick or any entity

2  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

3  or crimes alleged in the Complaint.

4  **REQUEST FOR PRODUCTION NO. 206**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to Carl Weir or any entity

6  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

7  or crimes alleged in the Complaint.

8  **REQUEST FOR PRODUCTION NO. 207**:

9    All DOCUMENTS and COMMUNICATIONS RELATING to Ralph Horne or any entity

10  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

11  or crimes alleged in the Complaint.

12  **REQUEST FOR PRODUCTION NO. 208**:

13    All DOCUMENTS and COMMUNICATIONS RELATING to Cross Verify directly or

14  indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the

15  Complaint.

16  **REQUEST FOR PRODUCTION NO. 209**:

17    All DOCUMENTS and COMMUNICATIONS RELATING to Daniel Koechler or any

18  entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

19  incident(s) or crimes alleged in the Complaint.

20  **REQUEST FOR PRODUCTION NO. 210**:

21    All DOCUMENTS and COMMUNICATIONS RELATING to Bernd Hasso Koehler or any

22  entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

23  incident(s) or crimes alleged in the Complaint.

24  **REQUEST FOR PRODUCTION NO. 211**:

25    All DOCUMENTS and COMMUNICATIONS RELATING to Paul Gosar or any entity

26  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

27  or crimes alleged in the Complaint.

28

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED
STATES OF AMERICA

**REQUEST FOR PRODUCTION NO. 212**:

All DOCUMENTS and COMMUNICATIONS RELATING to <u>Abe Towes</u> or any entity related to it, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 213**:

All DOCUMENTS and COMMUNICATIONS RELATING to <u>Adam Ross</u> or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 214**:

All DOCUMENTS and COMMUNICATIONS RELATING to <u>Adrienne Veverka</u> or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 215**:

All DOCUMENTS and COMMUNICATIONS RELATING to <u>Alan Holt</u> or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 216**:

All DOCUMENTS and COMMUNICATIONS RELATING to <u>Albert Jodoin</u> or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 217**:

All DOCUMENTS and COMMUNICATIONS RELATING to <u>Andrea Lefebvre</u> or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 218**:

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED STATES OF AMERICA

1   All DOCUMENTS and COMMUNICATIONS RELATING to Arthur C Theodore or any

2   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

3   incident(s) or crimes alleged in the Complaint.

4   **REQUEST FOR PRODUCTION NO. 219**:

5   All DOCUMENTS and COMMUNICATIONS RELATING to Bernd Koehler or any entity

6   related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

7   or crimes alleged in the Complaint.

8   **REQUEST FOR PRODUCTION NO. 220**:

9   All DOCUMENTS and COMMUNICATIONS RELATING to Brad Zomar or any entity

10  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

11  or crimes alleged in the Complaint.

12  **REQUEST FOR PRODUCTION NO. 221**:

13  All DOCUMENTS and COMMUNICATIONS RELATING to Brian Schneider or any

14  entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

15  incident(s) or crimes alleged in the Complaint.

16  **REQUEST FOR PRODUCTION NO. 222**:

17  All DOCUMENTS and COMMUNICATIONS RELATING to Brian Vitek or any entity

18  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

19  or crimes alleged in the Complaint.

20  **REQUEST FOR PRODUCTION NO. 223**:

21  All DOCUMENTS and COMMUNICATIONS RELATING to Burkhard (Bobby) Holler or

22  any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

23  incident(s) or crimes alleged in the Complaint.

24  **REQUEST FOR PRODUCTION NO. 224**:

25  All DOCUMENTS and COMMUNICATIONS RELATING to Casey Wynne or any entity

26  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

27  or crimes alleged in the Complaint.

28  **REQUEST FOR PRODUCTION NO. 225**:

1  All DOCUMENTS and COMMUNICATIONS RELATING to <u>Chad Deschenes</u> or any
2  entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
3  incident(s) or crimes alleged in the Complaint.

4  **REQUEST FOR PRODUCTION NO. 226**:

5  All DOCUMENTS and COMMUNICATIONS RELATING to <u>Chantal Louise Ortmeier</u> or
6  any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
7  incident(s) or crimes alleged in the Complaint.

8  **REQUEST FOR PRODUCTION NO. 227**:

9  All DOCUMENTS and COMMUNICATIONS RELATING to <u>Clint Kimery/Gunner</u>
10  <u>Industries</u> or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S
11  ASSOCIATES or incident(s) or crimes alleged in the Complaint.

12  **REQUEST FOR PRODUCTION NO. 228**:

13  All DOCUMENTS and COMMUNICATIONS RELATING to <u>Colden Oilfield- Dennis</u>
14  <u>Lanski</u> or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S
15  ASSOCIATES or incident(s) or crimes alleged in the Complaint.

16  **REQUEST FOR PRODUCTION NO. 229**:

17  All DOCUMENTS and COMMUNICATIONS RELATING to <u>Corey Jodoin</u> or any entity
18  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
19  or crimes alleged in the Complaint.

20  **REQUEST FOR PRODUCTION NO. 230**:

21  All DOCUMENTS and COMMUNICATIONS RELATING to <u>Daniel Dauz</u> or any entity
22  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
23  or crimes alleged in the Complaint.

24  **REQUEST FOR PRODUCTION NO. 231**:

25  All DOCUMENTS and COMMUNICATIONS RELATING to <u>Daniel Herman</u> or any entity
26  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
27  or crimes alleged in the Complaint.

28  **REQUEST FOR PRODUCTION NO. 232**:

1    All DOCUMENTS and COMMUNICATIONS RELATING to Darren Winczura or any

2    entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

3    incident(s) or crimes alleged in the Complaint.

4    **REQUEST FOR PRODUCTION NO. 233**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to Darryl Melnyk or any entity

6    related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

7    or crimes alleged in the Complaint.

8    **REQUEST FOR PRODUCTION NO. 234**:

9    All DOCUMENTS and COMMUNICATIONS RELATING to Dean Carr or any entity

10   related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

11   or crimes alleged in the Complaint.

12   **REQUEST FOR PRODUCTION NO. 235**:

13   All DOCUMENTS and COMMUNICATIONS RELATING to Derek Dovell or any entity

14   related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

15   or crimes alleged in the Complaint.

16   **REQUEST FOR PRODUCTION NO. 236**:

17   All DOCUMENTS and COMMUNICATIONS RELATING to Don McRae or any entity

18   related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

19   or crimes alleged in the Complaint.

20   **REQUEST FOR PRODUCTION NO. 237**:

21   All DOCUMENTS and COMMUNICATIONS RELATING to Donald E Gregory or any

22   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

23   incident(s) or crimes alleged in the Complaint.

24   **REQUEST FOR PRODUCTION NO. 238**:

25   All DOCUMENTS and COMMUNICATIONS RELATING to Ed Suddaby Group or any

26   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

27   incident(s) or crimes alleged in the Complaint.

28   **REQUEST FOR PRODUCTION NO. 239**:

1    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Ed Wrzesien</u> or any entity
2  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
3  or crimes alleged in the Complaint.

4  **REQUEST FOR PRODUCTION NO. 240**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Frank G Fink</u> or any entity
6  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
7  or crimes alleged in the Complaint.

8  **REQUEST FOR PRODUCTION NO. 241**:

9    All  DOCUMENTS  and  COMMUNICATIONS  RELATING  to  <u>French  Vet  Srvices/</u>
10 <u>Cameron French</u> or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S
11 ASSOCIATES or incident(s) or crimes alleged in the Complaint.

12 **REQUEST FOR PRODUCTION NO. 242**:

13    All DOCUMENTS and COMMUNICATIONS RELATING to <u>George Blum</u> or any entity
14 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
15 or crimes alleged in the Complaint.

16 **REQUEST FOR PRODUCTION NO. 243**:

17    All DOCUMENTS and COMMUNICATIONS RELATING to <u>George Longmire</u> or any
18 entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
19 incident(s) or crimes alleged in the Complaint.

20 **REQUEST FOR PRODUCTION NO. 244**:

21    All DOCUMENTS and COMMUNICATIONS RELATING to <u>George Nielson</u> or any entity
22 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
23 or crimes alleged in the Complaint.

24 **REQUEST FOR PRODUCTION NO. 245**:

25    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Glenn Gunderson</u> or any
26 entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
27 incident(s) or crimes alleged in the Complaint.

28 **REQUEST FOR PRODUCTION NO. 246**:

1    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Graham Rody</u> or any entity
2  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
3  or crimes alleged in the Complaint.

4  **REQUEST FOR PRODUCTION NO. 247**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Hans Winfried</u> or any entity
6  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
7  or crimes alleged in the Complaint.

8  **REQUEST FOR PRODUCTION NO. 248**:

9    All DOCUMENTS and COMMUNICATIONS RELATING to <u>James Crough</u> or any entity
10 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
11 or crimes alleged in the Complaint.

12 **REQUEST FOR PRODUCTION NO. 249**:

13   All DOCUMENTS and COMMUNICATIONS RELATING to <u>James Rhode</u> or any entity
14 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
15 or crimes alleged in the Complaint.

16 **REQUEST FOR PRODUCTION NO. 250**:

17   All DOCUMENTS and COMMUNICATIONS RELATING to <u>James S Young</u> or any entity
18 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
19 or crimes alleged in the Complaint.

20 **REQUEST FOR PRODUCTION NO. 251**:

21   All DOCUMENTS and COMMUNICATIONS RELATING to <u>Janell Beck</u> or any entity
22 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
23 or crimes alleged in the Complaint.

24 **REQUEST FOR PRODUCTION NO. 252**:

25   All DOCUMENTS and COMMUNICATIONS RELATING to <u>Jarrell G Clay</u> or any entity
26 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
27 or crimes alleged in the Complaint.

28 **REQUEST FOR PRODUCTION NO. 253**:

1    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Jean Nix</u> or any entity
2  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
3  or crimes alleged in the Complaint.

4  **REQUEST FOR PRODUCTION NO. 254**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Jeffrey Hines</u> or any entity
6  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
7  or crimes alleged in the Complaint.

8  **REQUEST FOR PRODUCTION NO. 255**:

9    All DOCUMENTS and COMMUNICATIONS RELATING to <u>John Bokenfohr</u> or any entity
10  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
11  or crimes alleged in the Complaint.

12  **REQUEST FOR PRODUCTION NO. 256**:

13    All DOCUMENTS and COMMUNICATIONS RELATING to <u>John R. Ameen</u> or any entity
14  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
15  or crimes alleged in the Complaint.

16  **REQUEST FOR PRODUCTION NO. 257**:

17    All DOCUMENTS and COMMUNICATIONS RELATING to <u>John W Posey</u> or any entity
18  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
19  or crimes alleged in the Complaint.

20  **REQUEST FOR PRODUCTION NO. 258**:

21    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Jonathan Richardson</u> or any
22  entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
23  incident(s) or crimes alleged in the Complaint.

24  **REQUEST FOR PRODUCTION NO. 259**:

25    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Joseph Dauenhauer</u> or any
26  entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
27  incident(s) or crimes alleged in the Complaint.

28  **REQUEST FOR PRODUCTION NO. 260**:

1    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Judie Harrell</u> or any entity
2 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
3 or crimes alleged in the Complaint.

4 **REQUEST FOR PRODUCTION NO. 261**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Kasey Loessberg</u> or any
6 entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
7 incident(s) or crimes alleged in the Complaint.

8 **REQUEST FOR PRODUCTION NO. 262**:

9    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Keith Voelker</u> or any entity
10 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
11 or crimes alleged in the Complaint.

12 **REQUEST FOR PRODUCTION NO. 263**:

13    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Kenneth William Taylor</u> or
14 any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
15 incident(s) or crimes alleged in the Complaint.

16 **REQUEST FOR PRODUCTION NO. 264**:

17    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Kent Myers</u> or any entity
18 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
19 or crimes alleged in the Complaint.

20 **REQUEST FOR PRODUCTION NO. 265**:

21    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Larry Wells</u> or any entity
22 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
23 or crimes alleged in the Complaint.

24 **REQUEST FOR PRODUCTION NO. 266**:

25    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Laura Rogers</u> or any entity
26 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
27 or crimes alleged in the Complaint.

28 **REQUEST FOR PRODUCTION NO. 267**:

1    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Lavern Davidhizar</u> or any
2    entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
3    incident(s) or crimes alleged in the Complaint.

4    **REQUEST FOR PRODUCTION NO. 268**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Lyndon James Ricketts</u> or
6    any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
7    incident(s) or crimes alleged in the Complaint.

8    **REQUEST FOR PRODUCTION NO. 269**:

9    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Mark G Mullinix</u> or any
10   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
11   incident(s) or crimes alleged in the Complaint.

12   **REQUEST FOR PRODUCTION NO. 270**:

13   All DOCUMENTS and COMMUNICATIONS RELATING to <u>Matt Nicol</u> or any entity
14   related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
15   or crimes alleged in the Complaint.

16   **REQUEST FOR PRODUCTION NO. 271**:

17   All DOCUMENTS and COMMUNICATIONS RELATING to <u>Mauricio Gomez</u> or any
18   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
19   incident(s) or crimes alleged in the Complaint.

20   **REQUEST FOR PRODUCTION NO. 272**:

21   All DOCUMENTS and COMMUNICATIONS RELATING to <u>Michael J. Barter</u> or any
22   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
23   incident(s) or crimes alleged in the Complaint.

24   **REQUEST FOR PRODUCTION NO. 273**:

25   All DOCUMENTS and COMMUNICATIONS RELATING to <u>Michael Robson</u> or any
26   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
27   incident(s) or crimes alleged in the Complaint.

28   **REQUEST FOR PRODUCTION NO. 274**:

1    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Michael Witte</u> or any entity

2 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

3 or crimes alleged in the Complaint.

4 **REQUEST FOR PRODUCTION NO. 275**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Mitchell Bokenfohr</u> or any

6 entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

7 incident(s) or crimes alleged in the Complaint.

8 **REQUEST FOR PRODUCTION NO. 276**:

9    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Monte Biggs</u> or any entity

10 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

11 or crimes alleged in the Complaint.

12 **REQUEST FOR PRODUCTION NO. 277**:

13    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Murray King</u> or any entity

14 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

15 or crimes alleged in the Complaint.

16 **REQUEST FOR PRODUCTION NO. 278**:

17    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Neil Redpath</u> or any entity

18 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

19 or crimes alleged in the Complaint.

20 **REQUEST FOR PRODUCTION NO. 279**:

21    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Norman Lavoie</u> or any entity

22 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

23 or crimes alleged in the Complaint.

24 **REQUEST FOR PRODUCTION NO. 280**:

25    All DOCUMENTS and COMMUNICATIONS RELATING to <u>O'neil Angus</u> or any entity

26 related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

27 or crimes alleged in the Complaint.

28 **REQUEST FOR PRODUCTION NO. 281**:

1    All DOCUMENTS and COMMUNICATIONS RELATING to Patrick Banks or any entity

2    related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

3    or crimes alleged in the Complaint.

4    **REQUEST FOR PRODUCTION NO. 282**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to Patrick Gaddie or any entity

6    related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

7    or crimes alleged in the Complaint.

8    **REQUEST FOR PRODUCTION NO. 283:**

9    All DOCUMENTS and COMMUNICATIONS RELATING to Paul Jefferies or any entity

10    related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

11    or crimes alleged in the Complaint.

12    **REQUEST FOR PRODUCTION NO. 284**:

13    All DOCUMENTS and COMMUNICATIONS RELATING to Paul McGonical or any

14    entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

15    incident(s) or crimes alleged in the Complaint.

16    **REQUEST FOR PRODUCTION NO. 285**:

17    All DOCUMENTS and COMMUNICATIONS RELATING to Peter Power or any entity

18    related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

19    or crimes alleged in the Complaint.

20    **REQUEST FOR PRODUCTION NO. 286**:

21    All DOCUMENTS and COMMUNICATIONS RELATING to Randall McIntyre or any

22    entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

23    incident(s) or crimes alleged in the Complaint.

24    **REQUEST FOR PRODUCTION NO. 287**:

25    All DOCUMENTS and COMMUNICATIONS RELATING to Rebecka Hiatt or any entity

26    related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

27    or crimes alleged in the Complaint.

28    **REQUEST FOR PRODUCTION NO. 288**:

1    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Rene Acuna</u> or any entity

2  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

3  or crimes alleged in the Complaint.

4  **REQUEST FOR PRODUCTION NO. 288**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Rene Blanchette</u> or any

6  entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

7  incident(s) or crimes alleged in the Complaint.

8  **REQUEST FOR PRODUCTION NO. 289**:

9    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Richard F Bertram</u> or any

10  entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

11  incident(s) or crimes alleged in the Complaint.

12  **REQUEST FOR PRODUCTION NO. 290**:

13    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Robert (Bob) Lee</u> or any

14  entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

15  incident(s) or crimes alleged in the Complaint.

16  **REQUEST FOR PRODUCTION NO. 291**:

17    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Robert Valley</u> or any entity

18  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

19  or crimes alleged in the Complaint.

20  **REQUEST FOR PRODUCTION NO. 292**:

21    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Ron Chott</u> or any entity

22  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

23  or crimes alleged in the Complaint.

24  **REQUEST FOR PRODUCTION NO. 293**:

25    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Ron Myers</u> or any entity

26  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

27  or crimes alleged in the Complaint.

28  **REQUEST FOR PRODUCTION NO. 294**:

Case No. 3:20-cv-2013-VC

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED STATES OF AMERICA

1    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Ryan LaFountaine</u> or any
2   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
3   incident(s) or crimes alleged in the Complaint.

4   **REQUEST FOR PRODUCTION NO. 295**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Ryan Lucas</u> or any entity
6   related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
7   or crimes alleged in the Complaint.

8   **REQUEST FOR PRODUCTION NO. 296**:

9    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Scott Rogers</u> or any entity
10  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
11  or crimes alleged in the Complaint.

12  **REQUEST FOR PRODUCTION NO. 297**:

13   All DOCUMENTS and COMMUNICATIONS RELATING to <u>Sonja Hooks</u> or any entity
14  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
15  or crimes alleged in the Complaint.

16  **REQUEST FOR PRODUCTION NO. 298**:

17   All DOCUMENTS and COMMUNICATIONS RELATING to <u>Stan Donovan (Suzan)</u> or
18  any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
19  incident(s) or crimes alleged in the Complaint.

20  **REQUEST FOR PRODUCTION NO. 299**:

21   All DOCUMENTS and COMMUNICATIONS RELATING to <u>Stephen Embrey</u> or any
22  entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or
23  incident(s) or crimes alleged in the Complaint.

24  **REQUEST FOR PRODUCTION NO. 300**:

25   All DOCUMENTS and COMMUNICATIONS RELATING to <u>Steve Folk</u> or any entity
26  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)
27  or crimes alleged in the Complaint.

28  **REQUEST FOR PRODUCTION NO. 301**:

1    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Sylvan Horning</u> or any entity

2  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

3  or crimes alleged in the Complaint.

4  **REQUEST FOR PRODUCTION NO. 302**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Ted Spoltore</u> or any entity

6  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

7  or crimes alleged in the Complaint.

8  **REQUEST FOR PRODUCTION NO. 303**:

9    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Tim Gallant</u> or any entity

10  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

11  or crimes alleged in the Complaint.

12  **REQUEST FOR PRODUCTION NO. 304**:

13    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Tom Bowen Sr</u> or any entity

14  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

15  or crimes alleged in the Complaint.

16  **REQUEST FOR PRODUCTION NO. 305**:

17    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Tom Reinhart</u> or any entity

18  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

19  or crimes alleged in the Complaint.

20  **REQUEST FOR PRODUCTION NO. 306**:

21    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Tommy Bowen (TNT)</u> or

22  any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

23  incident(s) or crimes alleged in the Complaint.

24  **REQUEST FOR PRODUCTION NO. 307**:

25    All DOCUMENTS and COMMUNICATIONS RELATING to <u>Tyler Hoff</u> or any entity

26  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

27  or crimes alleged in the Complaint.

28  **REQUEST FOR PRODUCTION NO. 308**:

1    All DOCUMENTS and COMMUNICATIONS RELATING to Warren (Kemp) Lowder or

2    any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

3    incident(s) or crimes alleged in the Complaint.

4    **REQUEST FOR PRODUCTION NO. 309**:

5    All DOCUMENTS and COMMUNICATIONS RELATING to Wayne Wadson or any entity

6    related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

7    or crimes alleged in the Complaint.

8    **REQUEST FOR PRODUCTION NO. 310**:

9    All DOCUMENTS and COMMUNICATIONS RELATING to William McLean or any

10   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

11   incident(s) or crimes alleged in the Complaint.

12   **REQUEST FOR PRODUCTION NO. 311**:

13   All DOCUMENTS and COMMUNICATIONS RELATING to William Steven Greenslade

14   or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES

15   or incident(s) or crimes alleged in the Complaint.

16   **REQUEST FOR PRODUCTION NO. 312**:

17   All DOCUMENTS and COMMUNICATIONS RELATING to Richard "Dick" Gray or any

18   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

19   incident(s) or crimes alleged in the Complaint.

20   **REQUEST FOR PRODUCTION NO. 310**:

21   All DOCUMENTS and COMMUNICATIONS RELATING to Jamie Wright or any entity

22   related to her, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

23   or crimes alleged in the Complaint.

24   **REQUEST FOR PRODUCTION NO. 311**:

25   All DOCUMENTS and COMMUNICATIONS RELATING to Kristopher Martinez  or any

26   entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or

27   incident(s) or crimes alleged in the Complaint.

28

**REQUEST FOR PRODUCTION NO. 312**:

All DOCUMENTS and COMMUNICATIONS RELATING to Shalu Maheshwari or any entity related to her, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 313**:

All DOCUMENTS and COMMUNICATIONS RELATING to  Imran Khaliq or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 314**:

All DOCUMENTS and COMMUNICATIONS RELATING to Blockchain Entertainment, Inc   or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 315**:

All DOCUMENTS and COMMUNICATIONS RELATING to Anthony Morris or any entity related to her, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 316**:

All DOCUMENTS and COMMUNICATIONS RELATING to  Maurice Musiitwa or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 317**:

All DOCUMENTS and COMMUNICATIONS RELATING to Steve Whitton  or any entity related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s) or crimes alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 318**:

All DOCUMENTS and COMMUNICATIONS RELATING to Lisa Tippett

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED STATES OF AMERICA

1  or any entity related to her, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES

2  or incident(s) or crimes alleged in the Complaint.

3  **REQUEST FOR PRODUCTION NO. 319**:

4          All DOCUMENTS and COMMUNICATIONS RELATING to  Lex Abramoff or any entity

5  related to him, directly or indirectly and CLAIMANT, CLAIMANT'S ASSOCIATES or incident(s)

6  or crimes alleged in the Complaint.

17  Dated:  May 26, 2020

19                                          By:  _____

20                                                Rowland Marcus Andrade
                                                  In Pro Se and Claimant

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED
STATES OF AMERICA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May 2020, I served the foregoing **IN PRO SE AND CLAIMANT ROWLAND MARCUS ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF UNITED STATES OF AMERICA** on the Plaintiff's attorney by email and mailing the document via U.S. First Class Mail to:

Chris Kaltsas
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102

_____
Rowland Marcus Andrade

ANDRADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, UNITED STATES OF AMERICA

# EXHIBIT A

## ATTACHMENT B

*Property to be seized*

1.     All records relating to violations of 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1349 (conspiracy to commit mail, wire, or bank fraud), 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 1344 (bank fraud), 18 U.S.C. § 1956 (money laundering); 18 U.S.C. § 1957 (money laundering.); and 2 U.S.C. § 1606 (Lobbying Disclosure Act), those violations involving JACK ABRAMOFF, MARCUS ANDRADE, JAPHETH DILLMAN, and PAUL ERICKSON, and occurring after January 1, 2015, including:

   a.   Records and information relating to the following individuals and entities:

   - Dana Rohrabacher and members of his staff;
   - Marcus Andrade
   - Japheth Dillman
   - AML BitCoin
   - Landfair Capital Consulting
   - Sepo Holdings and Eli Zicherman
   - Muzin Capital Partners
   - Ghost Management Group
   - Pangea LLC
   - Brian Darling and Darling Associates
   - Shalli Kumar
   - Paul Erickson
   - "ADI," "Kroll Global," "Rothschild Public Affairs," and "Erickson Group."
   - Chase Kroll

Confidential

DLA_0024646

ROWLAND MARCUS ANDRADE
9414 Plaza Point Drive
Missouri City, Texas 77459   USA

In Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ONE PARCEL OF REAL PROPERTY LOCATED AT 9414 PLAZA POINT DRIVE, MISSOURI CITY, TEXAS 77459,<br><br>        Defendant.<br><br>ROWLAND MARCUS ANDRADE,<br><br>        Claimant. | Case No. 3:20-cv-2013-VC<br><br>**IN PRO SE AND CLAIMANT ROWLAND MARCUS ANDRADE'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF UNITED STATES OF AMERICA**<br><br>Date:     June 26, 2020<br>Time:    10:00 AM<br>Place:   ROWLAND MARCUS ANDRADE,<br>          7324 Southwest Freeway, Suite 600<br>          Houston, Texas 77074, USA<br><br>Trial Date:      None Set |

PROPOUNDING PARTY:    In Pro Se and Claimant Rowland Marcus Andrade

RESPONDING PARTY:    Plaintiff United States of America

SET NO.:    One

     In Pro Se and Claimant Rowland Marcus Andrade hereby serves upon Plaintiff United States of America ("Plaintiff") the following Requests for Admission, each of which must be answered fully, separately, and pursuant in all respects to Rule 36 of Federal Rules in Civil Procedure.

     The   inspection   shall   take   place   at   ROWLAND   MARCUS   ANDRADE,   7327 SOUTHWEST FREEWAY, SUITE 600, HOUSTON, TX,  77074 USA, on June 26, 2020, at 10:00

1  AM, unless other mutually agreeable arrangements are made between counsel of record, and shall

2  continue for so long as may be reasonably required.

3

4  **DEFINITIONS AND INSTRUCTIONS**

5    1.    "PERSON(S)" includes any natural person, firm, association, organization,

6  partnership, business, trust, corporation, governmental or public entity or any other form of legal

7  entity.

8    2.    "DOCUMENT" or "DOCUMENTS" shall mean all documents, electronically stored

9  information, and tangible things as described in Rule 34 of the Federal Rules of Civil Procedure,

10  including without limitation all written and graphic matter and all other means of recording

11  information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced,

12  reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and

13  computer-retrievable information, copies and duplicates that are marked with any notation or

14  annotation or otherwise differ in any way from the original, correspondence, memoranda, reports,

15  notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders,

16  ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons

17  attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses,

18  directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or

19  guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices,

20  advertisements and promotional materials, audited and unaudited financial statements, trade letters,

21  trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical

22  records, facsimiles, telegrams and telecopies, and audiotapes.  Each draft, annotated, or otherwise

23  non-identical copy is a separate DOCUMENT within the meaning of this term.  DOCUMENTS

24  shall also include any removable sticky notes, flags, or other attachments affixed to any of the

25  foregoing, as well as the files, folder tabs, and labels appended to or containing any documents.

26  DOCUMENTS expressly include all ELECTRONIC RECORDS.

27    3.    "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when

28  the original is not available) and any non-identical copies (whether non-identical because of notes

made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment. ELECTRONIC RECORDS includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

4.    "COMMUNICATION(S)" means any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes or seminars.

5.    "RELATING TO," "RELATED TO" or "RELATE(S) TO" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

6.    "CLAIMANT" shall mean Claimant in Pro Se and Claimant Rowland Marcus Andrade.

7.    "ASSOCIATES" shall mean the following individuals: JD, Japheth Dillman, AML Bitcoin, NAC Foundation, AtenCoin, and ABTC. This includes everyone in Exhibit A, along with people government believes "CLAIMANT" associated with or in involved with criminal activity directly or indirectly.

8.    "PLAINTIFF," "YOU" and "YOUR" shall mean Plaintiff United States of America

1    and all of its employees and agents, including attorneys, or other PERSONS acting on its behalf.

2    "AGENT's" shall also mean any federal agent including FBI Agent Rohan Wynar, FBI Agent Ethan

3    Quinn, and IRS Agent Bryan Wong.

4           9.     "DEFENDANT" or the "PROPERTY" shall mean the defendant parcel of real

5    property located at the address 9414 Plaza Point Drive, Missouri City, Texas 77459.

6    "DEFENDANT" shall also include "CLAIMANT" since government is alleging, he committed

7    illegal crimes as stated in the compliant.

8          Whenever possible, the singular form of a word shall be interpreted in the plural or vice

9    versa; verb tenses shall be interpreted to include past, present and future tenses; the terms "and" as

10   well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within

11   the scope of these interrogatories any information that might otherwise be considered outside their

12   purview; and words imparting the masculine shall include the feminine and vice versa.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that the PROPERTY was purchased by CLAIMANT with lawful funds.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the PROPERTY was purchased by CLAIMANT with proceeds that were not traceable to any unlawful offense that is a specified activity as alleged in the Complaint.

**REQUEST FOR ADMISSION NO. 3:**

Admit that CLAIMANT did not engage in a scheme to defraud individuals or investors as alleged in Paragraphs 8 and 9 of the Complaint.

**REQUEST FOR ADMISSION NO. 4:**

Admit that CLAIMANT and/or his ASSOCIATES did not induce numerous individuals to invest into the cryptocurrency through materially false and misleading statements as alleged in Paragraph 9 of the Complaint.

**REQUEST FOR ADMISSION NO. 5:**

Admit that CLAIMANT and/or his ASSOCIATES did not make false statements regarding business arrangements CLAIMANT and/or his ASSOCIATES had with government agencies and ports as alleged in Paragraph 9 of the Complaint.

**REQUEST FOR ADMISSION NO. 6:**

Admit that CLAIMANT had no individual contact with "VICTIM ONE" prior to "VICTIM ONE"'s transfer of funds to JD's investment fund in January, 2018.

**REQUEST FOR ADMISSION NO. 7:**

Admit that CLAIMANT had no individual contact with JD or David Mata concerning "VICTIM ONE" prior to "VICTIM ONE"'s transfer of funds to JD's investment fund in January, 2018.

**REQUEST FOR ADMISSION NO. 8**:

Admit that AML BitCoin launched on April 12, 2020.

**REQUEST FOR ADMISSION NO. 9**:

Admit that AML BitCoin Tokens was/is listed on public digital currency exchanges IDAX and HitBTC.

**REQUEST FOR ADMISSION NO. 10**:

Admit that at the time VICTIM ONE invested in CLAIMANT's cryptocurrency project, the cryptocurrency was under development.

**REQUEST FOR ADMISSION NO. 11**:

Admit that at the time VICTIM ONE invested in CLAIMANT's cryptocurrency project, millions of tokens representing the cryptocurrency had already been sold.

**REQUEST FOR ADMISSION NO. 12**:

Admit that at the time VICTIM ONE invested in CLAIMANT's cryptocurrency project, CLAIMANT was continuing to develop the cryptocurrency.

**REQUEST FOR ADMISSION NO. 13**:

Admit that as of May 8, 2020, CLAIMANT and the NAC has made meaningful progress towards developing either AtenCoin or AML Bitcoin.

**REQUEST FOR ADMISSION NO. 14**:

Admit that J.D. is a cooperating witness in PLAINTIFF's investigation of CLAIMANT.

**REQUEST FOR ADMISSION NO. 15**:

Admit that J.D. has been offered a plea deal for his cooperation in PLAINTIFF's investigation of CLAIMANT.

**REQUEST FOR ADMISSION NO. 16**:

Admit that J.D. is Japheth Dillman.

**REQUEST FOR ADMISSION NO. 17**:

Admit that VICTIM ONE is a cooperating witness in PLAINTIFF's investigation of CLAIMANT.

**REQUEST FOR ADMISSION NO. 18**:

Admit that VICTIM ONE is Benjamin Boyer.

**REQUEST FOR ADMISSION NO. 19**:

Admit that "Bryant Lee" is an alias of Bryan Wong, the Special Agent who verified the Complaint in this lawsuit.

**REQUEST FOR ADMISSION NO. 20**:

Admit that VICTIM ONE did not invest in cryptocurrency based on CLAIMANT and/or his ASSOCIATE(S) making any false or misleading statement.

**REQUEST FOR ADMISSION NO. 21**:

Admit that during November – December 2018, VICTIM ONE was contacted by Christopher Ray, an attorney hired by CLAIMANT, whose duty was to interview purchasers of digital currency from CLAIMANT or NAC FOUNDATION, LLC to make sure VICTIM ONE was not misled or a victim of fraud?

**REQUEST FOR ADMISSION NO. 22**:

Admit that VICTIM ONE never reported to Christopher Ray that there were any false or misleading statements when he purchased the cryptocurrency as alleged in the Complaint.

**REQUEST FOR ADMISSION NO. 23**:

Admit that VICTIM ONE was told by the broker, BBC, who was involved in the cryptocurrency purchase to ignore Christopher Ray's telephone calls and emails.

**REQUEST FOR ADMISSION NO. 24**:

Admit that FBI Agent Roahn Wyner contacted Cory and/or Brandi Jodoin, other investors and, prospective investors of CLAIMANT and CLAIMANT'S ASSOCIATES.

**REQUEST FOR ADMISSION NO. 25:**

Admit that FBI Agent Roahn Wyner told Cory and/or Brandi Jodoin and/or other investors and prospective investors that CLAIMANT had defrauded or misled them.

**REQUEST FOR ADMISSION NO. 26:**

Admit that FBI Agent Ethan Quinn contacted Cory and/or Brandi Jodoin, other investors and, prospective investors of CLAIMANT and CLAIMANT'S ASSOCIATES.

1

2    **REQUEST FOR ADMISSION NO. 27:**

3         Admit that FBI Agent Ethan Quinn told Cory and/or Brandi Jodoin and/or other investors

4    and prospective investors that CLAIMANT had defrauded or misled them.

5    **REQUEST FOR ADMISSION NO. 28:**

6         Admit that Agent Brian Wong contacted investors and prospective investors of

7    CLAIMANT and CLAIMANT'S ASSOCIATES.

8    **REQUEST FOR ADMISSION NO. 29:**

9         Admit that Agent Brian Wong knows the true identity if Bryant Lee.

10   **REQUEST FOR ADMISSION NO. 30:**

11        Admit that the FBI was aware CLAIMANT had contracts to receive biometric related

12   services with his technology which included but not limited to Jumio, Authentic ID, Real ID, Direct

13   ID, MiiCard, ID Checker, Iamreal, Global ID, RealMe.

14   **REQUEST FOR ADMISSION NO. 31:**

15        Admit that the FBI was aware CLAIMANT had launched ATENCOIN on exchanges in

16   2015, prior to the Complaint.

17   **REQUEST FOR ADMISSION NO. 32:**

18        Admit that CLAIMANT has had no ownership interest in the following: Blockbits Capital

19   LLC, Blockbits Capital GP, or Blockbits AML Holdings LLC.

20   **REQUEST FOR ADMISSION NO. 33:**

21        Admit that CLAIMANT was a person of interest in the government's investigation into

22   General Michael Flynn.

23   **REQUEST FOR ADMISSION NO. 34:**

24        Admit that Jack Abramoff was a person of interest in the government's investigation into

25   General Michael Flynn.

26   **REQUEST FOR ADMISSION NO. 35:**

27        Admit that JD was in charge of all press releases for CLAIMANT dealing with AML

28   BITCOIN and the Port of San Francisco with Leslie Katz?

**REQUEST FOR ADMISSION NO. 36:**

Admit that agents of the FBI or Treasury informed "VICTIM ONE" that he could file a civil law suit against CLAIMANT.

**REQUEST FOR ADMISSION NO. 37:**

Admit that agents of the FBI or Treasury informed "VICTIM ONE" that he could receive 3 times in damages if he filed a lawsuit against CLAIMANT and won.

**REQUEST FOR ADMISSION NO. 38:**

Admit that prior to the Complaint, YOU were aware that Carlos De Laguardia, former Panamanian ambassador to the U.S., was handling AML Bitcoin's press releases regarding the currency's marketing in Panama.

**REQUEST FOR ADMISSION NO. 39:**

Admit that prior to the Complaint, YOU were aware that "VICTIM ONE" had filed a civil lawsuit against JD.

**REQUEST FOR ADMISSION NO. 40:**

Admit that FBI and/or Treasury agents utilized aliases to contact CLAIMANT while undercover, including but not limited to Twitter, Telegram, and Bitcoin Talk.

**REQUEST FOR ADMISSION NO. 41:**

Admit that any of the following agents have had discussions with "VICTIM ONE", whether verbal, text-message, via e-mail or other means, regarding their potential employment or contract for services outside their scope of current employment, either concurrently or after leaving their current government positions: Roahn Wyner, Ethan Quinn, and/or Brian Wong.

**REQUEST FOR ADMISSION NO. 42:**

Admit that agents Roahn Wyner and/or Ethan Quinn edited and/or revised any "302"s from their original submitted form regarding CLAIMANT and/or any of the individuals and/or entities listed on Exhibit A, including Associates of CLAIMENT.

**REQUEST FOR ADMISSION NO. 43:**

Admit that there are no communications that exist between CLAIMANT and anyone where the CLAIMANT discusses defrauding anyone.

**REQUEST FOR ADMISSION NO. 44:**

Admit that there are no communications that exist between CLAIMANT and anyone where the CLAIMANT discusses misleading anyone.

**REQUEST FOR ADMISSION NO. 45:**

Admit that there were communications between CLAIMANT and George Getz and John Langdon as well as others pertaining to the restructuring of the company.

**REQUEST FOR ADMISSION NO. 46:**

Admit that the CLAIMANT never sold any stock, to anyone pertaining to the Aten Coin, Aml Bitcoin Token, or the Aml Bitcoin.

**REQUEST FOR ADMISSION NO. 47:**

Admit that the CLAIMANT never sold any stock, to anyone pertaining to NAC Foundation, LLC.

**REQUEST FOR ADMISSION NO. 68:**

Admit that CLAIMANT never knowingly provided any false and misleading statements as alleged in Paragraph 9 of the Complaint.

**REQUEST FOR ADMISSION NO. 79:**

Admit that in the technology field, when saying that the we are months away from being finished, it could mean months away from finishing the product in a staging environment, a beta environment, or a production environment?

**REQUEST FOR ADMISSION NO. 50:**

Admit that development of the technology did have some setbacks that were out of the control of the CLAIMANT?

**REQUEST FOR ADMISSION NO. 51:**

Admit that CLAIMANT always believed at the times that the technology was near completion prior to any hiccups that may have occurred?

**REQUEST FOR ADMISSION NO. 52:**

Admit that government played a role in the delaying of the development of the digital currency.

**REQUEST FOR ADMISSION NO. 53:**

Admit that the government mislead the court by not revealing business relationship between "J.D"., "VICTIM ONE" and "BlockBits AML Holdings, LLC.".

**REQUEST FOR ADMISSION NO. 54:**

Admit that the government regardless of the extent, did indeed committed perjury?

**REQUEST FOR ADMISSION NO. 55:**

Admit that VICTIM ONE did not invest in cryptocurrency based any false or misleading statements that "CLAIMANT" made.

**REQUEST FOR ADMISSION NO. 56:**

Admit that VICTIM ONE told my "J.D." not to communicate with Christopher Ray, an attorney hired by CLAIMANT, whose duty was to interview purchasers of digital currency from CLAIMANT or NAC FOUNDATION, LLC to make sure no direct purchaser is misled or a victim of fraud?

**REQUEST FOR ADMISSION NO. 57:**

Admit that VICTIM ONE told my "David Mata." not to communicate with Christopher Ray, an attorney hired by CLAIMANT, whose duty was to interview purchasers of digital currency from CLAIMANT or NAC FOUNDATION, LLC to make sure no direct purchaser is misled or a victim of fraud?

**REQUEST FOR ADMISSION NO. 58:**

Admit that VICTIM ONE told my the government not to communicate with Christopher Ray, an attorney hired by CLAIMANT, whose duty was to interview purchasers of digital currency from CLAIMANT or NAC FOUNDATION, LLC to make sure no direct purchaser is misled or a victim of fraud?

1  **REQUEST FOR ADMISSION NO. 59:**

2    Admit that agents of the FBI or Treasury informed "VICTIM ONE" that he could file a civil

3  law suit against CLAIMANT and receive 3 times the amount of his damages.

4  **REQUEST FOR ADMISSION NO. 60:**

5    Admit that prior to the Complaint, YOU were aware that "VICTIM ONE" had filed a civil

6  lawsuit against J.D. and he did not take legal action against the "CLAIMANT."

7  **REQUEST FOR ADMISSION NO. 61:**

8    Admit that any of the following agents that "VICTIM ONE" is a multimillionaire?

9  **REQUEST FOR ADMISSION NO. 62:**

10    Admit that Agent Bryan Wong regardless of the extent, did indeed committed perjury?

11  **REQUEST FOR ADMISSION NO. 63**:

12    Admit that the government was aware that "VICTIM ONE" tried to extort "CLAIMANT."

13  **REQUEST FOR ADMISSION NO. 64**:

14    Has Agent Wynar ever received any type of funds, or gifts, including the paying of meals

15  from Ben Boyer?

16  **REQUEST FOR ADMISSION NO. 65**:

17    Admit that VICTIM ONE told my "David Mata." not to communicate with Christopher Ray,

18  an attorney hired by CLAIMANT, whose duty was to interview purchasers of digital currency from

19  CLAIMANT or NAC FOUNDATION, LLC to make sure no direct purchaser is misled or a victim

20  of fraud?

21  **REQUEST FOR ADMISSION NO. 66**:

22    Admit that VICTIM ONE told my the government not to communicate with Christopher

23  Ray, an attorney hired by CLAIMANT, whose duty was to interview purchasers of digital currency

24  from CLAIMANT or NAC FOUNDATION, LLC to make sure no direct purchaser is misled or a

25  victim of fraud?

26  **REQUEST FOR ADMISSION NO. 67:**

27    Admit that agents of the FBI or Treasury informed "VICTIM ONE" that he could file a civil

28  law suit against CLAIMANT and receive 3 times the amount of his damages.

**REQUEST FOR ADMISSION NO. 68:**

Admit that prior to the Complaint, YOU were aware that "VICTIM ONE" had filed a civil lawsuit against J.D. and he did not take legal action against the "CLAIMANT."

**REQUEST FOR ADMISSION NO. 69:**

Admit that any of the following agents that "VICTIM ONE" is a multimillionaire?

**REQUEST FOR ADMISSION NO. 70**:

Did the government manipulate email(s) pertaining to Andrade, defendant, or any Associates, or any witnesses?

**REQUEST FOR ADMISSION NO. 71**:

Is the government taking all precautionary steps to make sure the FBI Agent "WYNAR", "QUINN" and the IRS Agent "WONG", do not lose or delete any of the data in there phone phones?

**REQUEST FOR ADMISSION NO. 72**:

Has the government taken a backup copy of the FBI Agent "WYNAR", "QUINN" and the IRS Agent "WONG's" personal mobile devices to ensure all relevant communications have been saved?

**REQUEST FOR ADMISSION NO. 73**:

Is the government aware of any investigation related data being destroyed, lost, or transferred out of its possession?

**REQUEST FOR ADMISSION NO. 74**:

Has the government or any of its agents ever communicated with the Central Intelligence Agency regarding Andrade and or his alleged associations which include Jack Abramoff?

**REQUEST FOR ADMISSION NO. 75**:

Is the government and its agents still investigating Russia Collusion?

**REQUEST FOR ADMISSION NO. 76**:

Is the government and tis agents still investigating General Michael Flynn?

**REQUEST FOR ADMISSION NO. 77**:

Prior to filing the compliant, did the government inform U.S. Attorney David Anderson how this investigation originally started?

1

2  **REQUEST FOR ADMISSION NO. 78**:

3      Did U.S. Attorney David Anderson know anything about this investigation?

4  **REQUEST FOR ADMISSION NO. 79**:

5      Has the government ever submitted any false or misleading statement about Andrade in

6  relation to this forfeiture action or alleged crimes to any Judge?

7  **REQUEST FOR ADMISSION NO. 80**:

8      Has the government ever submitted withheld and exculpatory evidence about Andrade in

9  relation to this forfeiture action or alleged crimes to any Judge?

10  **REQUEST FOR ADMISSION NO. 81**:

11      Was Fintech Fund, FLP ever involved a stock sale with NAC or NAC Payroll Services

12  prior to filing the compliant?

13  **REQUEST FOR ADMISSION NO. 82**:

14      Did the government know or have contact with Ben Boyer in September of 2018?

15  **REQUEST FOR ADMISSION NO. 83**:

16      Did the government know or have contact with Ben Boyer in August of 2018?

17  **REQUEST FOR ADMISSION NO. 84**:

18      Did the government know or have contact with Ben Boyer in July of 2018?

19  **REQUEST FOR ADMISSION NO. 85**:

20      Did the government know or have contact with Ben Boyer in June of 2018?

21  **REQUEST FOR ADMISSION NO. 86**:

22      Did the government know or have contact with Ben Boyer in May of 2018?

23  **REQUEST FOR ADMISSION NO. 87**:

24      Did the government know or have contact with Ben Boyer in April of 2018?

25  **REQUEST FOR ADMISSION NO. 88**:

26      Did the government know or have contact with Ben Boyer in March of 2018?

27  **REQUEST FOR ADMISSION NO. 89**:

28      Did the government know or have contact with Ben Boyer in February of 2018?

1    **REQUEST FOR ADMISSION NO. 90**:

2       Did the government know or have contact with Ben Boyer in January of 2018?

3    **REQUEST FOR ADMISSION NO. 91**:

4       Did the government have any communications directly or indirectly in 2017?

5    **REQUEST FOR ADMISSION NO. 92**:

6       Did the government ever discuss the CLAIMANT potentially taking legal action against

7    them?

8    **REQUEST FOR ADMISSION NO. 93**:

9       Was the government aware that CLAIMANT was in the process of taking legal actions

10    against the Agent WYNAR, QUINN, and WONG?

11    **REQUEST FOR ADMISSION NO. 94**:

12       Did the government know that Fintech Fund, FLP was originally involved in a stock sale

13    with NAC or NACP prior to filing the compliant?

14    **REQUEST FOR ADMISSION NO. 95**:

15       Did the government know that Fintech Fund, FLP owned controlling interest in Cross

16    Verify Limited prior to filing the compliant?

17    **REQUEST FOR ADMISSION NO. 96**:

18       Did the government know prior to filing the compliant that Fintech Fund, FLP started

19    funding NAC's technology development?

20    **REQUEST FOR ADMISSION NO. 97**:

21       Did the government know prior to filing the compliant that NAC still owes Fintech Fund,

22    FLP money?

23    **REQUEST FOR ADMISSION NO. 98**:

24       Was the filing of the compliant retaliation against CLAIMANT?

25    **REQUEST FOR ADMISSION NO. 99**:

26       Was the filing of the compliant against Andrade a form of punishment for filing a Civil

27    Rights compliant which included Agent Wong?

28    **REQUEST FOR ADMISSION NO. 100**:

1    Did the Department of Justice see any of the real facts pertaining to this compliant prior to

2    his office or staff filing it?

3    **REQUEST FOR ADMISSION NO. 101**:

4    Did the government try to setup Andrade for a convictable offense?

5    **REQUEST FOR ADMISSION NO. 102**:

6    Did the government know that the agent(s) were telling people that Andrade was a fraud?

7    **REQUEST FOR ADMISSION NO. 103**:

8    Is it common practice for the Agents to deliberately leave behind anything supportive to a

9    defendant during a search and seizure?

10   **REQUEST FOR ADMISSION NO. 104**:

11   Did the agents contact Securities and Exchange Agent Alice Jensen?

12   **REQUEST FOR ADMISSION NO. 105**:

13   Did the agents ask SEC Agent Alice Jensen to contact anyone that resided outside of the

14   United States on their behalf?

15   **REQUEST FOR ADMISSION NO. 106**:

16   Did the government ask Japheth Dillman to try to get Andrade to join BlockBits Capital,

17   Inc, or Blockbits Capital, LLC or any Japheth Dillman company?

18   **REQUEST FOR ADMISSION NO. 107**:

19   Did the agents ask  Japheth Dillman to try to get "CLAIMANT" to join BlockBits Capital,

20   Inc, or Blockbits Capital, LLC or any Japheth Dillman company?

21   **REQUEST FOR ADMISSION NO. 108**:

22   In trying to determine the facts including the state of mind of the Agents during this

23   investigation; has the agents ever been accused of trying to sweeten the evidence, or manipulate it

24   in an effort to make a crime stick current in this current investigation, or in any previous

25   investigation.

26   **REQUEST FOR ADMISSION NO. 109**:

27

28

When the agents did a search and seizure of Andrade's office, they asked one of Andrade's associates, where is the narcotics. Is it standard for the government in San Francisco to believe that every minority is selling narcotics?

**REQUEST FOR ADMISSION NO. 110**:

Is Jack Abramoff a government informant?

**REQUEST FOR ADMISSION NO. 111**:

Is Jack Abramoff providing favorable information against any politician in return for favorable treatment?

**REQUEST FOR ADMISSION NO. 112**:

Will the government hand over all documents and communications related to Bryant Lee.

**REQUEST FOR ADMISSION NO. 113**:

Did the government tell Cory Jodoin or Brandi Jodoin not tell CLAIMANT that they were interviewed in 2018 and if they must, tell CLAIMANT they were interviewed in 2019?

**REQUEST FOR ADMISSION NO. 114**:

Has the government seen the depositions of Cory and Brandy Jodoin?

**REQUEST FOR ADMISSION NO. 115**:

Did the government tell Dick Gray or Jerrell Clay that Andrade was a fraud, or a scam, or had no technology?

**REQUEST FOR ADMISSION NO. 116**:

Is Agent Rohan Wynar under any type of disciplinary actions?

**REQUEST FOR ADMISSION NO. 117**:

Is Agent Bryan Wong under any type of disciplinary actions?

**REQUEST FOR ADMISSION NO. 118**:

Is Agent Ethan Quinn under any type of disciplinary actions?


**REQUEST FOR ADMISSION NO. 119**:

Did the government have prior communications with Ben Boyer prior to October of 2018?

**REQUEST FOR ADMISSION NO. 120**:

1    Did the government instruct JD or BlockBits Capital or David Mata to have Andrade enter

2    into a direct agreement with Ben Boyer?

3    **REQUEST FOR ADMISSION NO. 121**:

4    Did Jack Abramoff commit a crime?

5    **REQUEST FOR ADMISSION NO. 122**:

6    Do you have any documents to show that Andrade knew a crime was being committed?

7    **REQUEST FOR ADMISSION NO. 123**:

8    Does the government view Jack Abramoff as Andrade's associate?

9    **REQUEST FOR ADMISSION NO. 124**:

10    Does the government view Cory Jodoin as Andrade's associate?

11    **REQUEST FOR ADMISSION NO. 125**:

12    Does the government view Dana Rohrabacher as Andrade's associate?

13    **REQUEST FOR ADMISSION NO. 126**:

14    Does the government view Dana Rohrabacher's staff as Andrade's associates?

15    **REQUEST FOR ADMISSION NO. 127**:

16    Does the government view David Mata as Andrade's associate?

17    **REQUEST FOR ADMISSION NO. 128**:

18    Does the government view John Byran as Andrade's associate?

19    **REQUEST FOR ADMISSION NO. 129**:

20    Does the government view Muzin Capital Partner's as Andrade's associate?

21    **REQUEST FOR ADMISSION NO. 130**:

22    Does the government view David Cohen as Andrade's associate?

23    **REQUEST FOR ADMISSION NO. 131**:

24    Did the government apply or ever get a FISA warrant on "Claimant"?

25    **REQUEST FOR ADMISSION NO. 132**:

26    Did the government apply or ever get a FISA warrant on any of CLAIMANT's

27    ASSOCIATES?

28    **REQUEST FOR ADMISSION NO. 133**:

1    Does the government view Neil Sunkin as Andrade's associate?

2    **REQUEST FOR ADMISSION NO. 134**:

3    Does the government view David Salmon as Andrade's associate?

4    **REQUEST FOR ADMISSION NO. 135**:

5    Does the government view Michael Flynn as Andrade's associate?

6    **REQUEST FOR ADMISSION NO. 136**:

7    Does the government view Carlso Delaguardia as Andrade's associate?

8    **REQUEST FOR ADMISSION NO. 137**:

9    Does the government view Richardo "Catin" Vasques as Andrade's Associate?

10    **REQUEST FOR ADMISSION NO. 138**:

11    Does the government view Leslie Katz as Andrade's associate?

12    **REQUEST FOR ADMISSION NO. 139**:

13    Does the government view Brandi Jodoin as Andrade's associate?

14    **REQUEST FOR ADMISSION NO. 140**:

15    Does the government view everyone listed on Exhibit A as an associate?

16    **REQUEST FOR ADMISSION NO. 141**:

17    Was Claimant's answer to the compliant misleading?

18    **REQUEST FOR ADMISSION NO. 142**:

19    Was Claimant's answer to the compliant false?

20    **REQUEST FOR ADMISSION NO. 143**:

21    Did the AUSA review the compliant before it was filed?

22    **REQUEST FOR ADMISSION NO. 144**:

23    Did the government do an adequate investigation into the Claimant?

24    **REQUEST FOR ADMISSION NO. 145**:

25    Did the government make any mistakes in this investigation?

26

27

28

1  **REQUEST FOR ADMISSION NO. 146**:

2       Does the government plan to retaliate against the "CLAIMANT"?

3

4

5

6

7

8  Dated:  May 26, 2020

9

10                                        By:  _____

11                                             Rowland Marcus Andrade
                                              In Pro Se and Claimant
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on this 26th day of May 2020, I served the foregoing **IN PRO SE AND**

3  **CLAIMANT ROWLAND MARCUS ANDRADE'S FIRST SET OF REQUESTS FOR**

4  **ADMISSION TO PLAINTIFF UNITED STATES OF AMERICA** on the Plaintiff's attorney by

5  email, e-filings, and mailing the document via U.S. First Class Mail to:

6          Chris Kaltsas
          Assistant United States Attorney
7          450 Golden Gate Avenue, 9th Floor
          San Francisco, California 94102

8

9

10

11                                    Rowland Marcus Andrade

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

<u>ATTACHMENT B</u>

*Property to be seized*

1.     All records relating to violations of 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1349 (conspiracy to commit mail, wire, or bank fraud), 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 1344 (bank fraud), 18 U.S.C. § 1956 (money laundering); 18 U.S.C. § 1957 (money laundering.); and 2 U.S.C. § 1606 (Lobbying Disclosure Act), those violations involving JACK ABRAMOFF, MARCUS ANDRADE, JAPHETH DILLMAN, and PAUL ERICKSON, and occurring after January 1, 2015, including:

    a.  Records and information relating to the following individuals and entities:

- Dana Rohrabacher and members of his staff;
- Marcus Andrade
- Japheth Dillman
- AML BitCoin
- Landfair Capital Consulting
- Sepo Holdings and Eli Zicherman
- Muzin Capital Partners
- Ghost Management Group
- Pangea LLC
- Brian Darling and Darling Associates
- Shalli Kumar
- Paul Erickson
- "ADI," "Kroll Global," "Rothschild Public Affairs," and "Erickson Group."
- Chase Kroll

DLA_0024646

ROWLAND MARCUS ANDRADE
9414 Plaza Point Drive
Missouri City, Texas 77459   USA

In Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>ONE PARCEL OF REAL PROPERTY LOCATED AT 9414 PLAZA POINT DRIVE, MISSOURI CITY, TEXAS 77459,<br><br>　　　　　　Defendant.<br><hr>ROWLAND MARCUS ANDRADE,<br><br>　　　　　　Claimant. | Case No. 3:20-cv-2013-VC<br><br>**IN PRO SE AND CLAIMANT ROWLAND MARCUS ANDRADE'S FIRST SET OF INTERROGATORIES TO PLAINTIFF UNITED STATES OF AMERICA**<br><br>Date:　　June 26, 2020<br>Time:　　10:00 AM<br>Place:　　ROWLAND MARCUS ANDRADE, 7324 Southwest Freeway, Suite 600 Houston, Texas 77074, USA<br><br>Trial Date:　　　　None Set |

PROPOUNDING PARTY:　　　In Pro Se and Claimant Rowland Marcus Andrade

RESPONDING PARTY:　　　Plaintiff United States of America

SET NO.:　　　　　One

　　　Pursuant to Rule 33 of the Federal Rules of Civil Procedure, In Pro Se and Claimant Rowland Marcus Andrade requests that Plaintiff United States of America answer the following interrogatories. The inspection shall take place at ROWLAND MARCUS ANDRADE, 7327 SOUTHWEST FREEWAY, SUITE 600, HOUSTON, TX,  77074 USA, on June 26, 2020, at 10:00

1   AM, unless other mutually agreeable arrangements are made between counsel of record, and shall

2   continue for so long as may be reasonably required.

3

4   **DEFINITIONS AND INSTRUCTIONS**

5       1.      "PERSON(S)" includes any natural person, firm, association, organization,

6   partnership, business, trust, corporation, governmental or public entity or any other form of legal

7   entity.

8       2.      "DOCUMENT" or "DOCUMENTS" shall mean all documents, electronically

9   stored information, and tangible things as described in Rule 34 of the Federal Rules of Civil

10  Procedure, including without limitation all written and graphic matter and all other means of

11  recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other

12  way produced, reproduced, or recorded, and including but not limited to: originals, drafts,

13  computer-sorted and computer-retrievable information, copies and duplicates that are marked with

14  any notation or annotation or otherwise differ in any way from the original, correspondence,

15  memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers,

16  invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks,

17  card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations,

18  evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements,

19  requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations,

20  charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial

21  statements, trade letters, trade publications, newspapers and newsletters, photographs, emails,

22  electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes.  Any draft,

23  annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this

24  term.  DOCUMENTS shall also include any removable sticky notes, flags, or other attachments

25  affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or

26  containing any documents.  DOCUMENTS expressly include all ELECTRONIC RECORDS.

27      3.      "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when

28  the original is not available) and any non-identical copies (whether non-identical because of notes

made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment. ELECTRONIC RECORDS includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with any original and non-identical copy.

4.      "COMMUNICATION(S)" means any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes or seminars.

5.      "RELATING TO," "RELATED TO" or "RELATE(S) TO" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

6.      "CLAIMANT" shall mean Claimant In Pro Se and Claimant Rowland Marcus Andrade.

7.      "ASSOCIATES" shall mean the following individuals: JD, Japheth Dillman, AML Bitcoin, NAC Foundation, AtenCoin, and ABTC. Shall also mean anyone the government believes is an Associate of Claimant relating to the crimes alleged in the compliant and / or any person that was including with "CLAIMANT's" on a subpoena, search and seizure wallet, or FISA application relating to one or more crimes alleged on the compliant.

8.     "PLAINTIFF," "YOU" and "YOUR" shall mean Plaintiff United States of America and all of its employees and agents, including attorneys, or other PERSONS acting on its behalf.

9.     "DEFENDANT" or the "PROPERTY" shall mean the defendant parcel of real property located at the address 9414 Plaza Point Drive, Missouri City, Texas 77459. "DEFENDANT" shall also mean "CLAIMANT" since compliant alleges "CLAIMANT" committed crimes that "PROPERTY" is reasonable for.

10.     Whenever possible, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these interrogatories any information that might otherwise be considered outside their purview; and words imparting the masculine shall include the feminine and vice versa.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State any and all facts that support or refute your allegation that CLAIMANT or those individuals on Exhibit A induced numerous individuals to invest into the cryptocurrency "through materially false and misleading statements regarding the status of the development of the cryptocurrency and the use of funds raised from investors," (as alleged by Paragraph 9 of the Complaint), including but not limited to the date on which any statement was made, who allegedly made the statement, who heard the statement, the name, address and telephone number of all persons who have knowledge of those facts; and identify all documents and other tangible things that support your response and state the name, address and telephone number of the person who has any document or thing.

**INTERROGATORY NO. 2:**

State any and all facts that support or refute your allegation that "Investors were also told false statements regarding business arrangements that CLAIMANT and his associates had purportedly made with government agencies and ports, falsely leading investors to believe CLAIMANT and his associates' statements about the prospects of the AML Bitcoin currency" (as alleged by Paragraph 9 of the Complaint), including but not limited to the date on which any statement was made, who allegedly made the statement, who heard the statement, the name, address and telephone number of all persons who have knowledge of those facts; and identify all documents and other tangible things that support your response and state the name, address and telephone number of the person who has any document or thing.

**INTERROGATORY NO. 3:**

State any and all facts that support or refute the allegation that "[i]n 2018, J.D. convinced an individual ("VICTIM ONE") to invest in the cryptocurrency project and to purchase so-called tokens that would be redeemable for the cryptocurrency AML Bitcoin at a later date," (as alleged in Paragraph 10 of the complaint) including but not limited to the date on which any statement was made, who allegedly made the statement, who heard the statement, the name, address and telephone number of all persons who have knowledge of those facts; and identify all documents and other

1  tangible things that support your response and state the name, address and telephone number of the

2  person who has any document or thing.

3  **INTERROGATORY NO. 4:**

4        Include all statements or representations YOU allege CLAIMANT made to "VICTIM ONE"

5  to induce him to transfer funds to JD's investment fund in January, 2018.

6  **INTERROGATORY NO. 5:**

7        Include all statements or representations YOU allege were made between CLAIMANT, JD,

8  and DAVID MATA, to support your allegation that CLAIMANT had knowledge of "VICTIM

9  ONE"'s upcoming transfer of funds into JD's investment fund in January, 2018 PRIOR to such

10  transfer.

11  **INTERROGATORY NO. 6:**

12        State any and all facts that support or refute your allegation that "VICTIM ONE invested

13  based on information provided and statements made by J.D., including that the cryptocurrency was

14  under development; that millions of tokens representing the cryptocurrency had been successfully

15  sold; and that his funds would be used to further the development of the cryptocurrency. ANDRADE

16  also falsely promised VICTIM ONE, among other investors, on numerous occasions that the launch

17  of the cryptocurrency was months away, notwithstanding that at the time of the statements

18  development ere minimal and not progressing" For any statements, include the date on which any

19  statement was made, who allegedly made the statement, who heard the statement, the name, address

20  and telephone number of all persons who have knowledge of those facts; and identify all documents

21  and other tangible things that support your response and state the name, address and telephone

22  number of the person who has any document or thing.

23  **INTERROGATORY NO. 7**:

24        For any person YOU plan to call to testify at trial, please (a) identify each person, (b) state

25  the matter on which the person is expected to testify, (c) state the substance of the anticipated

26  testimony, and (d) identify each and every DOCUMENT, including, but not limited to, any

27  statement of any person with knowledge of relevant facts that has been prepared by or reviewed by

28  the person who is expected to testify, with regard to the subject matter of this case.

**INTERROGATORY NO. 8:**

State any and all facts that describe the relationship or nexus between the PROPERTY, the CLAIMANT, the CLAIMANT ASSOCIATES and the alleged underlying criminal activity as stated in the compliant, including but not limited to the date on which any statement was made, who allegedly made the statement, who heard the statement, the name, address and telephone number of all persons who have knowledge of those facts; and identify all documents and other tangible things that support your response and state the name, address and telephone number of the person who has any document or thing.

**INTERROGATORY NO. 9:**

Have YOU filed criminal charges against any person or made any deals with anyone in relation to the alleged underlying crime or wrongdoing, and if so, against whom will those charges be filed or whom received the plea deals and what are the terms of the deals?

**INTERROGATORY NO. 10:**

Did YOU or any other person or entity prepare any preliminary, final, or other written reports of any kind concerning in any manner regarding the purchase of the PROPERTY?

If so: (a) identify the person who currently has custody of any report; (b) give the date of each report; (c) identify the author(s) of each report; and (d) identify the person who initially requested the preparation of each report.

**INTERROGATORY NO. 11**

Identify all persons who have knowledge of the facts alleged by the Complaint and state the last known address and phone number for each person identified.

**INTERROGATORY NO. 12**:

Identify all communications any agent of the United States has had with any person regarding CLAIMANT's cryptocurrency business activities as well as the cryptocurrency business activities of those individuals listed on Exhibit A, including (1) the date of any such communication, (2) the content of any such communication, including but not limited to any opinion stated by an agent of the United States, (3) the individuals between whom the communication occurred, and (4) any documents memorializing the communication.

1  **INTERROGATORY NO. 13**:

2      Identify all communications any agent of the United States has had with Cory or Brandi

3  Jodoin regarding CLAIMANT and/or the individuals listed on Exhibit A, along with any associates

4  of CLAIMANT, including (1) the date of any such communication, (2) the content of any such

5  communication, (3) the individuals between whom the communication occurred, and (4) any

6  documents memorializing the communication, if they exist.

7  **INTERROGATORY NO. 14**:

8      Identify every individual spoken to by investigators from the FBI, Department of Justice, or

9  Dept. of the Treasury as part of the FBI's investigation concerning Claimant and the individuals

10  listed on Exhibit A, along with Claimants Associates; including their name, date of interview,

11  manner of interview, and the name of the interviewer and anyone else present.

12   **INTERROGATORY NO. 15**:

13      State any and all facts that support or refute YOUR allegations that the  $747,000 that

14  CLAIMANT and his wife paid to purchase the PROPERTY are "traceable to the proceeds of the

15  cryptocurrency investment scheme including the funds of VICTIM ONE" (as set forth in

16  Paragraph 16 of the Complaint), including but not limited to the date on which any statement was

17  made, who allegedly made the statement, who heard the statement, the name, address and

18  telephone number of all persons who have knowledge of those facts; and identify all documents

19  and other tangible things that support your response and state the name, address and telephone

20  number of the person who has any document or thing.

21  **INTERROGATORY NO. 16**:

22      State any and all facts that support of refute your allegation in Paragraph 17 of the Complaint

23  that "VICTIM ONE would not have invested in the cryptocurrency had they known the funds would

24  be used to purchase the defendant property. [CLAIMANT] used the proceeds of the scheme to

25  defraud described above to purchase the defendant property",  including but not limited to, the date

26  on which any statement was made, who allegedly made the statement, who heard the statement, the

27  name, address and telephone number of all persons who have knowledge of those facts; and identify

28

1    all documents and other tangible things that support your response and state the name, address and

2    telephone number of the person who has any document or thing.

3    **INTERROGATORY NO. 17**:

4    State any and all facts that support or refute the allegations in Paragraph 24 of the Complaint

5    that the PROPERTY was involved in wire fraud or money laundering, or was the proceeds of wire

6    fraud, including but not limited the name, address and telephone number of all persons who have

7    knowledge of those facts; and identify all documents and other tangible things that support your

8    response, and state the name, address and telephone number of the person who has any document

9    or thing.

10    **INTERROGATORY NO. 18**:

11    Identify all persons YOU contend to be CLAIMANT's "associates" as the term "associates"

12    is used in Paragraph 9 of the Complaint and state the last known address and phone number for any

13    person identified.

14    **INTERROGATORY NO. 19**:

15    Identify any agreement, including but not limited to oral agreements, YOU have made with

16    any person to grant any form of immunity from criminal prosecution, plea deal, or any form of

17    personal benefit in exchange for information, cooperation, or testimony relating to YOUR criminal

18    investigation of CLAIMANT, or the individuals listed on Exhibit A.

19    **INTERROGATORY NO. 20**:

20    State any and all facts that describe how YOU became aware of VICTIM ONE, including

21    but not limited to the date on which any statement was made, who allegedly made the statement,

22    who heard the statement, the name, address and telephone number of all persons who have

23    knowledge of those facts; and identify all documents and other tangible things that support your

24    response and state the name, address and telephone number of the person who has any document or

25    thing.

26    **INTERROGATORY NO. 21**:

27    State any and all facts that support or refute your allegation that "ANDRADE and his close

28    associates, including individual J.D., engaged in a scheme to defraud wherein ANDRADE and his

1  associates stated that ANDRADE and his company, National AtenCoin Foundation ("NAC") were

2  working on a new cryptocurrency, at various times called AtenCoin, AML Bitcoin, and ABTC.

3  According to statements made by ANDRADE and his associates, the new cryptocurrency would

4  operate using various biometric verification mechanisms to render the cryptocurrency compliant

5  with anti-money laundering regulations, "know your customer" regulations, and various rules

6  governing the financial industry set forth in the PATRIOT Act" (as set forth in Paragraph 8 of the

7  Complaint), including but not limited to the date on which any statement was made, who allegedly

8  made the statement, who heard the statement, the name, address and telephone number of all persons

9  who have knowledge of those facts; and identify all documents and other tangible things that support

10  your response and state the name, address and telephone number of the person who has any

11  document or thing.

12  **INTERROGATORY NO. 22**:

13      State any and all facts that support or refute your allegation that " After J.D. obtained funds

14  from VICTIM ONE, he transferred those funds to another bank account held by a third party who

15  acted at the direction of {CLAIMANT] at JP Morgan Chase Bank, bearing an account number

16  ending in 7620 ("the DSA account"). Those funds eventually transferred to an account labeled as

17  belonging to NAC Payroll Services Inc. (the "payroll services account"), over which

18  [CLAIMANT]held signatory authority. VICTIM ONE also made deposits directly into the NAC's

19  "payroll services account"" (as set forth in Paragraph 12 of the Complaint), including but not limited

20  to the date on which any statement was made, who allegedly made the statement, who heard the

21  statement, the name, address and telephone number of all persons who have knowledge of those

22  facts; and identify all documents and other tangible things that support your response and state the

23  name, address and telephone number of the person who has any document or thing.

24  **INTERROGATORY NO. 23**:

25      State and all facts that support or refute your allegation that "VICTIM ONE's investments

26  are traceable to later transfers of funds from the NAC payroll services account to a bank account

27  labeled as the Fintech Fund" account at Wells Fargo Bank, bearing an account number ending in

28  9668 ("the Fintech Fund account")" (as set forth in Paragraph 13 of the Complaint), including but

1  not limited to the date on which any statement was made, who allegedly made the statement, who

2  heard the statement, the name, address and telephone number of all persons who have knowledge

3  of those facts; and identify all documents and other tangible things that support your response and

4  state the name, address and telephone number of the person who has any document or thing.

5  **INTERROGATORY NO. 24**:

6      State and all facts that support or refute your allegations (as set forth in Paragraph 14 of the

7  Complaint), that "[CLAIMANT], who was the sole signatory for the Fintech Fund account, further

8  transferred VICTIM ONE's funds, among others, to a bank account he held in his personal name at

9  Woodforest National Bank, bearing an account number ending in 0910 ("the Woodforest

10 ANDRADE account"). On April 11, 2018, [CLAIMANT] purchased cashier's check for

11 $226,150.90, payable to Nueces Title; and on May 10, 2018, [CLAIMANT] purchased cashier's

12 check for $730,538.89, payable to First American Title Company. Both checks were funded from

13 the Woodforest [CLAIMANT] account", including but not limited to the date on which any

14 statement was made, who allegedly made the statement, who heard the statement, the name, address

15 and telephone number of all persons who have knowledge of those facts; and identify all documents

16 and other tangible things that support your response and state the name, address and telephone

17 number of the person who has any document or thing.

18 **INTERROGATORY NO. 25**:

19     To the extent that any of YOUR responses to any of CLAIMANT's First Set of Requests for

20 Admission served on May 26, 2020 is other than an unqualified admission, for any response state:

21 (a) the corresponding request number, (b) all facts upon which YOU base YOUR response, (c) the

22 name, address and telephone number of all persons who have knowledge of those facts, (d) identify

23 all documents and other tangible things that support your response, and state the name, address and

24 telephone number of the person who has any document or thing.

25

26

27

28

Dated:  May 26, 2020

By: _____
Rowland Marcus Andrade
In Pro Se and Claimant

1

## CERTIFICATE OF SERVICE

2

    I hereby certify that on this 18th day of May 2020, I served the foregoing **IN PRO SE AND**

3

**CLAIMANT ROWLAND MARCUS ANDRADE'S FIRST SET OF INTERROGATORIES**

4

**TO PLAINTIFF UNITED STATES OF AMERICA** on the Plaintiff's attorney by, emailing and

5

mailing the document via U.S. First Class Mail to:

6

        Chris Kaltsas
        Assistant United States Attorney

7

        450 Golden Gate Avenue, 9th Floor
        San Francisco, California 94102

8

9

10

                         _____

11

                         Rowland Marcus Andrade

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

ATTACHMENT B

*Property to be seized*

1.      All records relating to violations of 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1349 (conspiracy to commit mail, wire, or bank fraud), 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 1344 (bank fraud), 18 U.S.C. § 1956 (money laundering); 18 U.S.C. § 1957 (money laundering.); and 2 U.S.C. § 1606 (Lobbying Disclosure Act), those violations involving JACK ABRAMOFF, MARCUS ANDRADE, JAPHETH DILLMAN, and PAUL ERICKSON, and occurring after January 1, 2015, including:

    a.    Records and information relating to the following individuals and entities:

- Dana Rohrabacher and members of his staff;
- Marcus Andrade
- Japheth Dillman
- AML BitCoin
- Landfair Capital Consulting
- Sepo Holdings and Eli Zicherman
- Muzin Capital Partners
- Ghost Management Group
- Pangea LLC
- Brian Darling and Darling Associates
- Shalli Kumar
- Paul Erickson
- "ADI," "Kroll Global," "Rothschild Public Affairs," and "Erickson Group."
- Chase Kroll

Confidential