SOLMAZ S. ANDRADE
9414 Plaza Point Drive
Missouri City, Texas 77459  USA

In Pro Se

FILED
MAY 26 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE PARCEL OF REAL PROPERTY LOCATED AT 9414 PLAZA POINT DRIVE, MISSOURI CITY, TEXAS 77459,<br><br>Defendant.<br><br>SOLMAZ S. ANDRADE,<br><br>Claimant. | Case No. CV 20-02013-VC<br><br>**SOLMAZ S. ANDRADE'S ANSWER TO COMPLAINT FOR CIVIL FORFEITURE *IN REM***<br><br>Trial Date:        None Set |

Pursuant to Supplemental Rule G(5)(b) and Rule 8(b) of the Federal Rules of Civil Procedure, SOLMAZ S. ANDRADE, In Pro Se ("Claimant" or "S.S. Andrade"), answers the Complaint of Plaintiff ("Plaintiff"). If an averment is not specifically admitted, it is hereby denied.

**ANSWER TO COMPLAINT**

1. Answering Paragraph 1, S. Andrade states that the allegations contain only legal conclusions and/or argument and this answering Claimant has insufficient information to admit or deny this allegation and therefore denies same.

///

///

2. Answering Paragraph 2, S. Andrade states that the allegations contain only legal conclusions and argument and this answering Claimant has insufficient information to admit or deny this allegation and therefore denies same.

3. Answering Paragraph 3, S. Andrade states that the allegations contain only legal conclusions and argument and this answering Claimant has insufficient information to admit or deny this allegation and therefore denies same.

4. Answering Paragraph 4, S. Andrade states that the allegations contain only legal conclusions and argument and this answering Claimant has insufficient information to admit or deny this allegation and therefore denies same.

5. Answering Paragraph 5, S. Andrade states that the allegations contain only legal conclusions and argument and this answering Claimant has insufficient information to admit or deny this allegation and therefore denies same.

6. Answering Paragraph 6, S. Andrade admits the allegations contained therein.

7. Answering Paragraph 7, S. Andrade admits the allegations contained therein.

8. Answering Paragraph 8, S. Andrade lacks sufficient information and knowledge to admit or deny these allegations and therefore denies the same.

9. Answering Paragraph 9, S. Andrade denies each and every allegation contained therein.

10. Answering Paragraph 10, S. Andrade lacks sufficient information and knowledge to admit or deny these allegations and therefore denies the same.

11. Answering Paragraph 11, S. Andrade lacks sufficient information and knowledge to admit or deny these allegations and therefore denies the same.

12. Answering Paragraph 12, S. Andrade lacks sufficient information and knowledge to admit or deny these allegations and therefore denies the same.

13. Answering Paragraph 13, S. Andrade lacks sufficient information and knowledge to admit or deny these allegations and therefore denies the same.

14. Answering Paragraph 14, S. Andrade lacks sufficient information and knowledge to admit or deny these allegations and therefore denies the same.

15. Answering Paragraph 15, S. Andrade admits that on May 10, 2018, she and her husband purchased the RESIDENCE from a Texas homebuilding firm.

16. Answering Paragraph 16, S. Andrade lacks sufficient information and knowledge to admit or deny these allegations and therefore denies the same.

17. Answering Paragraph 17, S. Andrade lacks sufficient information and knowledge to admit or deny these allegations and therefore denies the same.

18. Answering Paragraph 18, S. Andrade incorporates by reference the answer to each allegation in paragraphs 1 through 12 as though fully set forth herein.

19. Answering Paragraph 19, S. Andrade lacks sufficient information and knowledge to admit or deny these allegations and therefore denies the same.

20. Answering Paragraph 20, S. Andrade lacks sufficient information and knowledge to admit or deny these allegations and therefore denies the same.

21. Answering Paragraph 21, S. Andrade lacks sufficient information and knowledge to admit or deny these allegations and therefore denies the same.

22. Answering Paragraph 22, S. Andrade lacks sufficient information and knowledge to admit or deny these allegations and therefore denies the same.

23. Answering Paragraph 23, S. Andrade lacks sufficient information and knowledge to admit or deny these allegations and therefore denies the same.

24. Answering Paragraph 24, S. Andrade lacks sufficient information and knowledge to admit or deny these allegations and therefore denies the same.

## **AFFIRMATIVE DEFENSES**

Claimant pleads the following separate defenses. Claimant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

///

///

///

///

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Claimant alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Noncompliance with Supplemental Rule G)

2. As a separate and second affirmative defense to the Complaint, and to the purported causes of action set forth therein, Claimant states that Plaintiff's Complaint does not comply with the requirement of Supplemental Rule G to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."

## THIRD AFFIRMATIVE DEFENSE

### (No Violation of Criminal Law)

3. As a separate and third affirmative defense to the Complaint, and to the purported causes of action set forth therein, Claimant alleges that the defendant property was not involved in a violation of any federal criminal law, including wire fraud or any other criminal law identified in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Innocent Owner)

4. As a separate and fourth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Claimant alleges that he is an innocent owner under 18 U.S.C. § 983(d), and so the RESIDENCE is not subject to forfeiture.

## FIFTH AFFIRMATIVE DEFENSE

### (Excessive Forfeiture)

5. As a separate and fifth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Claimant alleges that forfeiture of the RESIDENCE is disproportionately excessive under 18 U.S.C. § 983(g) and the Eighth Amendment of the Constitution.

### SIXTH AFFIRMATIVE DEFENSE

### (Appropriations Clause)

6. As a separate and sixth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Claimant alleges that forfeiture is barred under the Appropriate Clause to the United States Constitution (Article I, § 9, Cl. 7) because the forfeiture statutes, 18 U.S.C. § 981, et seq., enable the Department of Justice Asset Forfeiture Fund to bypass the United States Treasury and to become self-funding.

### SEVENTH AFFIRMATIVE DEFENSE

### (Fourth Amendment)

7. Plaintiff's seizure of the defendant property violates the Claimants' Fourth Amendment right to be free from illegal searches and seizures.

### EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8. The government cannot obtain a forfeiture judgment pursuant to the unclean hands doctrine.

### NINTH AFFIRMATIVE DEFENSE

### (Article III, Section 3)

9. As a separate and seventh affirmative defense to the Complaint, and to the purported causes of action set forth therein, Claimant alleges that the forfeiture statutes are void and unenforceable under the United States Constitution, Article III, § 3.

### TENTH AFFIRMATIVE DEFENSE

### (Fifth Amendment)

10. As a separate and eighth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Claimant alleges that forfeiture is barred under the Due Process Clause of the Fifth Amendment to the United States Constitution because of the government's unjustified and prejudicial delay in commencing this action.

WHEREFORE, Claimant prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendant and Claimant;

3. That the Court order the defendant property returned to Claimant;

4. That Plaintiff pay Claimants' attorneys' fees and costs pursuant to 28 U.S.C. § 2465(b)(1)(A);

5. That Plaintiff pay pre-and-post-judgment interest on the defendant property to Claimant pursuant to 28 U.S.C. § 2465(b)(1)(B); and

6. That Claimant be granted such other and further relief as the Court may deem just and proper.

Dated: May 19, 2020                                Respectfully submitted,

By: _____
Solmaz Andrade, In Pro Se

ANSWER TO COMPLAINT FOR CIVIL FORFEITURE *IN REM*

3161-1002 / 1611507.1

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 18th day of May, 2020, I filed the foregoing **SOLMAZ ANDRADE'S ANSWER TO COMPLAINT FOR CIVIL FORFEITURE *IN REM*** with the Clerk of the Court by mailing three copies of said document to:

> United States District Court
> Office of the Clerk
> 450 Golden Gate Avenue, 16th Floor
> San Francisco, CA 94102

I also certify that the document was served via U.S. Mail on the Plaintiff's attorney by mailing the document to:

> Chris Kaltsas
> Assistant United States Attorney
> 450 Golden Gate Avenue, 9th Floor
> San Francisco, California 94102

_____
Solmaz Andrade