DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRIS KALTSAS (NYBN 5460902)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    Email: chris.kaltsas2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>  v. ) <br> ) <br> ONE PARCEL OF REAL PROPERTY ) <br> LOCATED AT 9414 PLAZA POINT DRIVE,) <br> MISSOURI CITY, TEXAS, 77459, ) <br> ) <br>     Defendant, ) <br> ) <br> ROWLAND MARCUS ANDRADE, ) <br> ) <br>     Claimant, ) <br> ) <br> SOLMAZ ANDRADE, ) <br> ) <br>     Claimant, and ) <br> ) <br> WILMINGTON SAVINGS FUND SOCIETY, ) <br> FSB as trustee for IRP FUND II TRUST 2A, ) <br> ) <br>     Claimant. ) | CIVIL CASE NO. 20-02013-VC <br><br> **GOVERNMENT'S RESPONSE TO CLAIMANT ROWLAND MARCUS ANDRADE'S MOTION TO ADVANCE THE DISCOVERY TIMELINE** |

GOVERNMENT'S RESPONSE TO CLAIMANT'S MOTION TO ADVANCE DISCOVERY
CIVIL CASE NO. 20-02013-VC               1

The United States of America, by its attorneys, David L. Anderson, United States Attorney, and Chris Kaltsas, Assistant United States Attorney for the Northern District of California, respectfully submits this response and opposition to claimant Rowland Marcus Andrade's ("claimant's") motion to advance the discovery timeline. In sum, claimant has not demonstrated good cause for advancing the Case Management Conference timeline the Court has already propounded. See Dkt. No. 21. Claimant asserts that the nature of current events, i.e. the COVID-19 pandemic, demands the advancement of this Court's discovery schedule because of the potential harm claimant faces. Dkt. No. 22, Claimant's Motion to Modify Discovery Schedule, at ¶ 3. Claimant has not explained what this harm would be. Rather, Claimant merely asserts a preference for beginning discovery as early as possible in order to timely resolve this matter. Id. at ¶¶ 7, 13.

The Government plans to work with Claimant to ensure that this matter is resolved as smoothly and efficiently as possible, especially in light of the current pandemic. In that spirit, the Government offered to agree that a June 15, 2020 Case Management Conference would be appropriate. See Dkt. No. 22-2 at 2. Claimant never responded to the Government's offer in compromise, as indicated by a lack of a corresponding exhibit. Claimant also never indicated whether he sought approval from other parties before requesting the advanced discovery date or before filing this motion. Moreover, as noted in Exhibit B to Claimant's motion, the COVID-19 pandemic provides good cause to adhere to a later discovery schedule. The Government attorney assigned to this matter cannot easily access all discovery relevant to this matter until the United States Attorney's Office, the local office of the Federal Bureau of Investigation, and the local office of the Internal Revenue Service – Criminal Investigation Division open. The Government cannot currently discern when each of those offices will open, or when local authorities will alter the Shelter in Place order currently in effect in the San Francisco Bay Area.

The Government is hopeful that it will be able to access all necessary resources to adequately address Claimant's discovery requests by mid-June, which is why the Government offered to agree to a mid-June date for a Case Management Conference. Access to the resources of each of the offices mentioned above is critical in light of the discovery requests Claimant intends to serve upon the

GOVERNMENT'S RESPONSE TO CLAIMANT'S MOTION TO ADVANCE DISCOVERY
CIVIL CASE NO. 20-02013-VC                    2

Government, which includes 25 interrogatories, 145 requests for admission, and 319 requests for production. <u>See</u> <u>generally</u> Dkt. 22-4. To that end, the Government is not sure that these resources will be available by then. The later date originally the Government originally offered to Claimant, however, is preferable in light of all the limitations the Government faces at the moment and the likelihood that more resources will be available in mid-June than are available now.

Allowing the parties to serve discovery immediately would have no demonstrable impact on Claimant, and an unknown impact on other Claimants. The Government thus respectfully requests that the Court deny Claimant's motion to advance the discovery timeline the Court has set with respect to the Case Management Conference. The Government further requests, to the extent the Court is inclined to advance the date of the Case Management Conference, that the Court not set the Case Management Conference before June 15, 2020.

DATED:  May 27, 2020                             Respectfully submitted,

                                                 DAVID L. ANDERSON
                                                 United States Attorney


                                                 */S/ Chris Kaltsas*
                                                 CHRIS KALTSAS
                                                 Assistant United States Attorney