DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRIS KALTSAS (NYBN 5460902)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    Email:  chris.kaltsas2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ONE PARCEL OF REAL PROPERTY LOCATED AT 9414 PLAZA POINT DRIVE, MISSOURI CITY, TEXAS, 77459, <br><br> Defendant, <br><br> ROWLAND MARCUS ANDRADE, <br><br> Claimant, <br><br> SOLMAZ ANDRADE, <br><br> Claimant, and <br><br> WILMINGTON SAVINGS FUND SOCIETY, FSB as trustee for IRP FUND II TRUST 2A, <br><br> Claimant. | CIVIL CASE NO. 20-02013-VC <br><br> **GOVERNMENT'S NOTICE OF MOTION AND MOTION TO STAY PURSUANT TO 18 U.S.C. § 981(g)** <br><br> Date: July 2, 2020 <br> Time: 10:00 a.m. <br> Judge: Hon. Vince Chhabria |

GOVERNMENT'S MOTION TO STAY
CIVIL CASE NO. 20-02013-VC         1

PLEASE TAKE NOTICE that on Thursday, July 2, 2020, at 10:00 a.m., in the Courtroom of the Honorable Vince Chhabria, United States District Judge, Courtroom 4, United States District Court, 450 Golden Gate Avenue, San Francisco, California, the United States of America, represented by the United States Attorney for the Northern District of California, through Chris Kaltsas, Assistant United States Attorney, will move this Court to stay the instant case pursuant to 18 U.S.C. § 981(g)(1). The motion will be based on the discussion herein; as well as a memorandum of points and authorities; any evidence offered in support of the motion (including evidence submitted *ex parte* pursuant to 18 U.S.C. § 981(g)(5)); the arguments of the parties; and such other matters as may be presented to or considered by the Court.

///

## A. <u>Legal Authority</u>

A Court is required to stay a civil forfeiture action if the Court determines that civil discovery will adversely affect the ability of the Government to prosecute a related criminal investigation or the prosecution of a related criminal case. 18 U.S.C. § 981(g)(1). In relevant part, that statute provides that,

> [u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

Moreover, with respect to any potential motion to stay a civil forfeiture proceeding, the Court "may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case." 18 U.S.C. § 981(g)(3). Notwithstanding this provision, the statute further explains that "[i]n no case . . . shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so." <u>Id.</u>

Congress has provided that evidence in support of a stay can, in appropriate cases, be submitted *ex parte* if disclosure of evidence in support of a stay to an opposing party "may adversely affect an ongoing criminal investigation or pending criminal trial." 18 U.S.C. § 981(g)(5); <u>see also</u> <u>United States</u>

v. 475 Martin Lane, 545 F.3d 1134, 1143 (9th Cir. 2008); United States v. Approximately $104,770 in U.S. Currency, 2011 WL 2224624 (N.D. Cal. June 8, 2011). United States v. Real Property & Improvements Located at 10 Table Bluff Road, 2007 WL 911849 (N.D. Cal. Mar. 23, 2007).

**B.     Argument**

The United States submits that the *Ex Parte* Declaration of Assistant United States Attorney Chris Kaltsas, which the United States has moved to file under seal pursuant to 18 U.S.C. § 981(g)(5), provides facts sufficient to support a stay under 18 U.S.C. § 981(g)(1). Although Claimants may argue that a protective order limiting discovery would protect the interests of the government, Claimant Rowland Marcus Andrade's ("ANDRADE's") motion to advance the discovery timeline weighs against such a finding as the underlying criminal investigation and/or trial is time sensitive. Moreover, the extent and nature of the discovery ANDRADE attached to his motion to advance discovery demonstrates the need for the Court to stay the instant forfeiture case. See *Ex Parte* Declaration of Chris Kaltsas. The disclosure of this information to ANDRADE at this stage of the civil proceedings would adversely affect the ability of the government to conduct its related criminal investigation and associated criminal proceedings.

DATED: May 28, 2020                              Respectfully submitted,

                                                                 DAVID L. ANDERSON
                                                                 United States Attorney

                                                                 _____

                                                                 CHRIS KALTSAS
                                                                 Assistant United States Attorney

GOVERNMENT'S MOTION TO STAY
CIVIL CASE NO. 20-02013-VC                             3