ROWLAND MARCUS ANDRADE
9414 Plaza Point Drive
Missouri City, Texas 77459   USA

In Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>ONE PARCEL OF REAL PROPERTY LOCATED AT 9414 PLAZA POINT DRIVE, MISSOURI CITY, TEXAS 77459,<br><br>       Defendant.<br><br>ROWLAND MARCUS ANDRADE,<br><br>       Claimant.<br><br>SOLMAZ ANDRADE,<br><br>       Claimant.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB as trustee for IRP FUND II TRUST 2A,<br><br>       Claimant. | Case No. 3:20-cv02013-VC<br><br>**OPPOSITION TO ADMINISTRATIVE MOTION OF THE UNITED STATES TO FILE UNDER SEAL** *EX PARTE* **EVIDENCE IN SUPPORT OF MOTION TO EXTEND STAY**<br><br>Trial Date:       None Set |

1  Claimant Rowland Marcus Andrade, under Local Rule 7-11(b), hereby opposes the United
2  States' Motion to File Under Seal *Ex Parte* Evidence in Support of its Motion to Extend Stay.
3  (Dkt. No. 26). This opposition addresses and responds only to the United States' Motion to File
4  Under Seal, as the United States' purported Motion to Stay, which was attached to the Motion to
5  File Under Seal as Exhibit 3, is not properly before this Court because it was not filed properly on
6  the docket, not properly noticed for a hearing date, and is not an administrative motion that may be
7  filed under Local Rule 7-11 because it is governed by a federal statute. If, however, the Court
8  construes the Motion to Stay as having been filed, I respectfully request that the Court allow the
9  full fourteen days to oppose the motion under Local Rule 7-3(a).

Preliminarily, I deny any and all allegations of criminal conduct alleged by the government in its civil complaint against me and my property. The United States filed its civil forfeiture Complaint attempting to seize my house in the middle of a historic pandemic, without having performed an adequate factual investigation to support its Complaint. Now that I have demanded, as is my right, that the government produce evidence to support its claims, the government refuses to do so and attempts to stay this proceeding based on evidence I am not allowed to view and therefore have no opportunity to refute. At the same time, the government has seized my bank accounts and my business's bank accounts, attempting to ruin me and my company financially. Due process demands that the Court not allow the government to seize my property or my assets based on evidence of my supposed crimes that I am not permitted to see and challenge. Accordingly, I oppose the United States' motion to file its purported evidence supporting its motion to stay under seal.

A.  **Legal Authority**

18 U.S.C. § 981(g)(5) only permits the government to submit evidence *ex parte* in support of a stay "in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial." However, the Fifth Amendment to the Constitution prohibits any person from being deprived of "life, liberty, or property, without due process of law." Due process requires, among other things, that a party who is deprived of property be able to access the evidence used against him. *See Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536,

544 (9th Cir. 2016) (holding that use of in camera submissions to support attorney fee award violated Defendants' due process rights.).

B. **Argument**

    1.    The submitted evidence would not adversely affect an ongoing criminal investigation, when that investigation has lasted for two years, concerns events two years old, and the witnesses are all known.

The government's investigation into me and my businesses has lasted over two years, and at this point is hardly a secret. All of the operative facts alleged in the complaint took place between January and May 2018. Dkt. No. 1 at ¶¶ 10-15. I am well aware, based on the documents attached to my Answer (Dkt. No. 18), who each of the relevant witnesses identified anonymously in the Complaint as "JD" and "VICTIM ONE" are. Documents identifying the relevant transactions, and relevant communications between Japheth Dillman ("JD") and Ben Boyer ("VICTIM ONE") are attached to my Answer as Exhibits L-M. Dkt. No. 18, Exs. L-M. Terms and conditions for AML Bitcoin Tokens generally, and the specific contract governing "VICTIM ONE's" purchase of AML Bitcoin Tokens, are attached to my Answer as Exhibits J and N-O. Dkt. No. 18, Exs. J, N-O. The government searched my company's Las Vegas office and seized all my documents and files in September 2018. Andrade Declaration in Opposition to Motion to Seal ("Andrade Decl."), Ex. 1. Whatever information the government has requested to seal is unlikely to have remained secret.

Of course, it is impossible to know what exactly the government seeks to file under seal when the documents have been submitted *in camera*. But before the Court seals any document under 18 U.S.C. § 981(g)(5), the government must meet its burden to show that the document's disclosure would adversely impact an ongoing criminal investigation that has lasted for over 2 years, without any meaningful oversight, and which continues to be used to violate my civil liberties.

    2.    The requested sealing of *ex parte* evidence in support of the United States' taking of my property violates my Fifth Amendment due process rights.

18 U.S.C. § 981(g)(1) and (5), by allowing the government to impose a *lis pendens* on property and then prevent resolution of the claim through secret *ex parte* evidence, violates the

Fifth Amendment's due process clause on its face. It is a fundamental rule of our justice system that a party being deprived of property is "entitled to see" the basis for the legal claim against him. *Yamada*, 825 F.3d at 544. "[T]he right granted a party by the due process clause to a full and fair hearing encompasses the individual's right to be aware of and refute the evidence against the merits of his case." *Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. 1981). While "countervailing government interests" may in unusual circumstances form an exception to the principle that a party has the right to access the evidence against him, *cf. id.*, there are no countervailing government interests here that weigh in favor of staying, rather than dismissing without prejudice, a civil forfeiture action. If the government has a strong interest in preserving the secrecy of its criminal investigation, it has the option of not starting a civil forfeiture proceeding.

And even if the Court finds that Section 981(g)(5) is not facially unconstitutional, it should find Section 981(g)(5) unconstitutional as applied here. The government filed this civil forfeiture proceeding in the middle of a historic pandemic, harming my ability to fully defend myself in a San Francisco courtroom from my residence in Texas. It waited until I filed a motion to proceed with immediate discovery (Dkt. No. 22), and then facing a claimant who would aggressively defend his property in court, sought to stay this case indefinitely rather than produce discovery. Dkt. No. 26, Ex. 3. At the same time the government seeks to stay this action, it is keeping my bank accounts frozen, also without adequate opportunity to challenge their seizure, in an attempt to ruin my business and destroy my livelihood. Andrade Decl. at ¶ 3. As explained in my motion to shorten time, several allegations of the Complaint—including the fundamental factual allegation underlying all the government's criminal allegations, that the AML Bitcoin business is fraudulent and never made any progress in development—are demonstrably false. Dkt. No. 22 at ¶¶ 4-5.

Under these circumstances, the most reasonable explanation for the government's sudden desire to stay this case is that its attempt to steamroll me during the national COVID19 lockdown failed, and it now finds itself attempting to justify this retaliatory civil forfeiture action it should never have filed. In proceeding with the instant action the civil division of the U.S. Attorney's office no doubt coordinated with the criminal division, and if its civil forfeiture action interfered with its criminal investigation, it should have modified its timeline accordingly. On May 12, 2020,

the government utilizing misleading evidence used the IRS to execute search warrants on my home and Houston, Texas office, presumably to then use in the government's ongoing criminal investigation. This surely would not be the first time the criminal division has reached out to another agency or department in order to try and obtain evidence. No doubt the government will continue to play games with civil forfeiture actions to withhold my financial assets without evidence if it is allowed to keep its purported evidence secret. The government has offered no evidence as to why, more than two years after the events alleged in the Complaint, this matter is suddenly so time-sensitive that it must hold a civil forfeiture action over my head while keeping its criminal investigation secret. If the government did not want to face civil discovery, it could have pursued criminal rather than civil forfeiture, under the heightened standards that apply—but it cannot use civil forfeiture proceedings as a sword while using Section 981(g)(5) as a shield. There is no valid government interest requiring the government to simultaneously maintain this civil forfeiture proceeding and keep its criminal investigation secret. If the government legitimately believes the forfeiture lawsuit will impede its government criminal investigation, then they never should have filed it in the first place. Having made its mistake, the government cannot complain that its criminal investigation might be impeded by discovery. Further, the forfeiture lawsuit could proceed in its current form by the simple issuance of a protective order limiting discovery in one form or another.

By signing the Complaint, AUSA Kaltsas represented to the Court that each factual allegation therein had evidentiary support (as no allegation of the Complaint was identified as requiring further investigation or discovery). Fed. R. Civ. P. 11(b)(3). By verifying the Complaint, Agent Bryan Wong declared under penalty of perjury that he believed each allegation of the Complaint to be true. None of the allegations of the Complaint requires evidence that must be kept secret. If the government wishes to deprive me of my property through civil forfeiture, it must provide me with the evidence on which it is bases its claim.

I therefore respectfully request that the Court deny the United States' motion to file under seal, and order that if the United States intends to move to stay this proceeding under 18 U.S.C. § 981(g)(1), that it must publicly file the evidence supporting its motion. Their motion to stay is

simply an attempt to withhold exculpatory evidence they have pertaining to myself, conceal their own wrongdoing, and continue violating my civil liberties without any meaningful judicial oversight.

Dated: June 1, 2020

Respectfully submitted,

By: _____
Rowland Marcus Andrade
In Pro Se and Claimant
Justice for My People