1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

2

3  HALLIE HOFFMAN (CABN 210020)
   Chief, Criminal Division

4  CHRIS KALTSAS (NYBN 5460902)
   Assistant United States Attorney

5

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495

7      Telephone: (415) 436-7200
       Facsimile: (415) 436-7234

8      Email: chris.kaltsas2@usdoj.gov

9  Attorneys for United States of America

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,           )   CIVIL CASE NO. 20-02013 VC
                                        )
14           Plaintiff,                 )   GOVERNMENT'S RESPONSE TO CLAIMANT
                                        )   ROWLAND MARCUS ANDRADE'S MOTION TO
15      v.                              )   PRESERVE EVIDENCE
                                        )
16  ONE PARCEL OF REAL ESTATE           )
    PROPERTY LOCATED AT 9414 PLAZA      )
17  POINT DRIVE, MISSOURI CITY, TEXAS,  )
    77459,                              )
18                                      )
             Defendant.                 )
19  _____    )

20

21      Claimant Rowland Marcus Andrade ("Claimant" or "Andrade") has filed a motion seeking an

22  order from this Court that would require the Government to preserve all evidence in this case and to

23  deliver all of the evidence it has in this case within fourteen (14) days of the Court's order. Claimant

24  alleges that the Federal Bureau of Investigation ("FBI") deliberately destroyed Claimant's business

25  computer and thereby destroyed exculpatory audio files. These claims are false. The computer suffered

26  cosmetic damage in transit, but no damage was done to the hard drive. No evidence was destroyed. The

27  Government is aware of its discovery obligations and is vigilantly ensuring that it adheres to all of them,

28  RESPONSE TO CLAIMANT'S MOTION TO PRESERVE EVIDENCE
    CV 20-02013 VC

                              1

including preserving all evidence for Claimant's review. A preservation order is therefore unnecessary, and the Court should deny the motion. If any discovery dispute arises in the course of litigation, those can be brought to the Court's attention in the normal course.

## PROCEDURAL BACKGROUND

The Government filed its complaint against the Defendant Property on March 23, 2020. Docket Number ("Dkt. No.") 1. Claimant Andrade filed his verified claim on May 11, 2020. Dkt. No. 10. Two other claimants, namely, Andrade's spouse Soimaz Andrade and Wilmington Savings Fund Society, FSB as Trustee for IRP Fund II Trust 2A, filed their claims on May 11, 2020 and May 15, 2020, respectively. Dkt. Nos. 9, 11. The Government filed a motion to stay the instant proceedings on May 28, 2020. Dkt. No. 25. A hearing on the Government's motion is scheduled for July 1, 2020. Claimant filed the instant motion for preservation of evidence and to keep evidence within the custody of the Court on June 10, 2020. Dkt. No. 31.

Discovery has not yet opened in this case. The date of a case management conference, which will signify the formal opening of discovery, is set to be discussed before this Court on July 1, 2020. At that time, the Government will be prepared to initiate the discovery process pending the Court's disposition of the Government's motion to stay.

## FACTUAL BACKGROUND

Claimant's computer was seized on September 13, 2018 pursuant to a lawfully executed warrant. Shortly after it was seized, agents with the FBI brought Claimant's computer to the Las Vegas Field Office of the FBI for initial processing and preparation for shipment to the FBI's San Francisco Field Office. At the time that it was prepared for shipment to the San Francisco Field Office, the computer was not damaged. See Ex. A, Declaration of Special Agent Cody Fryxell, at ¶ 4. At the time that the computer arrived at the FBI's Silicon Valley Regional Computer Forensic Laboratory ("RCFL"), however, the computer sustained the damage Claimant documented in his motion. No FBI personnel caused any damage to the computer. Id.; see also Ex. B, Decl. of Special Agent Kelli Hodges, ¶ 4; Ex. C,

RESPONSE TO CLAIMANT'S MOTION TO PRESERVE EVIDENCE
CV 20-02013 VC

Decl. of Special Agent Roahn Wynar, ¶ 4. To the contrary, the damage to the computer was likely sustained during transit from Las Vegas to the San Francisco Bay Area.

Importantly, the RCFL was able to create a forensic image of the computer's hard drive, indicating that the hard drive sustained no damage during transit. To that end, the FBI's protocols pertaining to the extraction and copying of hard drives ensure that any computer subject to forensic investigation sustains no such damage at the hands of the technician handling the hard drive or any other agent handling the data on the hard drive thereafter. See Ex. D, Decl. of Gregory Wales, ¶¶ 4-6. After extracting a hard drive from the computer, the RCFL conducts its analysis from the forensic copy of the hard drive. At no point is the FBI able to add, delete, or change any file on the physical hard drive when following prescribed FBI computer search protocols; rather, the physical hard drive remains with the RCFL until the computer and its hard drive its returned to its owner. Id. ¶¶ 5-6. All of those protocols were followed in this case. Id. Indeed, Claimant's own submission contains a declaration from an analyst who asserts that according to his review of the returned computer, the only access documented on the computer after the seizure reflects the normal booting process. No improper access or deletion was mentioned. To the extent it mentions that the computer was booted on November 9, 2018, that process was undertaken to ensure the computer worked properly; although the operating system, Windows, applied patches and updates, no other changes to the hard drive were made, per the expert report Claimant submitted. Id. ¶ 5. Finally, to the best of the knowledge of the law enforcement officers working on the instant case, there is no indication of the audio files Claimant asserts were on his hard drive. Ex. C ¶ 5.

Claimant next asserts that the FBI purposefully neglected to seize certain documents from the NAC office. The Government has obtained financial information relating to NAC business accounts and related financial accounts through various legal processes, meaning that the Government has obtained discoverable material related to that which Claimant discusses in his memorandum. To the extent Claimant asserts the Government is purposefully leaving behind evidence to undermine its discovery obligations, the Government flatly denies that it has engaged in this conduct. Indeed, if the Government believes it has not obtained all relevant discovery in this case already, it will make a formal request of

RESPONSE TO CLAIMANT'S MOTION TO PRESERVE EVIDENCE
CV 20-02013 VC

3

those documents from Claimant once discovery opens.

The latter portion of Claimant's memorandum addresses his theory of the case. The Government understands that Claimant may have a certain view of the evidence he has in his possession. The Government, of course, has a different view of the evidence, and will elaborate further on the factual underpinnings of this case at the time that discovery ends and motions for summary judgment, among others, are ripe for filing. The fact that parties take different views of evidence before discovery even begins is to be expected in most civil disputes, and it cannot support the extraordinary relief Claimant seeks.

Finally, Claimant asserts that the undersigned Assistant United States Attorney has refused to adhere to his discovery obligations in writing. These assertions are false. Indeed, the undersigned has communicated on numerous occasions with Claimant concerning the Government's discovery obligations in this case. In each instance, the undersigned has communicated his respect and continued observation of his discovery obligations and his openness to hearing Claimant's concerns. As noted below, the Government's communications regarding these concerns reflect its sincere belief that the historic COVID-19 pandemic would adversely affect the Government's ability to act in a concerted manner to ensure the efficient and complete dissemination of discovery to Claimant.

## **ARGUMENT**

In support of his motion for an order preserving evidence and storing it with the Court, Claimant asserts that the Court should enter such an order pursuant to the All Writs Act, 28 U.S.C. § 1651. Dkt. No. 31 at 9. As a preliminary matter, all parties to civil disputes "are under a duty to preserve evidence that they know is relevant or reasonably could lead to the discovery of admissible evidence." Young v. Facebook, Inc., No. 5:10-CV-03579-JF/PVT, 2010 WL 3564847, at *1 (N.D. Cal. Sept. 13, 2010) (citing Leon v. IDX Sys. Corp., 464 F.3d 951, 959 (9th Cir. 2006)). Accordingly, before courts impose additional measures to preserve evidence, "there must be some showing that there is reason for the court to be concerned that potentially relevant evidence is not being preserved and that the opposing party may be harmed as a result." Id. (citation omitted).

RESPONSE TO CLAIMANT'S MOTION TO PRESERVE EVIDENCE
CV 20-02013 VC

To that end, courts in this district have imposed a three-factor balancing test to determine whether entering an order to preserve evidence is warranted. In general, they consider:

> (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved.

Stanley v. Ayers, No. 07-CV-04727-EMC, 2018 WL 4488298, at *2 (N.D. Cal. Mar. 26, 2020) (quoting Echostar Satellite LLC v. Freetech, Inc., No. 07-CV-06124-JW, 2009 WL 8399038, at *2 (N.D. Cal. Jan. 22, 2009)). Courts evaluating the "level of concern" factor generally consider whether the party seeking the order has sufficiently demonstrated that destruction of evidence is in fact occurring. In Stanley, for example, the Court granted the petitioner's motion to preserve evidence upon a showing that portions of discovery had in fact been irretrievably destroyed. Stanley, 2018 WL 4488298, at *2. The Court was further satisfied that the petitioner had demonstrated irreparable harm, as the destroyed evidence (i.e. destroyed notes concerning jury selection) was fundamental to the petitioner's claim under Batson v. Kentucky, 476 U.S. 79 (1986). Id.

In cases where parties seeking an order to preserve evidence fail to affirmatively demonstrate the destruction of evidence or similar conduct, courts have not granted the sought-after orders. In Young, for example, the Court denied a motion seeking entry of an order preserving evidence where there was no evidence establishing a showing of concern that evidence would be destroyed. Young, 2010 WL 3564847, at *1. In Echostar Satellite, the Court denied a similar motion when the filing party failed to rebut a contention that the purported evidence destruction in that case was not actually occurring, among other things. Echostar Satellite, 2009 WL 8399038, at *2.

In this case, Claimant fails to demonstrate that any of the three factors weigh in his favor. First, there is no legitimate concern for the integrity of the evidence in this case. The only instance of damage the Claimant has demonstrated in this case is physical damage to Claimant's work computer, which was likely sustained during the course of transport. See Ex. A ¶ 4; Ex. C ¶ 4. There was no damage to the Claimant's hard drive, as indicated by the fact that he had it analyzed by a forensic investigator he had

RESPONSE TO CLAIMANT'S MOTION TO PRESERVE EVIDENCE
CV 20-02013 VC

5

personally retained. Dkt. No. 31, Claimant's Motion, at 6. Moreover, that analyst's declaration does not reflect any evidence of evidence destruction. To the contrary, the analyst reports that the only access he found reflected the normal booting process.

The second and third elements further weigh in the Government's favor. The lack of any destruction of evidence obviates any indication of irreparable harm. Finally, the Government has the capability to maintain the evidence in this case. Claimant admits to such in his memorandum. Dkt. No. 31 at 10-11. The sole concern Claimant offers is speculative coordination between agents and Claimant's associates to purposefully implicate him in conduct giving rise to forfeiture. Claimant has offered no evidence that supports this extraordinary accusation, and has even described his arguments as "improbable." Id. at 11. Accordingly, no concern should arise in that respect.

The Government is aware that discovery is an evolving, ongoing process. Should Claimant uncover what it believes to be abuses of the discovery process in the future, those disputes can be addressed in the ordinary course of litigation.

If the Court is inclined to grant Claimant's motion, the Government requests that it deny Claimant's request to provide all discovery to the Court for storage within fourteen days. Claimant has not cited any other cases where the Court has taken custody of discovery from a litigant. Furthermore, the amount of discovery in this case has yet to be defined as no discovery requests have been sent to either party. The amount of discovery in this case is likely to be overwhelming in volume, as well. The Government has no knowledge about the Court's capacity to store discovery large amounts of electronic discovery. The Government fears, however, that without access to a database, viewing and analyzing discovery is likely to be extremely complex and time consuming. Finally, the Government is unsure of the scope of Claimant's request regarding dissemination of discovery, which itself presents manifold logistical issues for all parties. Accordingly, as the Government plans to respect its discovery obligations as well as any order issued by this Court, the Government respectfully requests that the Court deny this portion of Claimant's motion.

//

//

RESPONSE TO CLAIMANT'S MOTION TO PRESERVE EVIDENCE
CV 20-02013 VC

1

**<u>CONCLUSION</u>**

2      The Government respectfully requests that the Court deny Claimant's motion. If the Court is

3 inclined to grant Claimant's motion, the Government respectfully requests that the Court deny

4 Claimant's motion in part, to the extent that the Court would be required to manage any discovery in this

5 case.

6

7

8                                          Respectfully submitted,

9                                          DAVID L. ANDERSON
                                           United States Attorney
10 Dated: 06/24/2020

11                                         */S/ Chris Kaltsas*
                                           CHRIS KALTSAS
12                                         Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 RESPONSE TO CLAIMANT'S MOTION TO PRESERVE EVIDENCE
CV 20-02013 VC