DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRIS KALTSAS (NYBN 5460902)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    Email: chris.kaltsas2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 20-02013 VC |
| Plaintiff, | **SPECIAL AGENT CODY F. FRYXELL'S DECLARATION IN SUPPORT OF THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO PRESERVE EVIDENCE** |
| v. | |
| ONE PARCEL OF REAL ESTATE PROPERTY LOCATED AT 9414 PLAZA POINT DRIVE, MISSOURI CITY, TEXAS, 77459, | |
| Defendant. | |

       I, Cody F. Fryxell, Special Agent for the Federal Bureau of Investigation ("FBI"), United States Department of Justice, state as follows:

       1.    I have been employed as a Special Agent with the FBI since September 2017. I am currently assigned to the Las Vegas Field Office. As part of my training, I have received specific instruction in the execution of search warrants, Fourth Amendment search and seizure law, and investigative techniques. I have conducted investigations involving various criminal statutes, including,

1  in relevant part, Title 18, United States Code, Section 1343 (wire fraud); Title 18, United States Code,
2  Section 1956 (laundering of monetary instruments); and other related offenses.

3  2.  I make this affidavit in support of the United States' opposition to Claimant Rowland
4  Marcus Andrade's motion to preserve evidence and store it with the Court during the pendency of this
5  action. See Dkt. No. 31.

6  3.  I was one of the FBI agents present during the execution of the search warrant at the NAC
7  business office on September 13, 2018. My duties as part of the team of agents executing the search
8  warrant included collection of evidence and following protocols and procedures designed to ensure
9  compliance with the requirements of the Fourth Amendment. Moreover, as a special agent local to the
10 search, I had the additional responsibility of shipping evidence seized from the NAC business office to
11 the San Francisco field office of the FBI.

12 4.  At no time during the search did I or, to my knowledge, any other law enforcement officer
13 conducting the search with me physically damage any property belonging to Claimant. This includes
14 computers and other electronic devices.

15 5.  At no time during the search or afterwards did I or, to my knowledge, any other law
16 enforcement officer attempt to log in or otherwise access any electronic devices belonging to Claimant.

17 6.  To my knowledge, FBI protocol does not require agents to immediately log in to a
18 computer or other device containing readable data that is seized as part of a search warrant. Rather, upon
19 information and belief, any seized device is collected and preserved for examination by the FBI Regional
20 Computer Forensic Laboratory.

21 7.  To the best of my knowledge, law enforcement agents conducting the search with me
22 adhered to FBI protocol. This includes refraining from accessing any computer; adding, changing, or
23 deleting files in any seized computer; physically damaging a computer; and otherwise attempting to search
24 the computer at the premises to be searched.

25 8.  As stated above, I was responsible for shipping the evidence seized from the NAC business
26 office, including the NAC computer, from the Las Vegas field office to the San Francisco field office. At

27
28

the time that I shipped the computer to the San Francisco field office, I observed no cosmetic damage to the surface of the computer or its monitor.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 22, 2020

CODY F. FRYXELL
Special Agent
Federal Bureau of Investigation

FRYXELL DECL. ISO RESPONSE TO CLAIMANT'S MOTION TO PRESERVE EVIDENCE
CV 20-02013 VC