DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRIS KALTSAS (NYBN 5460902)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    Email: chris.kaltsas2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ONE PARCEL OF REAL ESTATE PROPERTY LOCATED AT 9414 PLAZA POINT DRIVE, MISSOURI CITY, TEXAS, 77459, <br><br> Defendant. | CIVIL CASE NO. 20-02013 VC <br><br> **SPECIAL AGENT KELLI C. HODGES' DECLARATION IN SUPPORT OF THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO PRESERVE EVIDENCE** |

    I, Kelli C. Hodges, Special Agent for the Federal Bureau of Investigation ("FBI"), United States Department of Justice, state as follows:

    1.    I have been employed as a Special Agent with the FBI since 2003. I am currently assigned to the San Francisco Field Office. As part of my training, I have received specific instruction in the execution of search warrants, Fourth Amendment search and seizure law, and investigative techniques. I have conducted investigations involving various criminal statutes, including, in relevant part, Title 18,

United States Code, Section 1343 (wire fraud); Title 18, United States Code, Section 1956 (laundering of monetary instruments); and other related offenses.

2. I make this affidavit in support of the United States' opposition to Claimant Rowland Marcus Andrade's motion to preserve evidence and store it with the Court during the pendency of this action. See Dkt. No. 31.

3. I was one of the FBI agents present during the execution of the search warrant at the NAC business office on September 13, 2018. My duties as part of the team of agents executing the search warrant included collection of evidence and following protocols and procedures designed to ensure compliance with the requirements of the Fourth Amendment.

4. At no time during the search did I or, to my knowledge, any other law enforcement officer conducting the search with me, physically damage any property belonging to Claimant. This includes computers and other electronic devices. Moreover, at no time during the search did I or, to my knowledge, any other law enforcement officer attempt to log in or otherwise access any electronic devices belonging to Claimant.

5. To my knowledge, FBI protocol does not require agents to immediately log in to a computer or other device containing readable data that is seized as part of a search warrant. Rather, upon information and belief, any seized device is collected and preserved for examination by the FBI RCFL.

6. During the search, my fellow agents and I adhered to FBI search protocol, meaning that we refrained from adding, changing, or deleting files on the seized computer, or physically damaging the seized computer, among other things.

7. At no time before, during, or after the search did I communicate with any owner, manager, or employee with the entity known as The Office Squad concerning communications with Claimant.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   June 22, 2020

_____
KELLI C. HODGES
Special Agent
Federal Bureau of Investigation

HODGES DECL. ISO RESPONSE TO CLAIMANT'S MOTION TO PRESERVE EVIDENCE
CV 20-02013 VC