DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRIS KALTSAS (NYBN 5460902)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    Email: chris.kaltsas2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ONE PARCEL OF REAL ESTATE PROPERTY LOCATED AT 9414 PLAZA POINT DRIVE, MISSOURI CITY, TEXAS, 77459, <br><br> Defendant. | CIVIL CASE NO. 20-02013 VC <br><br> **INFORMATION TECHNOLOGY SPECIALIST-FORENSIC EXAMINER GREGORY S. WALES JR. DECLARATION IN SUPPORT OF THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO PRESERVE EVIDENCE** |

    I, Gregory S. Wales. Jr., Information Technology Specialist-Forensic Examiner for the Federal Bureau of Investigation ("FBI"), United States Department of Justice, state as follows:

    1.    I have been employed as an Information Technology Specialist-Forensic Examiner with the FBI since 2018. I am currently assigned to the Silicon Valley Regional Computer Forensics Laboratory ("RCFL"). Before I was an Information Technology Specialist-Forensic Examiner with the FBI, I was Digital Forensic Consultant with Consilio LLC. As part of my training, I have received specific

instruction in how to handle seized computers that come into the RCFL, FBI protocols with respect to creating forensic images of computer hard drives, and assisting agents with their investigation into forensic images of computer hard drives.

2. I make this affidavit in support of the United States' opposition to Claimant Rowland Marcus Andrade's motion to preserve evidence and store it with the Court during the pendency of this action. See Dkt. No. 31.

3. My duties include creating forensic images of computer hard drives for FBI agents' use in investigating crimes. Essentially, I create mirror images of hard drives from computers that are sent to the RCFL to allow agents to review hard drives without the need to have the physical computer present with them at all times. In this specific case, my predecessor conducted the imaging of Claimant Marcus Andrade's computer. My predecessor no longer works in this office. I have taken over responsibility for this case, and thus am familiar with the processes used to create and analyze the hard drive from Claimant's business computer.

4. As part of my duties, I am required to observe and enact various FBI protocols relating to the handling of hard drives and forensic images of those hard drives. Among other things, I am generally not permitted to add, delete, or change files on hard drives except for purposes of obtaining a forensic image. Once the forensic image is obtained, the hard drive remains with the RCFL until the hard drive, and its associated computer, are returned to their owner or otherwise disposed of as ordered at the end of a case.

5. My understanding of the history of this case indicates that all prescribed FBI protocols have been followed at the RCFL. When the RCFL received the computer, it photographically documented the computer's condition. In this case, Claimant's business computer appeared to be cosmetically damaged. Thereafter, the RCFL extracted the computer's hard drive and created a forensic copy of the drive. Once the forensic image was obtained, the hard drive was reconnected to its associated computer and was powered on to ensure that the devices were properly functioning. While the computer was booting up, the operating system appeared to be updating previously downloaded features. Before the operating system completed the update, the computer was shutdown by depressing the power button. This process

1  was repeated a second time to ensure the shutdown during an operating system update did not negatively
2  affect the operating system. The second time the system was booted, the same operating system updates
3  notification was displayed. Before the operating system completed the update, the computer was shutdown
4  by depressing the power button. Booting up the computer occurred on November 9, 2018.

5      6.      Importantly, no individual at the RCFL had the opportunity to add, delete, or change the
6  contents of Claimant's business computer. Once the RCFL created the forensic image in this case, it is
7  my understanding that the investigators analyzed the forensic copy of the drive, meaning that the physical
8  hard drive remained in the computer in RCFL's custody.

9      7.      I further understand, based on my knowledge and facts related to me, that the Claimant's
10 business computer was returned to Claimant. The returned computer included the physical hard drive.
11 As no files were added, deleted, and only updated operating system features were being configured with
12 respect to the physical hard drive, the contents of the drive at the time the computer was seized from the
13 Claimant would almost certainly have only the operating system related changes from when the computer
14 was returned to Claimant.

15      I declare under penalty of perjury that the foregoing is true and correct.

17 Dated:   June 24, 2020                    *[signature]*
                                             GREGORY S. WALES JR.
18                                           Information Technology Specialist-Forensic
                                             Examiner
19                                           Federal Bureau of Investigation