DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRIS KALTSAS (NYBN 5460902)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-7200
  Facsimile: (415) 436-7234
  Email: chris.kaltsas2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ONE PARCEL OF REAL PROPERTY LOCATED AT 9414 PLAZA POINT DRIVE, MISSOURI CITY, TEXAS, 77459, <br><br> Defendant, <br><br> ROWLAND MARCUS ANDRADE, <br><br> Claimant, <br><br> SOLMAZ ANDRADE, <br><br> Claimant, and <br><br> WILMINGTON SAVINGS FUND SOCIETY, FSB as trustee for IRP FUND II TRUST 2A, <br><br> Claimant. | CIVIL CASE NO. 20-02013-VC <br><br> **JOINT STATUS REPORT** |

The United States, in consultation and consent with counsel for claimants Rowland Marcus

JOINT STATUS REPORT
CV 20-02013 RS

1

Andrade ("Andrade") and Wilmington Savings Fund Society, FSB as trustee for IRP Fund II Trust 2A ("Wilmington Savings Fund"), as well as Solmaz Andrade, proceeding *pro se*, hereby files the following joint status report in response to the Court's request for a joint status report. See Dkt. No. 43.

## **PROCEDURAL BACKGROUND AND PENDING MOTIONS**

The Government filed its complaint against the Defendant Property on March 23, 2020. Dkt. No. 1. Claimant Andrade filed his verified claim on May 11, 2020. Dkt. No. 10. Solmaz Andrade and Wilmington Savings Fund Society filed their claims on May 11, 2020 and May 15, 2020, respectively. Dkt. Nos. 9, 11. Wilmington claims a security interest in the Defendant Property as the beneficiary of record under a Texas Home Equity Security Instrument recorded against the property in the official public records of the Fort Bend County Clerk's Office on October 1, 2019 as instrument number 2019112160.  The original nominee beneficiary, Mortgage Electronic Registration Systems, Inc., assigned the security instrument to Wilmington via a Transfer and Assignment recorded on March 25, 2020 as instrument number 2020035040.  At this time, the validity of Wilmington's security interest is not disputed by Rowland Andrade, Solmaz Andrade, or the Government.

Andrade filed a motion to shorten time to initiate discovery or enter a case management order on May 26, 2020, which the Government opposed.  Dkt. Nos. 22, 24. The Government filed a motion to stay the instant proceedings, under seal, on May 28, 2020. Dkt. No. 25. Andrade opposed the motion. Dkt. No. 28. Andrade subsequently filed a motion for preservation of evidence and to keep evidence within the custody of the Court on June 10, 2020, which the Government opposed. Dkt. Nos. 31, 32.

The pending hearings on the above motions were vacated after a grand jury returned a true bill charging Andrade with wire fraud and money laundering, and after this matter was reassigned to the Honorable Richard Seeborg, J.  Dkt. No. 41; see also Case No. 3:20-CR-00249-RS.  Shortly thereafter, the Court requested the instant joint status report to evaluate the parties' positions on the pending motions to be addressed, as well as any shifts in the parties' positions on these motions. Dkt. No. 43 at 1.  Thereafter, Andrade re-noticed his motion to preserve and protect evidence. Dkt. No. 44.  The Government re-noticed its motion to stay pursuant to Title 18, United States Code, Section 981(g). Dkt.

JOINT STATUS REPORT
CV 20-02013 RS

2

No. 46. The Government also noticed its withdrawal of its motion to seal its motion to stay. Dkt. No. 47. Andrade then filed a motion for sanctions and dismissal under Fed. R. Civ. P. 11, which has been noticed for hearing on August 13. Dkt. No. 48. Claimants Solmaz Andrade and Wilmington Savings Fund Society have not yet filed any motions in this case.

## **PARTIES' POSITIONS ON PENDING MOTIONS**

The Government intends to pursue its motion to stay. As it stated in its original motion, this case is subject to stay pursuant to Title 18, United States Code, Section 981(g)(1) because the civil discovery process "will adversely affect the ability of the Government" to conduct its criminal investigation or "prosecution of a related criminal case." The related case is, as noted *supra*, the criminal action against Andrade for wire fraud and money laundering stemming from the same conduct alleged in the complaint for civil forfeiture. The Government initially predicated its motion to stay on the impending indictment and arrest of Andrade. At this juncture, the Government continues to maintain that a stay is appropriate as, without a stay, the Government will be required to disseminate discovery that will prejudice its efforts in the criminal case, and would allow Andrade to circumvent the criminal discovery process. The discovery would likely include witness depositions prior to the time criminal discovery is due, which may result in the disclosure of the Government's trial strategy. Moreover, Andrade has not indicated whether he plans to invoke his Fifth Amendment rights during the civil discovery process. Should he do so, Andrade would be able to use the civil proceeding as both a sword and a shield by obtaining discovery from the Government without dispensing his own discovery. The Government believes that this would adversely affect the ability of the Government to prosecute the criminal case against Andrade, rendering this case subject to a stay under Title 18, United States Code, Section 981(g).

The Government submits that an initial stay of sixty days, renewable upon the filing of status reports reiterating the need for the stay to continue, would be appropriate. The Government further notes that it was not provided the opportunity to reply to Andrade's motion after it filed its motion to stay. See Dkt. No. 30. Should the Court decide that further briefing is necessary on this issue, the Government would welcome the opportunity to provide additional legal guidance.

JOINT STATUS REPORT
CV 20-02013 RS

Andrade opposes the motion for a stay and does not believe the Government has met its burden in demonstrating a stay. The Government's *ex parte* declaration in support of its motion to stay has now been unsealed as of July 2, 2020 (see below), and reveals that any basis for staying the civil forfeiture case disappeared when the Government filed its criminal indictment. Andrade had no opportunity to address the Government's *ex parte* declaration directly in its opposition, as it had not yet been unsealed. The declaration argues that a stay is necessary to preserve the confidentiality of identities of "victims, employees and undercover officers mentioned in the complaint," but the only such individuals mentioned in the complaint are "J.D." and "VICTIM ONE," whose identities are clearly known from financial records corresponding to the transactions in the Complaint—as demonstrated by Andrade's answer. Dkt. No. 18. The declaration also argues that a stay is necessary to prevent "disclosing the existence and nature of the related criminal investigation;" the existence and nature of the related criminal investigation was made public on June 25, 2020, when the Government unsealed its indictment of Andrade.

As set forth in Andrade's Rule 11 motion, the evidence in the record indicates that the government did not even have a factual basis for its Complaint in the first place, Dkt. No. 48. Even if the Government presents some uncorroborated informant testimony on which it based its factual allegations, the evidence presented in Andrade's Rule 11 motion indicates that this case will likely be ripe for early summary judgment. Andrade also notes that the Government has not requested the opportunity to submit a reply brief in support of its motion to stay prior to this joint status report. Andrade thus contends that the Government has presented no reason that a stay is necessary. At a minimum, a protective order allowing discovery into the threshold issue of whether development and launch of AML Bitcoin has in fact occurred is adequate to protect the Government's ability to prosecute its criminal case.

The Government no longer plans to pursue its motion to seal. The Government has withdrawn its motion to seal and has provided Andrade with an unredacted copy of its *ex parte* filing.

Andrade intends to pursue his motion to shorten time or enter a case management order, as well as its motion to preserve evidence. In short, Andrade asserts that the current amount of time between now and the possible date of the start of discovery (after the Case Management Conference set on July

JOINT STATUS REPORT
CV 20-02013 RS

4

30, 2020) is far too long in light of the dearth of evidence supporting the Government's claim. Moreover, Andrade contends that the Government has mishandled and withheld evidence from him, most notably from a computer the Government recently returned to Andrade after its seizure in late 2018. Andrade believes that the only way to ensure the continued availability of evidence is for the Court to enter an order to preserve it and then order the Government to produce it to the Court within thirty (30) days for safekeeping.

The Government opposes Andrade's motion on the basis described in its initial response, namely, that although the computer it seized was damaged, it was likely done so in transit. The Government asserts that it never deleted any data on Andrade's computer and that, accordingly, no order is required to affirm the Government's discovery obligations. Moreover, the Government objects to Andrade's proposed remedy because it would require the Court to receive, house, and organize immense amounts of data related to the criminal and civil proceedings. The Government hesitates to agree to any position where it would force the Court to be the controller of the massive amounts of potential discovery in this case.

Andrade intends to pursue the Rule 11 motion for sanctions and dismissal he filed on July 8, 2020. The documentary evidence in Andrade's possession filed with the motion shows that: (1) AML Bitcoin was a real product developed with Andrade's patented technology; (2) the statements alleged to be fraudulent in the Complaint were not in fact fraudulent; (3) to the extent any statements made by "J.D." were false, they were made without Andrade's knowledge or authorization; (4) Andrade offered refunds to VICTIM ONE and anyone else misled by "J.D.'s" statements, refuting the existence of any "scheme to defraud;" and (5) the factual allegations of the Complaint do not support any allegation of money laundering because the financial transactions were wholly transparent and not designed to conceal any wrongdoing. Andrade has expressed his willingness to withdraw this motion if the government produces the evidence on which it based the factual allegations of its complaint. The government has repeatedly refused to do so.

The Government will oppose Andrade's Rule 11 motion as both untimely and objectively unreasonable. First, the Government believes the Rule 11 motion is untimely because of the

JOINT STATUS REPORT
CV 20-02013 RS

Government's supposed lack of facts. Discovery has not yet opened in this matter. Indeed, Local Civil Rule 16-7 prohibits the initiation of discovery prior to the issuance of a case management order in this case. Accordingly, Andrade has not yet received any discovery from the Government corroborating or undercutting his view of the facts and evidence. Moreover, the facts underlying this case have been found to give rise to probable cause for both a seizure warrant and an indictment. These findings of probable cause belie Andrade's claim that there are no facts to support the instant complaint and indicate that, upon receiving discovery, Andrade will more fully understand the evidence underlying the Government's case. The Government has repeatedly informed Andrade's counsel that it will produce evidence responsive to any discovery inquiry it propounds at the time discovery is ordered should this case not be stayed.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated:     July 8, 2020

_____/s/_____
CHRIS KALTSAS
Assistant United States Attorney


_____/s/_____
MANUEL A. MEDRANO
BRIAN J. BECK
Counsel for Claimant Rowland Marcus Andrade


_____/s/_____
SOLMAZ ANDRADE
*Pro Se*


_____/s/_____
PRESTON K. ASCHERIN
Counsel for Claimant Wilmington Savings Fund Society, FSB as Trustee for IRP Fund II Trust 2A

JOINT STATUS REPORT
CV 20-02013 RS