DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRIS KALTSAS (NYBN 5460902)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    Email: chris.kaltsas2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ONE PARCEL OF REAL PROPERTY LOCATED AT 9414 PLAZA POINT DRIVE, MISSOURI CITY, TEXAS, 77459, <br><br> Defendant, <br><br> ROWLAND MARCUS ANDRADE, <br><br> Claimant, <br><br> SOLMAZ ANDRADE, <br><br> Claimant, and <br><br> WILMINGTON SAVINGS FUND SOCIETY, FSB as trustee for IRP FUND II TRUST 2A, <br><br> Claimant. | CIVIL CASE NO. 20-02013-RS <br><br> **GOVERNMENT'S MOTION FOR VOLUNTARY DISMISSAL** <br><br> Date: August 20, 2020 <br> Time: 1:30 p.m. <br> Judge: Hon. Richard Seeborg |

GOVERNMENT'S MOTION FOR VOLUNTARY DISMISSAL
CV 20-02013 RS

1

PLEASE TAKE NOTICE that plaintiff, United States of America, hereby submits a motion to this Court to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41. Please take further notice that this motion will be heard before the Honorable Richard Seeborg, J., on August 20, 2020, at 1:30p.m., or on any other date or time the Court sees fit to hear this motion should the Court not see the instant motion fit for disposition on the papers.

The United States respectfully files the instant motion to voluntarily dismiss the above-captioned action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The United States has obtained permission to file a stipulation for voluntary dismissal from claimant Wilmington Savings Fund Society, FSB, as trustee for IRP Fund II Trust 2A ("Wilmington"). The United States has not been able to obtain permission to file a stipulation from claimants Rowland Marcus Andrade ("Andrade") or his spouse, Solmaz Andrade.

## PROCEDURAL BACKGROUND

The Government filed its complaint against the Defendant Property on March 23, 2020. Dkt. No. 1. Claimant Andrade filed his verified claim on May 11, 2020. Dkt. No. 10. Solmaz Andrade and Wilmington Savings Fund Society filed their claims on May 11, 2020 and May 15, 2020, respectively. Dkt. Nos. 9, 11. Wilmington claims a security interest in the Defendant Property as the beneficiary of record under a Texas Home Equity Security Instrument recorded against the property in the official public records of the Fort Bend County Clerk's Office on October 1, 2019 as instrument number 2019112160. The original nominee beneficiary, Mortgage Electronic Registration Systems, Inc., assigned the security instrument to Wilmington via a Transfer and Assignment recorded on March 25, 2020 as instrument number 2020035040. The validity of Wilmington's security interest is not disputed by the Government, and is not disputed by Rowland Marcus Andrade or Solmaz Andrade, at this time.

Andrade filed a motion to shorten time to initiate discovery or enter a case management order on May 26, 2020, which the Government opposed. Dkt. Nos. 22, 24. The Government filed a motion to stay the instant proceedings, under seal, on May 28, 2020. Dkt. No. 25. Andrade opposed the motion. Dkt. No. 28. Andrade subsequently filed a motion for preservation of evidence and to keep evidence

1  within the custody of the Court on June 10, 2020, which the Government opposed. Dkt. Nos. 31, 32.

2  The pending hearings on the above motions were vacated after a grand jury returned a true bill charging Andrade with wire fraud and money laundering, and after this matter was reassigned to the Honorable Richard Seeborg, J. Dkt. No. 41; see also Case No. 3:20-CR-00249-RS. Shortly thereafter, the Court requested the instant joint status report to evaluate the parties' positions on the pending motions to be addressed, as well as any shifts in the parties' positions on these motions. Dkt. No. 43 at 1. Thereafter, Andrade re-noticed his motion to preserve and protect evidence. Dkt. No. 44. The Government re-noticed its motion to stay pursuant to Title 18, United States Code, Section 981(g). Dkt. No. 46. The Government also noticed its withdrawal of its motion to seal its motion to stay. Dkt. No. 47. Andrade then filed a motion for sanctions and dismissal under Fed. R. Civ. P. 11, which has been noticed for hearing on August 13, 2020. Dkt. No. 48.

Most recently, Claimant Andrade filed a notice that he submitted a petition for a writ of mandamus to the Ninth Circuit. Dkt. No. 50. Therein, Andrade asserts the Ninth Circuit should provide him relief from the Northern District of California Judicial Committee's order reassigning this case to the Honorable Richard Seeborg. The petition for a writ of mandamus is currently pending. Claimants Solmaz Andrade and Wilmington Savings Fund Society have not yet filed any motions in this case.

## ARGUMENT

The Court should grant the United States' motion to voluntarily withdraw the above-captioned complaint without prejudice. Federal Rule of Civil Procedure 41 permits plaintiffs who have filed complaints to voluntarily dismiss them. A plaintiff who voluntarily dismisses a complaint prior to the filing of an answer or a motion for summary judgment may do so by noticing the Court; no motion is required under those circumstances. Fed. R. Civ. P. 41(a)(1)(A). After the filing of an answer, parties to an action may also stipulate to the voluntary dismissal of a complaint. Id. Absent a stipulation by the parties, a plaintiff who has filed a complaint may request dismissal of the complaint "by court order, on terms the court considers proper." Id. The decision to grant or deny such an order "is addressed to the district court's sound discretion." Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir.

GOVERNMENT'S MOTION FOR VOLUNTARY DISMISSAL
CV 20-02013 RS

1996) (quoting Stevedoring Servs. of Am. v. Armilla Int'l, B.V., 889 F.2d 919, 921 (9th Cir. 1989)).

When determining whether to grant a plaintiff's motion to voluntarily dismiss the complaint, "the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Cent. Mont. Rail v. BNSF Ry. Co., 422 F. App'x 636, 638 (9th Cir. 2011) (quoting Westlands, 100 F.3d at 96)). "Plain legal prejudice" generally refers to "the rights and defenses available to a defendant in future litigation." Cronin v. Pac. Gas & Elec. Co., No. 16-cv-03206, 2017 WL 1209938, at *2 (N.D. Cal. Apr. 3, 2017) (quoting Westlands, 100 F.3d at 97). Courts have concluded on several occasions that the term does not refer to instances where, for example, "[a] defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." McCovey v. Astrazeneca Pharms., L.P., No. 06-cr-0681-SC, 2006 WL 2329465, at *1 (N.D. Cal. Aug. 9, 2006) (quoting Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982)). Rather, Courts deny Rule 41 motions when dismissal would infringe upon a defendant's legal substantive rights, such as in cases where the parties have engaged in "extensive discovery" and "intensive preparation for trial," or where "claims to be dismissed are inextricably linked to those which would remain." Id. (quoting Kern Oil Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1390 (9th Cir. 1986)). Those opposing such a motion must make a "significant showing of such factors." Id.

Claimants Andrade and Solmaz Andrade will suffer no plain legal prejudice upon dismissal of the complaint. First, discovery in this case has not yet opened, and no trial date has been set. As noted above, extensive discovery and a looming trial date might, in some circumstances, be sufficient for overcoming the "significant showing" Andrade and his spouse must make to successfully oppose this motion. But without any formal discovery demands or setting of a trial date, Andrade cannot claim plain legal prejudice in that regard. Furthermore, Claimant Andrade will not suffer plain legal prejudice because he will have the opportunity to present "the rights and defenses" arising from the instant forfeiture or related criminal case in the course of criminal litigation, which is pending before this Court. Andrade faces criminal forfeiture allegations in the indictment that encompass the subject property in the civil complaint; thus, to the extent Andrade wishes to raise issues related to forfeiture, evidence collection, or otherwise, he will be able to do so in the criminal case.

GOVERNMENT'S MOTION FOR VOLUNTARY DISMISSAL
CV 20-02013 RS

4

## **CONCLUSION**

The Government respectfully requests that the Court grant its motion to voluntarily dismiss the complaint in the above-captioned matter.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated:        July 17, 2020                                    /s/
CHRIS KALTSAS
Assistant United States Attorney

GOVERNMENT'S MOTION FOR VOLUNTARY DISMISSAL
CV 20-02013 RS

5

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRIS KALTSAS (NYBN 5460902)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    Email: chris.kaltsas2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 20-02013-RS |
|     Plaintiff, | |
| v. | **[PROPOSED] ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| ONE PARCEL OF REAL PROPERTY LOCATED AT 9414 PLAZA POINT DRIVE, MISSOURI CITY, TEXAS, 77459, | |
|     Defendant, | |
| ROWLAND MARCUS ANDRADE, | |
|     Claimant, | |
| SOLMAZ ANDRADE, | |
|     Claimant, and | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB as trustee for IRP FUND II TRUST 2A, | |
|     Claimant. | |

[PROPOSED] ORDER DISMISSING ACTION WITHOUT PREJUDICE
CV 20-02013 RS

1

UPON CONSIDERATION of the Government's motion to voluntarily dismiss this action pursuant to Federal Rule of Procedure 41(a)(2), as well as the entire record, it is hereby ORDERED that the instant complaint seeking civil forfeiture of One Parcel of Real Property Located at 9414 Plaza Point Drive, Missouri City, Texas, 77459, is DISMISSED WITHOUT PREJUDICE.

Dated: July ___, 2020

_____
HONORABLE RICHARD SEEBORG
United States District Judge

[PROPOSED] ORDER DISMISSING ACTION WITHOUT PREJUDICE
CV 20-02013 RS

2