UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE PARCEL OF REAL PROPETRY LOCATED AT 9414 PLAZA POINT DRIVE, MISSOURI CITY, TEXAS, 77459,<br><br>Defendant. | Case No. 20-cv-02013-RS<br><br>**ORDER STAYING CASE AND DENYING MOTION TO PRESERVE EVIDENCE** |

## I. INTRODUCTION

The government moves to stay this civil judicial forfeiture action pursuant to 18 U.S.C. § 981(g) while the companion criminal case, *United States v. Andrade*, 20-cr-00249-RS (N.D. Cal. filed June 22, 2020) proceeds.[1] Claimant Rowland Marcus Andrade ("Andrade") opposes a stay and instead moves accelerate the case to enable civil discovery to commence as soon as possible. Andrade also moves for an order compelling the government to preserve evidence.[2] These matters

---

[1] After the return of the criminal indictment against Andrade, this civil forfeiture matter and a criminal case proceeding against Andrade's associate, Jack Abramoff, were both reassigned to the undersigned, by order of the Executive Committee. On July 10, 2020, claimant Andrade filed with the Ninth Circuit a Writ of Mandamus to undo this reassignment, which remains pending.

[2] Andrade has also filed a motion for sanctions. *See* Dkt. 48. That motion has not been fully briefed and will not be addressed here. In light of the stay imposed herein, however, the sanctions motion is denied without prejudice and the hearing scheduled for August 13, 2020 is vacated. Once the stay is lifted, should Andrade still wish to pursue sanctions, he should renew his request, and the parties will be instructed to complete briefing on that matter.

are suitable for disposition without oral argument, pursuant to Civil Local Rule 7-1(b), and the hearings scheduled for July 23, 2020 are vacated. For the reasons contained herein, the motion to stay is granted, the motion to shorten time denied, and the motion for a preservation order is denied.[3]

## II. BACKGROUND

On March 23, 2020, the government filed this civil forfeiture action to seize the property located at 9414 Plaza Point Drive in Missouri City, Texas, pursuant to 18 U.S.C. § 981. The government contends the property was purchased with proceeds traceable to wire fraud by Andrade, the purported owner of the property. According to the government, Andrade defrauded investors in his AML BitCoin project by making false claims about the development and capabilities of this new cryptocurrency token.

On May 11, 2020, Andrade and his wife, Solmaz Andrade, both submitted verified claims on the defendant property. Four days later, Wilmington Savings Fund Society claimed a security interest as the beneficiary of record under the mortgage.[4] Later that same month, Andrade answered the complaint, alleging he was set up by his former associate, Jack Abramoff, and that he did not engage in fraud of any kind. Solmaz also filed an answer.

On May 26, 2020, Andrade moved to shorten time until the case management conference, which generally marks the commencement of civil discovery. He argues discovery should begin as soon as possible, given his family's home is at risk amid a global pandemic. He expresses his desire to resolve this matter as soon as possible.

---

[3] Shortly before this Order was to issue, the government moved to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41. *See* Dkt. 51. The government represents that Andrade intends to oppose the motion. While this Order imposes a stay, the Court will nonetheless entertain the motion for voluntary dismissal, in light of its potential to dispose of the case entirely. Accordingly, should he so choose, Andrade shall file an opposition to the motion for voluntary dismissal by July 31, 2020. The government, in turn, may file a reply by August 7, 2020. The motion will then be taken under submission pursuant to Civil Local Rule 7-1(b), and the hearing noticed for August 20, 2020 is vacated.

[4] Neither the government nor the Andrade claimants dispute Wilmington Savings Fund Society's security interest.

Approximately two weeks later, Andrade filed a motion for an order compelling the government to preserve evidence. Andrade claims, and the government does not deny, that his computer was damaged while out of his possession. Andrade further alleges that audio files of phone conversations were deleted from the hard drive. The government denies that it destroyed any files and avers the superficial damage occurred in transit.

On June 22, 2020, a federal grand jury returned an indictment against Andrade for wire fraud and money laundering relating to the same AML BitCoin project. In the indictment, the government also seeks criminal forfeiture of this same property. Following reassignment to the undersigned, the government renoticed its motion to stay, and Andrade renoticed his motion for a preservation order.

### III.  DISCUSSION

**A.  Motion to Stay**

The government seeks a stay pursuant to 18 U.S.C. § 981(g), which provides, in relevant part:

> (g) (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if it determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
>
> (2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to the claimant if the court determines that—(A) the claimant is the subject of a related criminal investigation or case; (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) the continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.
>
> (3) . . . [T]he court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case. In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.
>
> (4) In this subsection, the terms "related criminal case and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings,

without requiring an identity with respect to any one or more factors.

This statute was enacted as part of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), and is intended to provide both the government and claimants protection of their rights in forfeiture proceedings. *United States v. Various Vehicles, Funds, & Real Properties Described in Attachment A*, No. CA 2:11-1528-DCN-KDW, 2012 WL 4050829, at *1–2 (D.S.C. Sept. 13, 2012).

In light of the criminal indictment returned against Andrade, which in part seeks forfeiture of the same property, there is good reason to stay this civil action pending resolution of the criminal case. Andrade asserts, and the Court has no reason to doubt, that this civil forfeiture action has caused him and his family great distress, given the importance of a home amid the ongoing pandemic. However, in light of the indictment, plowing ahead in this civil case would achieve little, as the criminal case will keep Andrade's home in jeopardy, regardless.

Moreover, a protective order in lieu of a stay pursuant to § 981(g)(3) would not adequately protect the government's interests here. As exemplified by Andrade's proposed discovery requests—which consist of 319 requests for production, 146 requests for admission, and 25 interrogatories (*see* Dkt. 22-4 at 2–90)—the government would face a significant burden trying to conduct this robust civil discovery while also prosecuting its criminal case. Admittedly, the government's decision to bring this civil action months before the criminal indictment has unnecessarily complicated matters, but this was not the government's original plan. Rather, it appears the government intended to file the actions in quick succession, but the pandemic foiled those best laid plans. Regardless, because allowing this civil case to go forward would "adversely affect the ability of the Government to conduct [the] related . . . prosecution," the case must be stayed. 18 U.S.C. § 981(g)(1).[5]

**B. Preservation Order**

---

[5] In light of the stay, the case management conference set for July 30, 2020 will not take place, and Andrade's motion to shorten time or enter a case management order (Dkt. 22) is denied.

Andrade also seeks a court order requiring the government to preserve and deliver to the Court for safekeeping all evidence relating to this forfeiture action. However, in civil disputes, all parties are already under a general duty "to preserve evidence that they know is relevant or reasonably could lead to the discovery of admissible evidence." *Young v. Facebook, Inc.*, No. 5:10-cv-03579-JF, 2010 WL 3564847 (N.D. Cal. Sept. 13, 2020) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006)); *see also* Fed. R. Civ. P. 37(e). "This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." *Young*, 2010 WL 3564847 at *1. "Before additional measures to preserve evidence are implemented, there must be some showing that there is reason for the court to be concerned that potentially relevant evidence is not being preserved and that the opposing party may be harmed as a result." *Id.* (citing *Jardin v. Datallegro, Inc.*, No. 08-cv-1462, 2008 WL 4104473 at *1, *2, 2008 WL 4104473 (S.D.Cal. Sept. 3, 2008). In considering such a motion, courts in this circuit have adopted a balancing test and weighed:

> 1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved.

*Jacobs v. Scribner*, No. 06-cv-1280, 2007 WL 1994235 at *1 (E.D. Cal. July 5, 2007) (*citing Daniel v. Coleman Co., Inc.*, No. 06-cv-5706, 2007 WL 1463102 at *2 (W.D. Wash. May 17, 2007); *see also Stanley v. Ayers*, No. 07-cv-04727-EMC, 2018 WL 4488298, at *2 (N.D. Cal. Mar. 26, 2020) (citing cases).

Under the balancing test above, Andrade has failed to show a preservation order is warranted. While it is certainly unfortunate that his computer was damaged while in the government's possession, the government submitted declarations establishing this damage likely occurred in transit and not at the hands of executing officers. *See, e.g.*, Ex. B, Decl. of Special Agent Kelli Hodges, Dkt. 35-2, ¶ 4 ("At not time during the search did I or, to my knowledge, any other law enforcement officer conducting the search with me, physically damage any property

belonging to Claimant."). Moreover, the damage to Andrade's laptop was merely superficial; the hard drive was not affected.

Far more important than the cracked computer screen are Andrade's allegations that the government deleted exculpatory audio files from Andrade's computer. Yet Andrade fails to substantiate these serious allegations, which the government denies. In fact, the affidavit from Terry Landry, a certified computer forensic examiner, which Andrade submitted along with his motion, undercuts the allegations of spoliation. Landry does not establish any files were deleted; rather, he concludes that "the computer was booted on November 09, 2018 at approximately 11:06 AM PST. There are no other records of activity on this date other than the modification of the logs and system files commonly updated during the Windows boot process." Ex. C, Landry Affidavit, Dkt. 31-4, ¶ 8. While Landry does explain that there were no audio files on the hard drive, he also does not conclude there were any prior to the government taking temporary possession of the laptop. *Id.* ¶ 9.

In short, while a smashed computer screen is troubling, this alone cannot justify a preservation order. Andrade has failed to rebut the government's benign explanation that this superficial damage occurred in transit and was not part of a conspiracy to destroy exculpatory evidence. *See Echostar Satellite*, No. 07-cv-06124, 2009 WL 8399038, *2 (N.D. Cal. Jan. 22, 2009) ("Plaintiffs have not responded with a showing that, despite Defendant's contention to the contrary, such evidence spoliation is, in fact, occurring."). Because the allegations of destruction of evidence were found not credible, all three factors point against entering a preservation order. Accordingly, no preservation order will issue.

## IV.  CONCLUSION

Based on the foregoing, Andrade's motion for a preservation order is denied, as is the motion to shorten time. The action is hereby stayed for 90 days, subject to renewal. The parties shall file a joint status report addressing whether an extension of the stay is warranted at least one week before the initial stay is set to expire. Moreover, despite the stay, the parties shall nonetheless complete briefing on the recently filed motion for voluntary dismissal. That matter

will be decided on the papers once fully briefed.

**IT IS SO ORDERED**.

Dated:  July 17, 2020

_____
RICHARD SEEBORG
United States District Judge