MANUEL A. MEDRANO (SBN 102802)
 mmedrano@zuberlawler.com
**ZUBER LAWLER & DEL DUCA LLP**
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

BRIAN J. BECK (*pro hac vice*, IL BN 6310979)
 bbeck@zuberlawler.com
**ZUBER LAWLER & DEL DUCA LLP**
135 S. LaSalle St., Suite 4250
Chicago, Illinois 60603
Telephone: (312) 346-1100
Facsimile: (213) 596-5621

*Attorneys for Claimant
Rowland Marcus Andrade*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE PARCEL OF REAL PROPERTY LOCATED AT 9414 PLAZA POINT DRIVE, MISSOURI CITY, TEXAS 77459,<br><br>Defendant. | Case No. 3:20-cv-2013-RS<br><br>**RESPONSE OF CLAIMANT ROWLAND MARCUS ANDRADE TO PLAINTIFF UNITED STATES' MOTION FOR VOLUNTARY DISMISSAL**<br><br>Judge:   Hon. Richard Seeborg<br><br>Trial Date:   None Set<br><br>Hearing Date: None (per Dkt. No. 52) |
| ROWLAND MARCUS ANDRADE,<br><br>Claimant. | |
| SOLMAZ ANDRADE,<br><br>Claimant. | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB as trustee for IRP FUND II TRUST 2A,<br><br>Claimant. | |

**INTRODUCTION**

Claimant Andrade agrees that the Complaint should be dismissed, but only after the Court decides Claimant Andrade's Rule 11 motion, and only with prejudice and with an award of attorney's fees and costs for defending this civil forfeiture action.

Facing a compelling motion for Rule 11 sanctions demanding that the government explain the factual basis for its complaint, the government decided to abandon this case rather than provide that simple explanation. For largely the same reasons explained in Claimant Andrade's Motion for Leave to File a Motion for Partial Reconsideration (Dkt. No. 54), the government should be required to answer and defeat Andrade's Rule 11 motion before being permitted to dismiss this civil forfeiture case. Binding Supreme Court precedent does not allow a party to evade Rule 11 sanctions through a voluntary dismissal under Rule 41.

A voluntary dismissal without prejudice would also cause Andrade to suffer clear legal prejudice by denying his right to seek attorney's fees and costs under the Civil Asset Reform Forfeiture Act, 28 U.S.C. § 2465(b). The Ninth Circuit has vacated and remanded a voluntary dismissal without prejudice of a civil forfeiture action for that exact reason, albeit in a non-precedential decision. Any dismissal must therefore be with prejudice, permitting Andrade to seek fees and costs under the statute.

Whether or not the complaint is dismissed with prejudice, the Court should also order the government to pay Andrade's attorney fees and costs incurred in defending this case. If the complaint is dismissed with prejudice, and possibly even if it is not, that award is required by statute. The government's concession through its motion for dismissal means that Andrade has substantially prevailed in this case, and so is entitled to reasonable attorney fees and costs under 28 U.S.C. § 2465(b). That award should also be ordered as a term of dismissal, even if dismissal is without prejudice, under Rule 41(a)(2) applying the principles of Rule 41(d). The government has already filed an action based on and including the same claim against the same defendant (if we ignore the legal fiction that the defendant in this case is Andrade's residence rather than Andrade himself): the related criminal case pending in this Court under case number 3:20-cr-249. The government should not be allowed to evade the purpose of Rule 41(d) because the action that the

government has filed seeking the exact same relief (forfeiture of the defendant property) based on the exact same allegations (that Claimant Andrade committed wire fraud and money laundering) is criminal rather than civil.

## ISSUES TO BE DECIDED

1. Should the government be permitted to dismiss its complaint without responding to Andrade's Rule 11 motion?

2. Should dismissal of the complaint be with or without prejudice?

3. Should dismissal of the complaint be conditioned on payment of Andrade's attorney's fees and costs incurred in defending this lawsuit?

## STATEMENT OF FACTS

The government filed its complaint in this case, seeking forfeiture of Claimant Andrade's residence in Missouri City, Texas, on March 23, 2020. Dkt. No. 1. The Complaint alleges that Andrade and/or his associate "J.D." committed wire fraud by making fraudulent statements to induce an individual identified as "VICTIM ONE" to purchase AML Bitcoin Tokens, a cryptocurrency Andrade's company NAC began selling in October 2017. Dkt. No. 1 at ¶¶ 8-11. The complaint further alleged that the defendant residence was purchased with proceeds from the alleged wire fraud, and/or that the residence was involved in a money laundering transaction. Dkt. No. 1 at ¶¶ 12-15, 24.

Andrade filed a timely verified claim (Dkt. No. 10), and then filed a detailed answer to the complaint on May 18, 2020. Dkt. No. 18. The answer substantially denied all the government's allegations of wrongdoing. In particular, the answer denied the government's key allegation that Andrade had not developed the AML Bitcoin technology by pointing out that NAC began public beta testing of AML Bitcoin in November 2019, and released its full-featured product in April 2020. Dkt. No. 18 at ¶¶ 20, 32. The answer also attached documents showing that Andrade had offered VICTIM ONE a full refund in January 2019, as soon as he had discovered the possibility that J.D., on behalf of his own company Block Bits Capital, had misrepresented facts about AML Bitcoin to VICTIM ONE. Dkt. No. 18 at ¶¶ 21-24, 27-28, Exs. G and O.

1    Andrade then filed several motions, and opposed the government's motion to stay, seeking to discover the factual basis for the government's claims in view of the documentary evidence presented in the answer. These filings included a motion to shorten time in order to proceed with discovery (Dkt. No. 22) and an opposition to the government's motion to stay (Dkt. No. 28). At the same time, the government began a criminal case against Andrade on substantially the same allegations as those made in the civil forfeiture complaint through an indictment filed on June 22, 2020. *United States v. Andrade*, No. 3:20-cr-249-RS, Dkt. No. 1 (N.D. Cal. June 22, 2020) (unsealed June 25, 2020).

Andrade also served, on June 13, 2020, a motion for Rule 11 sanctions. Dkt. No. 48-34. Shortly before the three-week safe-harbor period of Rule 11 expired, on July 1, 2020, Andrade's counsel asked the government if it intended to either produce evidence to support the complaint or to withdraw the complaint before Andrade filed the motion. Dkt. No. 48-35. The government's counsel responded that same day that it "has no intention of withdrawing a complaint based on a case that was already found to have probable cause by a judge for a seizure warrant, and a jury for an indictment." *Id.*

Andrade therefore filed his motion for Rule 11 sanctions on July 8, 2020, supported by extensive documentary evidence demonstrating that the government lacked any evidentiary basis for its claims of wire fraud and money laundering. Dkt. No. 48. A mere two days later—after having stated nine days earlier that the government would not dismiss the civil forfeiture case— AUSA Chris Kaltsas emailed Andrade's counsel to request whether Andrade would agree to a stipulation of dismissal under Rule 41(a)(1)(A)(ii). Declaration of Brian J. Beck in Response to Plaintiff's Motion for Voluntary Dismissal ("Beck Decl."), Ex. 1. Andrade's counsel discussed with government counsel the proposal by telephone on July 14, 2020, and explained that Andrade would not agree to a voluntary dismissal of the complaint unless it was with prejudice and included a stipulation that the government would not seek forfeiture of Andrade's residence through the parallel criminal case. Rather than agree to such a stipulation, the government filed the present motion on July 17, 2020. Dkt. No. 51.

Later that day, on July 17, 2020, the Court granted the government's motion to stay, denied Andrade's Rule 11 motion without prejudice as mooted by the stay, but ordered that it would entertain the government's motion for voluntary dismissal and ordered Andrade to respond by July 31, 2020. Dkt. No. 52. Andrade moved for leave to file a motion for partial reconsideration of that order on July 29, 2020, seeking reconsideration of the order staying the case and of the denial of Andrade's Rule 11 motion based on later-acquired evidence regarding the government's declaration and on Supreme Court precedent unaddressed by the Court. Dkt. No. 54.

## ARGUMENT

Andrade does not oppose dismissal of this case, but does oppose an unconditional dismissal of this case without prejudice. Because Andrade has filed an answer in this case, voluntary dismissal under Rule 41(a) is only permitted "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In determining whether to grant a plaintiff's motion to voluntarily dismiss the complaint, the district court must determine whether the defendant (or here, claimant) will "suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dis. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

For the reasons set forth below, Andrade requests that dismissal be conditioned on the following terms: (1) the dismissal should be delayed until after Andrade's Rule 11 motion is decided on the merits; (2) the dismissal should be with prejudice; and (3) the dismissal should be conditioned on the government's payment of Andrade's reasonable attorney's fees and costs incurred in defending against this lawsuit.

**A.   Any dismissal should not be granted until after Andrade's Rule 11 motion has been fully briefed and decided.**

As Andrade explained in his motion for leave to file a motion for partial reconsideration of the July 17 Order, the Court's decision to deny Andrade's Rule 11 motion without prejudice as mooted by the stay and this motion for voluntary dismissal was in error. Dkt. No. 54 at 13. The Supreme Court has held that a motion for voluntary dismissal under Rule 41 does not expunge or moot a violation of Rule 11. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). If the government violated Rule 11 by filing a civil forfeiture complaint without having conducted a

reasonable pre-suit investigation demonstrating that the complaint's factual contentions had evidentiary support, this motion did not expunge the government's violation.

Whether or not the Court grants Andrade's motion for reconsideration, a dismissal of this case prior to resolution of Andrade's Rule 11 motion will cause Andrade to suffer the plain legal prejudice of being unable to seek sanctions for the government's misconduct. As the government notes in its motion, "'Plain legal prejudice' generally refers to 'the rights and defenses available to a defendant in future litigation.'" Dkt. No. 51 at 4 (quoting *Cronin v. Pac. Gas & Elec. Co.*, No. 16-cv-3206, 2017 WL 1209938, at *2 (N.D. Cal. Apr. 3, 2017)). Andrade's right to seek sanctions for the government's filing of its civil forfeiture complaint will not be available in a future litigation. Dismissal of this civil forfeiture complaint without a resolution of Andrade's Rule 11 motion on the merits would thus cause Andrade to suffer legal prejudice.

The first condition the Court should impose, then, is that the Court should delay any dismissal until Andrade's Rule 11 motion has been resolved on the merits. If the government can demonstrate that it had an evidentiary basis for its complaint, then the issue will have been resolved and there will be no pending dispute in this case to preclude dismissal. But Andrade contends, through a properly supported and legally valid motion, that the government could not have an evidentiary basis for the factual allegations of the complaint. Dkt. No. 48 at 15-23. A grant of voluntary dismissal without resolution of Andrade's Rule 11 motion would prevent any further inquiry into the government's basis for its complaint, causing Andrade to suffer the clear legal prejudice of being unable to pursue relief for the government's violation of Rule 11, and so should not be permitted.

B.   **Dismissal of the civil forfeiture complaint should be with prejudice.**

Dismissal of the civil forfeiture complaint without prejudice would preclude Andrade from obtaining prevailing party status, and so would cause Andrade to suffer plain legal prejudice. The Ninth Circuit has addressed this exact issue in an unpublished decision in *United States v. Ito*, 472 Appx. 841 (9th Cir. 2012). In *Ito*, the district court granted the government's dismissal without prejudice of a civil forfeiture action, and the claimants appealed. *Id.* at 842. Applying its own precedent, the appellate court explained that dismissal without prejudice precludes prevailing party

status, and so prevented the claimants from seeking attorney's fees under the Civil Asset Forfeiture Reform Act, 28 U.S.C. § 2465(b)(1). *Id.* As a result, "[t]he Itos suffered plain legal prejudice in losing their ability to move for attorney's fees." *Id.* The Ninth Circuit accordingly vacated the district court's order and remanded with instructions to dismiss with prejudice. *Id.*

This case is in exactly the same position as *Ito*, and so the district court should not permit dismissal without prejudice. Andrade has a right under the Civil Asset Forfeiture Reform Act to seek attorney's fees if he substantially prevails. A voluntary dismissal without prejudice would deny Andrade that right, and he could not recover that right in any future lawsuit. The district court should therefore only permit the government to dismiss the civil forfeiture complaint on the condition that dismissal be with prejudice.

Separately, in determining whether a Rule 41(a)(2) dismissal should be with or without prejudice where there is not a question of clear legal prejudice, this Court has applied the following three factors: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443-44 (N.D. Cal. 1993) (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)). The Court should also "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986).

Here, the third factor—the government's insufficient explanation of the need to take a dismissal, especially in view of Andrade's Rule 11 motion—dominates the other two factors. In *Burnette*, the court noted that the defendant should not have incurred significant expense in responding to the plaintiff's frivolous claim, and that the trial had not yet started. 828 F. Supp. at 1444. But because the plaintiff's attorney admitted that a frivolous cause of action was added without diligent research, the court dismissed the cause of action with prejudice. *Id.*

The same analysis as in *Burnette* should apply here. The government offers no explanation whatsoever for why it now seeks a voluntary dismissal. Dkt. No. 51. The most plausible explanation for the government's decision to seek voluntary dismissal is that it seeks to avoid

having to defend against Andrade's Rule 11 motion. The government told Andrade's counsel that it had no intention of dismissing the complaint on July 1. Dkt. No. 48-35. Seven days later, Andrade filed his Rule 11 motion. Two days after that, the government contacted Andrade's counsel and requested consent to dismiss the complaint. Beck Decl., Ex. 1. The only event in between July 1 and July 10 that would have caused the government to reverse course was Andrade's filing of his Rule 11 motion. If the government cannot explain why it suddenly reversed course and now seeks voluntary dismissal, it should not be permitted to seek forfeiture of Andrade's property through a second case.

### C.  In either case, dismissal of the complaint should be conditioned on the government's payment of Andrade's reasonable attorney's fees and costs.

Any dismissal the government seeks, whether with or without prejudice, should be conditioned on payment of Andrade's reasonable attorney's fees and costs. There are two bases for this condition: (1) Andrade will have substantially prevailed in this civil forfeiture action and so is owed reasonable attorney fees and costs under 28 U.S.C. § 2465(b)(1)(A); and (2) the government has already filed an action based on the same claim seeking the same relief against the same defendant in the pending criminal case against Andrade, and so the Court should order the government to pay the costs of this action under Fed. R. Civ. P. 41(d)(1).

#### 1.  Andrade has substantially prevailed and is entitled to attorney's fees and costs under 28 U.S.C. § 2465(b)(1)(A).

"[I]n any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for [] reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1)(A). There is no binding precedent in this Circuit regarding whether a claimant has substantially prevailed where the government voluntarily dismisses a civil forfeiture complaint. However, Supreme Court precedent (decided after *Ito*'s holding that dismissal without prejudice precludes prevailing party status) interpreting other prevailing party fee-shifting statutes indicate that at least in this case, Andrade should be considered a substantially prevailing party.

In *CRST Van Expedited, Inc. v. E.E.O.C.*, the Supreme Court considered whether a defendant can prevail for the purpose of a fee-shifting motion without a decision on the merits, and determined that it could. 136 S. Ct. 1642, 1651 (2016). As the Court explained, a plaintiff and a defendant have different objectives: "A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor. . . . The defendant has … fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *Id.* And while that case concerned the prevailing party provision in the Civil Rights Act, the Court noted that "Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner." *Id.* at 1646. A defendant—or in the civil forfeiture context, a claimant, who has the same objective as a defendant except that the legal fiction of forfeiture requires naming the property to be seized as a defendant—prevails by achieving dismissal of the complaint.

The government's motion for voluntary dismissal thus indicates that Andrade has substantially prevailed, and is entitled to reasonable attorney's fees. If the Court imposes dismissal with prejudice, Andrade will have clearly prevailed; the government will not be allowed to bring another forfeiture claim against his residence based on the facts alleged in this complaint. But even if the Court only grants a dismissal without prejudice, Andrade will still have achieved his objective: dismissal of the complaint and a return to the status quo ante. A material alteration of the legal relationship of the parties has occurred: the government will now only be able to obtain forfeiture of Andrade's property if it meets the heightened burden of proving Andrade's guilt beyond a reasonable doubt in the criminal case. Or, if the government attempts to re-file a civil forfeiture case, it will be expected to pay Andrade's costs incurred in defending this action first. Fed. R. Civ. P. 41(d). The government has lost; by dismissing this complaint, it is giving up its power to seek forfeiture under a civil burden of proof, without fulfilling the additional conditions of Rule 41(d). Under Section 2465(b)(1)(A), Andrade has substantially prevailed and is entitled to reasonable attorney fees.

2. **The Court should, separately, condition dismissal on payment of Andrade's reasonable attorney's fees and costs under Rules 41(a)(2) and 41(d).**

Federal Rule of Civil Procedure 41(d) allows a court to order a plaintiff to pay all or part of the costs of a previous action if the plaintiff voluntarily dismisses an action under Rule 41 and then files "an action based on or including the same claim against the same defendant." The purpose of Rule 41(d) is to "act as a 'deterrent to forum shopping and vexatious litigation,' and to 'protect defendants from the harassment of repeated lawsuits.'" *Senah, Inc. v. Xi'an Forstar S&T Co., Ltd.*, No. 13-cv-4254, 2014 WL 3058292, at *1 (N.D. Cal. July 3, 2014) (citations omitted).

The government's voluntary dismissal of this civil forfeiture is a form of forum-shopping to be deterred by Rule 41(d) because the government has already filed a second action based on the same claim against the same defendant—its pending criminal case against Andrade. The government admits this in its motion for voluntary dismissal, arguing that "Andrade faces criminal forfeiture allegations in the indictment that encompass the subject property in the civil complaint; thus, to the extent Andrade wishes to raise issues related to forfeiture, evidence collection, or otherwise, he will be able to do so in the criminal case. Dkt. No. 51 at 4. Indeed, Andrade can address issues going to the merits of forfeiture or evidence collection in the criminal case, but he will not have the ability to recover the attorney's fees and expenses wasted defending a civil forfeiture complaint that the government should never have brought. To the extent Rule 41(d) may not technically apply because the unique nature of civil forfeiture law allowed the government to bring the second action as a criminal case rather than a civil case, and to do so before the civil case was dismissed, the Court should impose payment of attorney's fees and costs as a condition of dismissal under Rule 41(a)(2). The rule of law requires the government as a party to be held to the same standards and limitations as any other party. If the Court would not permit another party to dismiss a complaint and then seek identical relief in a second suit without paying costs, it should not permit the government to do so.

The Court should impose this equitable condition especially because the timeline of the government's filing indicates that the civil forfeiture claim was filed to harass Andrade. As explained in Andrade's motion for leave to file a motion for partial reconsideration, the

government misled the Court into believing it filed the civil forfeiture complaint to prevent imminent liquidation of Andrade's assets. Dkt. No. 54 at 11. The government then misled the Court into believing it intended to indict Andrade immediately after filing its civil forfeiture complaint, when in fact the government already knew the COVID-19 pandemic had suspended grand jury proceedings for at least a month when it filed the civil complaint. Dkt. No. 54 at 11-12. Now the government seeks to voluntarily dismiss its civil forfeiture complaint, yet it had no legitimate reason to file that complaint separately from its criminal indictment. Any dismissal of the civil forfeiture complaint should therefore be conditioned on the government's payment of Andrade's reasonable attorney's fees and costs incurred for work in defending this action.

## **CONCLUSION**

The government, after pursuing this civil forfeiture case for months and insisting that its claims had merit, now seeks voluntary dismissal without prejudice. It requested dismissal without prejudice a mere two days after Andrade filed a compelling motion seeking sanctions under Rule 11 for the government's filing of a complaint unsupported by evidence. But Supreme Court precedent requires that the government not be able to evade a Rule 11 motion through voluntary dismissal. Ninth Circuit precedent, albeit unpublished, prevents the government from obtaining voluntary dismissal without prejudice over a claimant's objections in civil forfeiture cases because it would deny the claimant's right to a fee award under the Civil Asset Forfeiture Reform Act. And subsequent Supreme Court precedent as well as the principles of the Federal Rules of Civil Procedure suggest that the government should not be able to obtain dismissal of this civil forfeiture case without first paying Andrade's reasonable attorney's fees and costs incurred in defending it.

For the foregoing reasons, Claimant Andrade therefore respectfully requests that the Court deny the government's motion for voluntary dismissal without prejudice, and instead dismiss the complaint only on condition that: (1) the parties complete briefing on and the court decides Andrade's Rule 11 motion; (2) the dismissal be with prejudice; and (3) the government be required to pay Andrade's reasonable attorney's fees and costs.

| | | |
|---|---|---|
| Dated: July 31, 2020 | | Respectfully submitted, |

By:      */s/ Manuel A. Medrano*

MANUEL A. MEDRANO (SBN 102802)
*mmedrano@zuberlawler.com*
**ZUBER LAWLER & DEL DUCA LLP**
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

BRIAN J. BECK (*pro hac vice*, IL BN 6310979)
*bbeck@zuberlawler.com*
**ZUBER LAWLER & DEL DUCA LLP**
135 S. LaSalle St., Suite 4250
Chicago, Illinois 60603
Telephone: (312) 346-1100
Facsimile: (213) 596-5621

*Attorneys for Claimant*
*Rowland Marcus Andrade*