UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE PARCEL OF REAL PROPETRY LOCATED AT 9414 PLAZA POINT DRIVE, MISSOURI CITY, TEXAS, 77459,<br><br>Defendant. | Case No. 20-cv-02013-RS<br><br>**ORDER DENYING MOTION FOR VOLUNTARY DISMISSAL AND EXTENDING STAY OF THE CASE** |

On July 17, 2020 the Government voluntarily moved to dismiss this matter without prejudice; subsequently, an order was issued by this Court granting the Government's prior motion to stay the case.

There is some dispute among the parties as to whether dismissal without prejudice would potentially impact claimant Rowland Marcus Andrade's prospective ability to seek attorney fees and litigation expenses under 28 § 2465(b)(1)(A). As it is not presently necessary to reach this issue, the Government's motion for voluntary dismissal is denied without prejudice. Moreover, the 90-day stay previously issued in this action is extended to the conclusion of Andrade's related criminal proceeding.[1]

---

[1] The previously-issued order staying the case ("the Stay Order") also denied without prejudice Andrade's Rule 11 motion for sanctions. *See* Dkt. 52 at 1 n.2. In addition to opposing the instant motion, Andrade has requested leave to move for reconsideration of the Stay Order, theorizing that the Court (i) relied on a factual basis that has since been called into question, and (ii) misapplied governing Rule 11 precedent, thereby "shielding the government's litigation misconduct." *See*

**IT IS SO ORDERED**.

Dated: August 20, 2020

_____
RICHARD SEEBORG
United States District Judge

---

Dkt. 54 at 8, 13. He is mistaken on both fronts. First, the Stay Order relied on the undisturbed premise that moving forward with the civil matter would "adversely affect" the Government's ability to prosecute Andrade's criminal case. *See* Dkt. 52 at 4. Second, the Supreme Court has, in the very case on which Andrade (curiously) depends, been quite clear that a court's power to entertain Rule 11 motions extends from an action's outset to "after the principal suit has been terminated." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396 (1990). The Stay Order's denial without prejudice of Andrade's Rule 11 motion—rendered alongside an acknowledgement of his right to "renew his request" following the stay—changed the timing of Andrade's motion, not his substantive capacity to bring it. Dkt. 52 at 1 n.2. Any argument to the contrary is patently incorrect. Andrade's request for leave to move for reconsideration is accordingly denied.

<< SHORT ORDER TITLE >>
CASE NO. 20-cv-02013-RS

2